ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VMWARE, INC., et al., <br><br> Defendants. | Case No. 5:20-cv-02182-EJD <br><br> CLASS ACTION <br><br> MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL <br><br> DATE:  July 23, 2020 <br> TIME:  9:00 a.m. <br> CTRM:  4, 5th Floor <br> JUDGE:  Hon. Edward J. Davila |

4814-2826-1312.v1

## I.    INTRODUCTION

Two movants filed motions seeking appointment as lead plaintiff and approval of selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Northeast Carpenters Pension Fund (the "Pension Fund"); and (2) Gang Chen ("Mr. Chen"). *See* ECF Nos. 17, 23.  On June 15, 2020, Mr. Chen filed a notice of non-opposition to the Pension Fund's motion.  *See* ECF No. 33.  Accordingly, the Pension Fund's motion is unopposed.

Pursuant to the PSLRA, the Court must appoint as lead plaintiff the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii).  In making this determination, the PSLRA instructs courts to adopt a presumption that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Here, with losses of over $1.5  million during the Class Period, the Pension Fund clearly has the largest financial interest in the relief sought by the class, no matter how the Court determines the movants' financial interests.  Indeed, the Pension Fund's losses are three times greater than Mr. Chen's losses.  *See* ECF No. 18-3 (Pension Fund's loss chart reflecting losses of $1,576,944.03); ECF No. 24-1 (Mr. Chen's loss chart reflecting losses of $453,804).

In addition to having the largest financial interest in this litigation, the Pension Fund also satisfies the Rule 23 requirements.  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  In the lead plaintiff selection process, courts have limited their inquiries to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification.  At this stage, the lead plaintiff movant must make a *prima facie* showing that the adequacy and typicality requirements under Rule 23 have been met.  *Kim v. Advanced Micro Devices, Inc.*, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) (Davila, J.) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23.").

The Pension Fund made a *prima facie* showing of typicality and adequacy under Rule 23. *See* ECF No. 17 at 4-7.  The Pension Fund's claims are "typical" of the claims of the proposed class because, *inter alia*, its claims arise from the same course of conduct by defendants that gives rise to the initial plaintiff and other class members' claims and are based on the same legal theories.  *Id*. at 5-6.  The Pension Fund is adequate because, *inter alia*, it is a sophisticated institutional investor and experienced fiduciary that is aware of its duties as lead plaintiff and class representative under the PSLRA and Rule 23, respectively, and is prepared to diligently discharge those duties.  *See id*. at 5.  Furthermore, the Pension Fund does not have any interests that are antagonistic to the other class members.  *Id.*  Finally, the  Pension Fund has retained qualified counsel with considerable experience in prosecuting federal securities class actions.  *Id*. at 5-7.  Consequently, the Pension Fund satisfies the Rule 23 requirements at this stage.  *See Kim*, 2018 WL 2866666, at *2.

According to the PSLRA, the presumptive lead plaintiff, in this case the Pension Fund, "shall" be appointed unless Mr. Chen submits proof that the Pension Fund will not satisfy the typicality and adequacy requirements of Rule 23(a).  *Cavanaugh*, 306 F.3d at 729 n.2.  Significantly, Mr. Chen does not oppose the Pension Fund's motion.  *See* ECF No. 33.[1]

Lastly, the PSLRA vests authority in the court-appointed lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff . . . the power to select a lawyer for the class").  The Pension Fund respectfully requests the Court approve its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the class.  Robbins Geller is very experienced in federal securities class actions and is well-equipped to represent the class in this litigation.  *See* ECF No. 17 at 6-7.

It is axiomatic that the investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption.  Here, as Mr. Chen

---

[1]    Because Mr. Chen does not have the largest financial interest in the relief sought by the class, his motion should be denied.  *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

implicitly acknowledged, that investor is the Pension Fund.  The Pension Fund respectfully requests that its unopposed motion (ECF No. 17) be granted and that Mr. Chen's motion (ECF No. 23) be denied.

DATED:  June 15, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT


                              s/ Danielle S. Myers
                           DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 15, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4814-2826-1312.v1

# Mailing Information for a Case 5:20-cv-02182-EJD Lamartina v. VMware, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Asim M. Bhansali**
  abhansali@kblfirm.com,asim-bhansali-6238@ecf.pacerpro.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Nicholas Alan Roethlisberger**
  nroethlisberger@kblfirm.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Brian Jared Schall**
  brian@schallfirm.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)