ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
      – and –
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:20-cv-02182-EJD |
|---|---|
| Plaintiff, | CLASS ACTION |
| vs. | PLAINTIFF'S NOTICE OF SEPTEMBER 12, 2022 ORDER OF THE U.S. SECURITIES AND EXCHANGE COMMISSION |
| VMWARE, INC., et al., | INSTITUTING CEASE-AND-DESIST PROCEEDINGS AGAINST VMWARE, INC. |
| Defendants. | |

4870-0785-7715.v2

Pursuant to Local Rule 7-3(d), Lead Plaintiff Northeast Carpenters Pension Fund ("Plaintiff") hereby provides notice to the Court of the September 12, 2022, U.S. Securities and Exchange Commission ("SEC") Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("SEC Order") as related to Defendants' pending Motion to Dismiss Second Amended Complaint (ECF No. 64) (the "Motion to Dismiss").  The SEC Order, attached hereto as Exhibit A, is pertinent to Defendants' Motion as both focus on Defendant VMware, Inc.'s ("VMware") accounting for backlog and related disclosures.

The SEC Order fully corroborates the allegations in Plaintiff's Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF 63) (the "Complaint") and requires VMware to pay a civil penalty of $8 million as a result of the very conduct at issue in this case – namely, how VMware "shifted tens of millions of dollars in revenue into future quarters" through the practice of "discretionarily holding back some sales orders, which were otherwise ready to be booked and recorded as revenue in the current quarter, in an effort to delay revenue and control the timing of revenue recognition," (SEC Order at 2).  The SEC Order further corroborates the Complaint's allegations that VMware deliberately held back backlog "if the company was on track to meet its financial guidance to securities analysts and investors . . . , [which] had the effect of increasing the amount of backlog that VMware reported in its Forms 10-Q and 10-K and delaying revenue recognition into future quarters." *Id.*  The SEC found that VMware's public statements concerning backlog were misleading, including because:

- "VMware omitted material information regarding the extent to which the company controlled its quarter-end total and license backlog numbers through its use of discretionary holds, and the extent to which it used backlog to control the timing of revenue recognition generally. The managed backlog disclosure did not convey to investors the material information that backlog was used by VMware to manage the timing of revenue recognition based upon factors such as the company's financial guidance and analysts' estimates. This information was necessary in order to make VMware's statements regarding its backlog, in light of the circumstances under which they were made, not misleading." *See* SEC Order at 6-7.

- "FY20 year-over-year percentage increase figures provided by VMware on a quarterly basis for total and license revenue, on earnings calls and in the aforementioned materials, as well as in periodic filings, misleadingly portrayed the

PLAINTIFF'S NOT OF SEPTEMBER 12, 2022 ORDER OF THE U.S. SEC INSTITUTING CEASE-AND-DESIST PROCEEDINGS AGAINST VMWARE, INC.- 5:20-cv-02182-EJD
4870-0785-7715.v2

- 1 -

company's revenue growth.  This was the case not only because the FY20 results were almost always higher than they would have been without VMware's quarter-end backlog reductions but also because the prior fiscal year's results had been generally held back by VMware's quarter-end backlog increases during FY19 – meaning FY19 orders that otherwise could have been booked had instead been discretionarily held in order to more closely track revenue to VMware's FY19 quarterly guidance and analysts' estimates." *See* SEC Order at 7.

Accordingly, the SEC Order is relevant to the court's consideration of Defendants' pending Motion to Dismiss.

DATED:  September 13, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU

s/ Scott H. Saham
SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 13, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Scott H. Saham
SCOTT H. SAHAM

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: scotts@rgrdlaw.com

4870-0785-7715.v2