Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
(415) 630-2350

Maeve L. O'Connor (*pro hac vice*)
moconnor@debevoise.com
Elliot Greenfield (*pro hac vice*)
egreenfield@debevoise.com
Matthew J. Sorensen (*pro hac vice*)
mjsorensen@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000

Attorneys for Defendants
VMWARE, INC., PATRICK P. GELSINGER and ZANE ROWE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VMWARE, INC., PATRICK P. GELSINGER, and ZANE ROWE,<br><br>    Defendants. | Case No.: 5:20-cv-02182-EJD<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Pursuant to the Court's order dated March 7, 2023, Defendants respectfully submit this supplemental memorandum in further support of their motion to dismiss the SAC and in response to Plaintiff's Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss (Dkt No. 82, "Supp. Opp'n").

**ARGUMENT**

Although the SEC Order concludes that VMware's backlog disclosure was misleading – a legal conclusion that VMware disputes and the Court need not accept as true – the SEC Order does not find that VMware acted with scienter and does not include facts giving rise to the "strong inference" of scienter required by the PSLRA. Indeed, the SEC Order actually undercuts, rather than supports, Plaintiff's core theory of fraud.[1]

In particular, the SEC Order does not find that VMware's "managed pipeline" was improper, that the practice violated any SEC rule or guidance regarding backlog or that VMware failed to recognize revenue at the appropriate time or in accordance with GAAP. The SEC Order therefore contradicts Plaintiff's assertions that VMware should have recognized revenue in the quarter when sales were "secured" – as opposed to delivered. (SAC ¶ 120(a), (e); SAC ¶ 130(a), (e); SAC ¶ 144(a), (e).) And, contrary to Plaintiff's assertions, the SEC Order

---

[1] VMware consented to the entry of the SEC Order "[s]olely for the purpose" of the SEC proceedings and "without admitting or denying" the findings therein. (SEC Order 1.) Plaintiff's statement that VMware "does not deny" the SEC's findings is incomplete and misleading. (Supp. Opp'n 2.) The contents of the SEC Order, including the SEC's conclusions of law and fact, are not binding on VMware or any other party outside of the SEC proceedings. (SEC Order 1, 2 n.1.) Those terms are standard and do not reflect the strength or weakness of the SEC's position. The $8 million civil penalty was below the median settlement of $9 million and well below the average settlement of $42 million for 2022. *See* https://www.law.nyu.edu/sites/default/files/SEC-Enforcement-Activity-FY2022-Update.pdf. Plaintiff's comparison of the settlement to the median penalty ordered in 2020 is inapt.

includes no finding that VMware "circumvented its revenue recognition policy," created a "slush fund" or engaged in any other type of improper accounting or manipulation. (Supp. Opp'n 2.) Nor does the SEC Order include any mention of purported "insider trading" – an allegation on which Plaintiff relies heavily in attempting to plead scienter and which is the sole basis of Plaintiff's Section 20A claim – or impose a remedy of disgorgement. (SAC ¶¶ 145-61, 209-18.)

To the contrary, the SEC Order focuses on VMware's backlog *disclosures*, and it finds that although VMware truthfully disclosed that "backlog is managed based on multiple considerations," that disclosure did not adequately convey the "discretionary nature" of VMware's backlog. (SEC Order 2.) VMware respectfully disagrees with that conclusion, and the Court need not accept as true the SEC's conclusions of law or fact. Regardless, there is no dispute that VMware accurately disclosed the amount and composition of its backlog each quarter, and therefore investors were able to readily determine whether reported revenue in a given quarter resulted from new sales or a decrease in backlog. The SEC Order expressly acknowledges that some analysts "calculated and understood the revenue impact of VMware's backlog declines." (SEC Order 6.) Plaintiff admits the same thing, alleging that analysts understood the decrease in backlog in Q1 2020 to mean that "a good portion of 1QF20 product billings were actually 4QF19 deals that got invoiced in 1QF20." (SAC ¶ 54.) VMware's backlog disclosures, therefore, could not have concealed purported "operational weaknesses," as Plaintiff claims, and the SEC Order does nothing to support that theory. (Supp. Opp'n 1.)

As Plaintiff acknowledges, the SEC did not assert a charge of scienter-based fraud (Supp. Opp'n 6; SEC Order 8), and the SEC Order does not include facts supporting an inference of scienter, much less facts giving rise to the required "strong inference" that VMware's backlog disclosure was made with an intent to defraud or reckless disregard for the truth. Plaintiff improperly conflates knowledge of VMware's managed pipeline with scienter as to VMware's backlog *disclosure*. (Supp. Opp'n 5-6.) Nothing in the SEC Order indicates that, when VMware modified its backlog disclosure in Q1 2019 to add the statement that "backlog is

managed based upon multiple considerations," it intended to mislead investors.  Indeed, the opposing inference of nonfraudulent intent – that this statement was intended to provide additional transparency regarding backlog – is far more compelling.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007) (The inference of scienter "must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.").

Because the proposed Third Amended Complaint (Dkt. No. 82-1) does not remedy the deficiencies of Plaintiff's prior pleadings, the Court should dismiss the SAC with prejudice.

<b><u>CONCLUSION</u></b>

For the reasons stated above and in Defendants' briefing, the Second Amended Complaint should be dismissed in its entirety, with prejudice.

Respectfully submitted,

Dated: March 21, 2023

KWUN BHANSALI LAZARUS LLP
DEBEVOISE & PLIMPTON LLP


By: */s/ Asim M. Bhansali*

Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
(415) 630-2350

Maeve L. O'Connor (*pro hac vice*)
moconnor@debevoise.com
Elliot Greenfield (*pro hac vice*)
egreenfield@debevoise.com
Matthew J. Sorensen (*pro hac vice*)
mjsorensen@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000

Attorneys for Defendants
VMWARE, INC., PATRICK P. GELSINGER
and ZANE ROWE