Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
(415) 630-2350

Maeve L. O'Connor (*pro hac vice*)
moconnor@debevoise.com
Elliot Greenfield (*pro hac vice*)
egreenfield@debevoise.com
Matthew J. Sorensen (*pro hac vice*)
mjsorensen@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000

Attorneys for Defendants
VMWARE, INC., PATRICK P. GELSINGER and ZANE ROWE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VMWARE, INC., PATRICK P. GELSINGER, and ZANE ROWE, <br><br> Defendants. | Case No. 5:20-cv-02182-EJD <br><br> <u>CLASS ACTION</u> <br><br> DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED COMPLAINT <br><br><br> <u>DEMAND FOR JURY TRIAL</u> |

Defendants VMware, Inc. ("VMware" or the "Company"), Patrick P. Gelsinger and Zane Rowe (the "Individual Defendants" and collectively, with VMware, the "Defendants") by their undersigned counsel, for their answer to the Third Amended Consolidated Complaint, state as follows:

1. Deny the allegations in Paragraph 1, except admit that Plaintiff purports to assert claims on behalf of the putative class described against the named defendants.

2. Paragraph 2 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 2 is necessary, Defendants deny them.

3. Paragraph 3 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 3 is necessary, Defendants deny them.

4. Paragraph 4 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 4 is necessary, Defendants deny them.

5. Deny the allegations in Paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph is necessary, Defendants deny them, except admit that, on February 27, 2020, VMware disclosed that the SEC had requested documents and information related to its backlog and associated accounting disclosures.

7. Deny the allegations in Paragraph 7.

8. Paragraph 8 states legal conclusions to which no response in necessary. To the extent any response to the allegations contained in Paragraph 8 is necessary, Defendants deny them, except admit that Plaintiff asserts claims under §§10(b), 20(a), and 20A of the Exchange Act (15 U.S.C. §§78j(b),78t(a), and 78t-1), and SEC Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9. Paragraph 9 states legal conclusions to which no response in necessary. To the extent any response to the allegations contained in Paragraph 9 is necessary, Defendants deny them, except admit that this Court has subject matter jurisdiction over this matter.

10. Paragraph 10 states legal conclusions to which no response in necessary. To the extent any response to the allegations contained in Paragraph 10 is necessary, Defendants deny them, except admit that VMware is headquartered in this Judicial District and this Court is a proper venue for this action.

11. Paragraph 11 states legal conclusions to which no response in necessary. To the extent any response to the allegations contained in Paragraph 11 is necessary, Defendants deny them.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Admit.

14. Paragraph 14 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph14 is necessary, Defendants deny them, except admit that Gelsinger served as VMware's CEO during the putative Class Period and that Gelsinger acquired and disposed of VMware stock during the putative Class Period as disclosed on Forms 4 filed with the SEC.

15. Paragraph 15 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 15 is necessary, Defendants deny them, except admit that Rowe served as VMware's CFO during the putative Class Period and that Rowe acquired and disposed of VMware stock during the putative Class Period as disclosed on Forms 4 filed with the SEC.

16.     Deny the allegations in Paragraph 16, except admit that VMware is a software and technology firm based in Palo Alto, California that provides application modernization and cloud computing and virtualization software and services to customers and respectfully refer the Court to the Company's annual filings with the SEC for a more complete description of the Company's operations.

17.     Deny the allegations in Paragraph 17, except admit that VMware operated in the Americas (comprised of Latin America, United States, and Canada), Asia Pacific & Japan ("APJ") and Europe Middle East and Africa ("EMEA") market segments during the putative Class Period and respectfully refer the Court to the Company's annual filings with the SEC for a more complete description of the geographic areas in which the Company operates.

18.     Deny the allegations in Paragraph 18, except admit that VMware's product offerings include licenses, subscription and software-as-a-service ("SaaS"), and services, and that VMware recognizes revenue from the sale of such offerings in accordance with generally accepted accounting principles ("GAAP").

19.     Deny the allegations in Paragraph 19, except admit that, during the putative Class Period, VMware reported revenue line items for licenses and services and that, beginning with its FY 2020 Form 10-K, VMware began reporting subscription and SaaS revenue as a separate line item.

20.     Deny the allegations in Paragraph 20, except admit that VMware recognizes revenue in accordance with GAAP, admit that VMware's backlog is comprised of unfulfilled purchase orders or unfulfilled executed agreements and is net of related estimated rebates and marketing development funds, and admit that, during the putative Class Period, VMware

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 3 -

disclosed in its quarterly filings with SEC its total backlog as well as the portion of backlog attributable to licenses.

21.     Deny the allegations in Paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except admit that VMware used Salesforce during the putative Class Period.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Deny the allegations in Paragraph 25.

26.     Deny the allegations in Paragraph 26.

27.     Deny the allegations in Paragraph 27, except admit that Gelsinger and Rowe served as VMware's CEO and CFO, respectively, during the putative Class Period.

28.     Paragraph 28 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations in Paragraph 28 is necessary, Defendants deny them.

29.     Paragraph 29 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations in Paragraph 29 is necessary, Defendants deny them.

30.     Deny the allegations in Paragraph 30.

31.     Deny the allegations in Paragraph 31, except admit that the Company's Form 10-K for the fiscal year ended February 1, 2019, disclosed that, as of February 1 2019, the

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD          - 4 -

Company's total backlog was approximately $449 and backlog related to licenses was approximately $147 and, as of February 2, 2018, the Company's total backlog was approximately $285 million and backlog related to licenses was approximately $99 million.

32. Deny the allegations in Paragraph 32, except admit that VMware's stock price closed at $205.52 per share on May 16, 2019.

33. Paragraph 33 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 33 is necessary, Defendants deny them.

34. Deny the allegations in Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 35 is necessary, Defendants deny them.

36. Deny the allegations in Paragraph 36 and respectfully refer the Court to the transcript of the analyst call dated February 28, 2019 for its full and accurate contents, and deny any allegation inconsistent therewith.

37. Paragraph 37 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 37 is necessary, Defendants deny them

38. Paragraph 38 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 38 is necessary, Defendants deny them.

39. Paragraph 39 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 39 is necessary, Defendants

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 5 -

respectfully refer the Court to VMware's SEC filings for their full and accurate contents, and deny any allegation inconsistent therewith.

40.    Deny the allegations in Paragraph 40 and respectfully refer the Court to ASC 606 for its full and accurate contents, and deny any allegation inconsistent therewith.

41.    Paragraph 41 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 41 is necessary, Defendants deny them Deny the allegations in Paragraph 41.

42.    Paragraph 42 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 42 is necessary, Defendants deny them, except admit that VMware recognized revenue in accordance with GAAP and SEC disclosure rules, and respectfully refer the Court to VMware's SEC Filings and the SEC's Staff Accounting Bulletin for their full and accurate contents.

43.    Deny the allegations in Paragraph 43 and respectfully refer the Court to the transcripts of VMware's earnings calls for their full and accurate contents, and deny any allegation inconsistent therewith.

44.    Paragraph 44 and footnote 1 state legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 44 and footnote 1 is necessary, Defendants deny them and respectfully refer the Court to the SEC's MD&A rules for their full and accurate contents, and deny any allegation inconsistent therewith.

45.    Paragraph 45 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 45 is necessary, Defendants deny them.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 6 -

46.     Deny the allegations in Paragraph 46 and respectfully refer the Court to the transcript of the February 28, 2019 analyst call for its full and accurate contents, and deny any allegation inconsistent therewith.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 concerning the state of mind of the analysts referred to therein and respectfully refer the Court to the transcript of the February 28, 2019 analyst call for its full and accurate contents, and deny any allegation inconsistent therewith.

48.     Paragraph 48 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations in Paragraph 48 is necessary, Defendants deny them.

49.     Deny the allegations in Paragraph 49, except admit that Gelsinger, Rowe, and other VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed on Forms 4 filed with the SEC.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 concerning when Lead Plaintiff purchased shares of VMware stock and otherwise deny the allegations in Paragraph 50, except admit that Gelsinger acquired and disposed of VMware stock during the putative Class Period as disclosed on Forms 4 filed with the SEC.

51.     Deny the allegations in Paragraph 51, except admit that VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed on Forms 4 filed with the SEC.

52.    Deny the allegations in Paragraph 52 and respectfully refer the Court to the transcripts of VMware's analyst calls and the Company's SEC filings for their full and accurate contents, and deny any allegation inconsistent therewith.

53.    Paragraph 53 states legal conclusions to which no response is necessary. To the extent that any response to the allegations in Paragraph 53 is necessary, Defendants deny them, except admit that VMware' stock price closed at $191.09 per share on May 30, 2019 and closed at $176.98 per share on May 31, 2019.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 concerning the belief of the analyst referred to therein and respectfully refer the Court to the Deutsche Bank Research analyst report referred to therein for its full and accurate contents, and deny any allegation inconsistent therewith.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 concerning the belief of the analyst referred to therein and respectfully refer the Court to the Barclays analyst report referred to therein for its full and accurate contents, and deny any allegation inconsistent therewith.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 concerning the belief of the analyst referred to therein and respectfully refer the Court to the Deutsche Bank Research analyst report referred to therein for its full and accurate contents, and deny any allegation inconsistent therewith.

57.    Deny the allegations in Paragraph 57 and respectfully refer the Court to VMware's SEC filings and other public disclosures for their full and accurate contents, and deny any allegation inconsistent therewith.

58.    Deny the allegations in Paragraph 58 and respectfully refer the Court to VMware's SEC filings and other public disclosures for their full and accurate contents, and deny any allegation inconsistent therewith, except admit that VMware' stock price closed at $148.15 per share on August 22, 2019 and closed at $133.42 per share on August 23, 2019.

59.    Deny the allegations in paragraph 59 and respectfully refer the Court to the transcript of the November 26, 2019 analyst call for its full and accurate contents, and deny any allegation inconsistent therewith.

60.    Deny the allegations in Paragraph 60 and respectfully refer the Court to VMware's SEC filings and other public disclosures for their full and accurate contents, and deny any allegation inconsistent therewith, except admit that VMware' stock price closed at $164.90 per share on November 26, 2019 and closed at $155.62 per share on November 29, 2019.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, except admit that Gelsinger and Rowe discussed the Company's sales activities with VMware personnel during the putative Class Period.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Gelsinger discussed the Company's sales activities with VMware personnel during the putative Class Period.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Gelsinger discussed the Company's sales activities with VMware personnel during the putative Class Period.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Gelsinger discussed the Company's sales activities with VMware personnel during the putative Class Period.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Gelsinger discussed the Company's sales activities with VMware personnel during the putative Class Period.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Gelsinger and Rowe discussed the Company's sales activities with VMware personnel during the putative Class Period.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 regarding the dates, attendees, organizers, length, and topics discussed at meetings, except admit that VMware held Sales QBR meetings during the putative Class Period.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that VMware held Sales QBR meetings during the putative Class Period and that Gelsinger attended certain of such meetings.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Paula Delaney reported to Rowe during a portion of

the putative Class Period, and that Delaney attended meetings at which Gelsinger and Rowe also were in attendance.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that VMware held Sales QBR meetings during the putative Class Period.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that VMware held Sales QBR meetings during the putative Class Period.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that VMware held senior leadership meetings during the putative Class Period and that Gelsinger and Rowe attended certain of such meetings.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74. Deny the allegations in Paragraph 74 and respectfully refer the Court to VMware's SEC filings and other public disclosures for their full and accurate contents, and deny any allegation inconsistent therewith.

75. Deny the allegations in Paragraph 75 and respectfully refer the Court to VMware's SEC filings and other public disclosures for their full and accurate contents, and deny any allegation inconsistent therewith.

76.     Deny the allegations in Paragraph 76 and respectfully refer the Court to the transcript of the February 27, 2020 analyst call for its full and accurate contents, and deny any allegation inconsistent therewith.

77.     Deny the allegations in Paragraph 77 and respectfully refer the Court to the transcript of the February 27, 2020 analyst call for its full and accurate contents, and deny any allegation inconsistent therewith.

78.     Deny the allegations in Paragraph 78, except admit that VMware' stock price closed at $135.63 per share on February 27, 2020 and closed at $120.52 per share on February 28, 2020.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, except admit that analysts calculated and understood the revenue impact of VMware's backlog and respectfully refer the Court to the March 5, 2020 Deutsche Bank analyst report for its full and accurate contents, and deny any allegation inconsistent therewith.

80.     Deny the allegations in Paragraph 80.

81.     Deny that the price of VMware shares was "inflated" during the Class Period, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 concerning when Lead Plaintiff or other putative Class Members purchased VMware shares, except admit that VMware executives acquired and disposed of VMware shares as disclosed on Forms 4 filed with the SEC.

82.     Admit that the SEC entered the Order Instituting Cease-and Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order on

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD          - 12 -

September 12, 2022 (the "SEC Order") and respectfully refer the Court to the SEC Order for its full contents, and deny any allegation inconsistent therewith.

83.     Deny that the findings contained in the SEC Order are "detailed," and state that the SEC Order contains conclusions of law to which no response is necessary and, to the extent any response is necessary, Defendants respectfully disagree with the SEC's conclusions of law and fact and respectfully refer the Court to the SEC Order for its full contents.

84.     Defendants deny the allegations in Paragraph 84, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

85.     Defendants deny the allegations in Paragraph 85, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

86.     Defendants deny the allegations in Paragraph 86 and footnote 2, which purport to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

87.     Defendants deny the allegation in Paragraph 87 and footnote 3, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

88.     Defendants deny the allegations in Paragraph 88, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

89.    Defendants deny the allegations in Paragraph 89, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

90.    Defendants deny the allegations in Paragraph 90, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

91.    Defendants deny the allegations in Paragraph 91, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

92.    Defendants deny the allegations in Paragraph 92, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

93.    Defendants deny the allegations in Paragraph 93, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

94.    Defendants deny the allegations in Paragraph 94, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

95.    Defendants deny the allegations in Paragraph 95, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

96.    Defendants deny the allegations in Paragraph 96, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

97.    Defendants deny the allegations in Paragraph 97, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

98.    Defendants deny the allegations in Paragraph 98, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

99.    Defendants deny the allegations in Paragraph 99, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

100.    Defendants deny the allegations in Paragraph 100, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

101.    Defendants deny the allegations in Paragraph 101, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

102.    Defendants deny the allegations in Paragraph 102, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

103. Defendants deny the allegations in Paragraph 103, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

104. Defendants deny the allegations in Paragraph 104, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

105. Defendants deny the allegations in Paragraph 105, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

106. Defendants deny the allegations in Paragraph 106, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

107. Defendants deny the allegations in Paragraph 107, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

108. Defendants deny the allegations in Paragraph 108, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

109. Defendants deny the allegations in Paragraph 109, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

110.    Defendants deny the allegations in Paragraph 110, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

111.    Defendants deny the allegations in Paragraph 111, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

112.    Defendants deny the allegations in Paragraph 112, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

113.    Defendants deny the allegations in Paragraph 113, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

114.    Defendants deny the allegations in Paragraph 114, which purports to quote a portion of the SEC Order and Defendants respectfully refer the Court to the SEC Order for its full contents.

115.    Admit that VMware held an analyst call on August 23, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

116.    Admit that VMware held an analyst call on August 23, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

117.    Paragraph 117 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 117 is necessary, Defendants admit that

VMware filed a Form 10-Q with the SEC on September 11, 2018, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

118. Admit that VMware filed a Form 10-Q with the SEC on September 11, 2018, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

119. Paragraph 119 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 119 is necessary, Defendants deny them.

120. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

121. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

122. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

123. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

124. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

125. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

126. Admit that VMware held an analyst call on November 29, 2018 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

127. Paragraph 127 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 127 is necessary, Defendants admit that VMware filed a Form 10-Q with the SEC on December 10, 2018, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

128. Admit that VMware filed a Form 10-Q with the SEC on December 10, 2018, and respectfully refer the Court to such Form 10-Q for its full and accurate contents.

129. Paragraph 129 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 129 is necessary, Defendants deny them.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED COMPLAINT - 5:20-cv-02182-EJD        - 19 -

130.    Admit that VMware filed a Form 8-K attaching a press release with the SEC on February 28, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

131.    Admit that VMware held an analyst call on February 28, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

132.    Admit that VMware held an analyst call on February 28, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

133.    Admit that VMware held an analyst call on February 28, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

134.    Admit that VMware held an analyst call on February 28, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

135.    Paragraph 135 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 135 is necessary, Defendants admit that VMware filed a Form 10-K with the SEC on March 29, 2019, and respectfully refer the Court to such Form 10-K for its full and accurate contents, and deny any allegation inconsistent therewith.

136.    Admit that VMware filed a Form 10-K with the SEC on March 29, 2019, and respectfully refer the Court to such Form 10-K for its full and accurate contents, and deny any allegation inconsistent therewith.

137. Admit that VMware filed a Form 10-K with the SEC on March 29, 2019, and respectfully refer the Court to such Form 10-K for its full and accurate contents, and deny any allegation inconsistent therewith.

138. Paragraph 138 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 138 is necessary, Defendants deny them.

139. Admit that VMware filed a Form 8-K attaching a press release with the SEC on May 30, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

140. Admit that VMware filed a Form 8-K attaching a press release with the SEC on May 30, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

141. Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

142. Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

143. Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

144. Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

145.    Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

146.    Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

147.    Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

148.    Admit that VMware held an analyst call on March 30, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

149.    Admit that VMware filed a Form 10-Q with the SEC on June 10, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

150.    Paragraph 150 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 150 is necessary, Defendants admit that VMware filed a Form 10-Q with the SEC on June 10, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

151.    Admit that VMware filed a Form 10-Q with the SEC on June 10, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD          - 22 -

152.    Admit that VMware filed a Form 10-Q with the SEC on June 10, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

153.    Paragraph 153 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 138 is necessary, Defendants deny them.

154.    Admit that VMware filed a Form 8-K attaching a press release with the SEC on August 22, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

155.    Admit that VMware filed a Form 8-K attaching a press release with the SEC on August 22, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

156.    Admit that VMware held an analyst call on August 22, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

157.    Admit that VMware held an analyst call on August 22, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

158.    Admit that VMware held an analyst call on August 22, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

159.    Admit that VMware held an analyst call on August 22, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

160.     Paragraph 160 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 160 is necessary, Defendants admit that VMware filed a Form 10-Q with the SEC on September 9, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

161.     Admit that VMware filed a Form 10-Q with the SEC on September 9, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

162.     Admit that VMware filed a Form 10-Q with the SEC on September 9, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

163.     Paragraph 163 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 163 is necessary, Defendants deny them.

164.     Admit that VMware filed a Form 8-K attaching a press release with the SEC on November 26, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

165.     Admit that VMware filed a Form 8-K attaching a press release with the SEC on November 26, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

166.     Admit that VMware filed a Form 8-K attaching a press release with the SEC on November 26, 2019, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

167.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

168.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

169.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

170.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

171.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

172.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

173.    Admit that VMware held an analyst call on November 26, 2019 and that Gelsinger and Rowe participated in such call and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

174.    Paragraph 174 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 174 is necessary, Defendants

admit that VMware filed a Form 10-Q with the SEC on December 6, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

175.   Admit that VMware filed a Form 10-Q with the SEC on December 6, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

176.   Admit that VMware filed a Form 10-Q with the SEC on December 6, 2019, and respectfully refer the Court to such Form 10-Q for its full and accurate contents, and deny any allegation inconsistent therewith.

177.   Paragraph 177 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 177 is necessary, Defendants deny them.

178.   Paragraph 178 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 178 is necessary, Defendants deny them, except admit that the Individual Defendants acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

179.   Paragraph 179 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 179 is necessary, Defendants deny them, except admit that Gelsinger acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

180.   Deny the allegations in Paragraph 180, except admit that Gelsinger acquired and disposed of VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

181. Paragraph 181 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 181 is necessary, Defendants deny them, except admit that Rowe acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

182. Deny the allegations in Paragraph 182, except admit that VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

183. Paragraph 183 and footnote 6 state legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 183 and footnote 6 is necessary, Defendants deny them.

184. Paragraph 184 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 184 is necessary, Defendants deny them.

185. Deny the allegations in Paragraph 185, except admit that Rowe acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

186. Deny the allegations in Paragraph 186 and footnote 7, except admit that VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

187. Deny the allegations in Paragraph 187, except admit that Gelsinger acquired and disposed of VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

188.    Deny the allegations in Paragraph 188, except admit that VMware executives acquired and disposed of VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

189.    Deny the allegations in Paragraph 189, except admit that VMware executives sold VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

190.    Deny the allegations in Paragraph 190, except admit that Rowe sold VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

191.    Deny the allegations in Paragraph 191, except admit that Gelsinger sold VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

192.    Deny the allegations in Paragraph 192, except admit that VMware executives sold VMware stock during the Class Period as disclosed in Forms 4 filed with the SEC.

193.    Paragraph 193 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 193 is necessary, Defendants deny them, except admit that VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

194.    Paragraph 194 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 194 is necessary, Defendants deny them, except admit that VMware executives acquired and disposed of VMware stock during the putative Class Period as disclosed in Forms 4 filed with the SEC.

195.    Deny the allegations in Paragraph 195, except admit that Gelsinger and Rowe participated in certain analyst calls during the putative Class Period.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, except that admit that the Company used Salesforce during the putative Class Period.

197.    Deny the allegations in Paragraph 197.

198.    Deny the allegations in Paragraph 198.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 regarding the dates, attendees, organizers, and topics discussed at meetings, except admit that Paula Delaney reported to Rowe during a portion of the putative Class Period, and that Delaney attended meetings at which Gelsinger and Rowe also were in attendance.

200.    Deny the allegations in Paragraph 200, except admit that the Company's Form 10-K for the fiscal year ended February 1, 2019, disclosed that, as of February 1 2019, the Company's total backlog was approximately $449 million and backlog related to licenses was approximately $147 million.

201.    Deny the allegations in Paragraph 201.

202.    Deny the allegations in Paragraph 202, except admit that VMware's Chief Accounting Officer resigned effective December 7, 2019 to pursue an opportunity with another publicly-traded company.

203.    Paragraph 203 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 203 is necessary, Defendants deny them.

204.    Paragraph 204 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 204 is necessary, Defendants deny them.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 29 -

205.    Deny the allegations in Paragraph 205, except Defendants admit that VMware held an analyst call on May 30, 2019, and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

206.    Paragraph 206 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 206 is necessary, Defendants deny them.

207.    Deny the allegations in Paragraph 207, except Defendants admit that VMware held an analyst call on August 22, 2019, and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

208.    Deny the allegations in Paragraph 208, except Defendants admit that VMware's stock price closed at $164.90 per share on November 26, 2019 and closed at $155.62 per share on November 29, 2019, and admit that VMware held an analyst call on November 26, 2019, and respectfully refer the Court to the transcript of such call for its full and accurate contents.

209.    Deny the allegations in Paragraph 209, except Defendants admit that VMware held an analyst call on February 27, 2020, and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

210.    Deny the allegations in Paragraph 210, except Defendants admit that VMware filed a Form 8-K attaching a press release with the SEC on February 27, 2020, and respectfully refer the Court to such Form 8-K for its full and accurate contents, and deny any allegation inconsistent therewith.

211.    Deny the allegations in Paragraph 211 and footnote 8, except Defendants admit that VMware held an analyst call on February 27, 2020, and respectfully refer the Court to the transcript of such call for its full and accurate contents, and deny any allegation inconsistent therewith.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD          - 30 -

212.    Deny the allegations in Paragraph 212 except admit that VMware's stock price closed at $135.63 per share on February 27, 2020 and closed at $120.52 per share on February 28, 2020.

213.    Deny the allegations in Paragraph 213, respectfully refer the Court to the cited Deutsche Bank analyst report, and deny any allegation inconsistent therein.

214.    Paragraph 214 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 214 is necessary, Defendants deny them.

215.    Paragraph 215 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 215 is necessary, Defendants deny them.

216.    Paragraph 216 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 216 is necessary, Defendants deny them.

217.    Deny the allegations in Paragraph 217, except admit that Plaintiff purports to assert claims on behalf of the putative class described.

218.    Paragraph 218 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 218 is necessary, Defendants deny them.

219.    Paragraph 219 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 219 is necessary, Defendants deny them.

220. Paragraph 220 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 220 is necessary, Defendants deny them.

221. Paragraph 221 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 221 is necessary, Defendants deny them.

222. Paragraph 222 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 222 is necessary, Defendants deny them.

223. Defendants incorporate by reference their answers to every allegation contained above as if set forth herein.

224. Deny the allegations in Paragraph 224, except admit that Lead Plaintiff purports to assert claims on behalf of the putative class described.

225. Paragraph 225 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 225 is necessary, Defendants deny them.

226. Paragraph 226 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 226 is necessary, Defendants deny them.

227. Paragraph 227 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 227 is necessary, Defendants deny them.

228.    Paragraph 228 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 228 is necessary, Defendants deny them.

229.    Paragraph 229 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 229 is necessary, Defendants deny them.

230.    Paragraph 230 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 230 is necessary, Defendants deny them.

231.    Paragraph 231 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 231 is necessary, Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge of Lead Plaintiff or members of the alleged class.

232.    Paragraph 232 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 232 is necessary, Defendants deny them.

233.    Paragraph 233 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 233 is necessary, Defendants deny them.

234.    Defendants incorporate by reference their answers to every allegation contained above as if set forth herein.

235. Deny the allegations in Paragraph 235, except admit that Lead Plaintiff purports to assert claims on behalf of the putative class described.

236. Paragraph 236 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 236 is necessary, Defendants deny them.

237. Paragraph 237 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 237 is necessary, Defendants deny them.

238. Paragraph 238 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 238 is necessary, Defendants deny them.

239. Paragraph 239 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 239 is necessary, Defendants deny them.

240. Paragraph 240 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 240 is necessary, Defendants deny them.

241. Paragraph 241 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 241 is necessary, Defendants deny them.

242. Defendants incorporate by reference their answers to every allegation contained above as if set forth herein.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 34 -

243.    Deny the allegations in Paragraph 243, except admit that Lead Plaintiff purports to assert claims on behalf of the putative class described.

244.    Paragraph 244 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 244 is necessary, Defendants deny them.

245.    Paragraph 245 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 245 is necessary, Defendants deny them, except admit that Gelsinger solder VMware stock as disclosed in Forms 4 filed with the SEC.

246.    Paragraph 246 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 246 is necessary, Defendants deny them, except admit that Gelsinger solder VMware stock as disclosed in Forms 4 filed with the SEC.

247.    Paragraph 247 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 247 is necessary, Defendants deny them.

248.    Paragraph 248 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 248 is necessary, Defendants deny them.

249.    Paragraph 249 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 249 is necessary, Defendants deny them, except deny knowledge or information sufficient to form a belief as to

the truth of the allegations regarding whether Lead Plaintiff or members of the alleged class purchased VMware common stock contemporaneously with Gelsinger's sales of such stock.

250. Paragraph 250 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 250 is necessary, Defendants deny them.

251. Paragraph 251 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 251 is necessary, Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff or any plaintiff class is entitled to the relief requested or to any relief, and deny any and all other allegations of the Third Amended Consolidated Complaint except as specifically admitted above.

## ANSWER TO JURY DEMAND

Defendants admit that Plaintiff demands a trial by jury.

## ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert and state the following, which apply to each and every cause of action asserted in the Third Amended Consolidated Complaint to which such defense may be applicable. By virtue of alleging these further defenses, Defendants do not assume any burden proof, persuasion, or production, not otherwise legally assigned to them. Defendants also do not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them. Defendants assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery. Defendants further reserve all rights to join additional parties and assert counterclaims. Use of the term "Plaintiff" in the defenses refers

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 36 -

to the Named Plaintiff, Lead Plaintiff, and to any member of the putative plaintiff class alleged in the Third Amended Consolidated Complaint.

**FIRST DEFENSE**

Plaintiff fails to state any claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, laches, and/or estoppel.

**THIRD DEFENSE**

Plaintiff lacks statutory standing to pursue claims under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

**FOURTH DEFENSE**

Plaintiff lacks standing to pursue claims under Section 20A of the Securities Exchange Act because it did not purchase VMware stock contemporaneously with any sales of such stock by Gelsinger.

**FIFTH DEFENSE**

Defendants are not liable because VMware fully satisfied its disclosure obligations.

**SIXTH DEFENSE**

Defendants are not liable because VMware's public statements regarding its backlog did not contain an untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

**SEVENTH DEFENSE**

Defendants are not liable because the alleged misstatements were not material.

**EIGHTH DEFENSE**

Defendants are not liable because they did not act with scienter.

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD        - 37 -

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because it did not rely on the alleged misstatements or omissions.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part because it did not suffer any injury or compensable damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because its alleged injuries or damages were not a direct and proximate result of the conduct of the Defendants.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the claim would permit it to obtain double recovery for the same alleged injuries.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because it failed to mitigate damages.

## FOURTEENTH DEFENSE

Plaintiff's claims on behalf of a putative class are barred in whole or in part because the applicable requirements of Federal Rule of Civil Procedure 23 are not satisfied.

*      *      *

WHEREFORE, Defendants respectfully request judgment dismissing the Third Amended Consolidated Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

DATED:  April 20, 2023                    KWUN BHANSALI LAZARUS LLP
                                          DEBEVOISE & PLIMPTON LLP


                                          By: */s/ Asim M. Bhansali*

                                          Asim M. Bhansali (SBN 194925)
                                          abhansali@kblfirm.com
                                          Nicholas A. Roethlisberger (SBN 280497)
                                          nroethlisberger@kblfirm.com
                                          KWUN BHANSALI LAZARUS LLP
                                          555 Montgomery St., Suite 750
                                          San Francisco, CA 94111
                                          (415) 630-2350

                                          Maeve L. O'Connor (*pro hac vice*)
                                          moconnor@debevoise.com
                                          Elliot Greenfield (*pro hac vice*)
                                          egreenfield@debevoise.com
                                          Matthew J. Sorensen (*pro hac vice*)
                                          mjsorensen@debevoise.com
                                          DEBEVOISE & PLIMPTON LLP
                                          66 Hudson Boulevard
                                          New York, NY 10001
                                          (212) 909-6000

                                          Attorneys for Defendants
                                          VMWARE, INC., PATRICK P. GELSINGER
                                          and ZANE ROWE

DEFENDANTS' ANSWER TO THE THIRD AMENDED CONSOLIDATED
COMPLAINT - 5:20-cv-02182-EJD          - 39 -

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Defendants hereby demands a trial by jury.

DATED:  April 20, 2023                    KWUN BHANSALI LAZARUS LLP
                                          DEBEVOISE & PLIMPTON LLP


                                          By: */s/ Asim M. Bhansali*

                                          Asim M. Bhansali (SBN 194925)
                                          abhansali@kblfirm.com
                                          Nicholas A. Roethlisberger (SBN 280497)
                                          nroethlisberger@kblfirm.com
                                          KWUN BHANSALI LAZARUS LLP
                                          555 Montgomery St., Suite 750
                                          San Francisco, CA 94111
                                          (415) 630-2350

                                          Maeve L. O'Connor (*pro hac vice*)
                                          moconnor@debevoise.com
                                          Elliot Greenfield (*pro hac vice*)
                                          egreenfield@debevoise.com
                                          Matthew J. Sorensen (*pro hac vice*)
                                          mjsorensen@debevoise.com
                                          DEBEVOISE & PLIMPTON LLP
                                          66 Hudson Boulevard
                                          New York, NY 10001
                                          (212) 909-6000

                                          Attorneys for Defendants
                                          VMWARE, INC., PATRICK P. GELSINGER
                                          and ZANE ROWE