UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION


WILLIAM LAMARTINA, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS          CASE NO.  CV-20-02183 EJD
SIMILARLY SITUATED,

                                     SAN JOSE, CALIFORNIA
           PLAINTIFF,

                                     JUNE 8, 2023
VS.

                                     PAGES 1 - 11
VMWARE, INC., ET AL.,

           DEFENDANTS.



                TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE EDWARD J. DAVILA
             UNITED STATES DISTRICT JUDGE

   A-P-P-E-A-R-A-N-C-E-S

   FOR THE PLAINTIFF:     ROBBINS GELLER RUDMAN & DOWD LLP
                          BY:  SCOTT H. SAHAM
                               ASHLEY KELLY
                          655 WEST BROADWAY, SUITE 1900
                          SAN DIEGO, CALIFORNIA 92101


   FOR THE DEFENDANTS:    DEBEVOISE & PLIMPTON LLP
                          BY:  MAEVE O'CONNOR
                          66 HUDSON BOULEVARD
                          NEW YORK, NEW YORK 10001

                          KWUN BHANSALI LAZARUS LLP
                          BY:  ASIM M. BHANSALI
                          555 MONTGOMERY STREET, SUITE 750
                          SAN FRANCISCO, CALIFORNIA 94111


   OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, RMR, CRR
                               CERTIFICATE NUMBER 8074


        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
   TRANSCRIPT PRODUCED WITH COMPUTER.

SAN JOSE, CALIFORNIA                            JUNE 8, 2023

P R O C E E D I N G S

(COURT CONVENED AT 10:41 A.M.)

THE COURT:  LET'S TURN TO OUR 10:00 O'CLOCK CALENDAR AND CALL 20-2182, LAMARTINA VERSUS VMWARE.

IF THOSE PARTIES COULD COME FORWARD, PLEASE.

IF I COULD GET THE APPEARANCE OF THE PARTIES, PLEASE.

COME FORWARD.

LET'S START WITH PLAINTIFFS.

MR. SAHAM:  GOOD MORNING, YOUR HONOR.

SCOTT SAHAM AND ASHLEY KELLY FOR THE LEAD PLAINTIFFS.

THE COURT:  THANK YOU.  GOOD MORNING.

MS. O'CONNOR:  GOOD MORNING, YOUR HONOR.

MAEVE O'CONNOR AND ELLIOTT GREENFIELD OF DEBEVOISE & PLIMPTON, AND ASIM BHANSALI FROM KWUN, BHANSALI, LAZARUS FOR THE DEFENDANTS.

THE COURT:  THANK YOU.  GOOD MORNING.  NICE TO SEE YOU.

THANK YOU FOR YOUR PATIENCE.  THIS IS A CASE MANAGEMENT CONFERENCE, AND I THINK YOU PROPOSED SOME SCHEDULING.  BUT WHY DON'T YOU UPDATE ME ON THE STATUS OF THINGS.

MR. SAHAM:  SURE, YOUR HONOR.

WE DID REACH AGREEMENT AMONGST THE PARTIES WITH RESPECT TO A SCHEDULE WHICH WE SUBMITTED IN THE CMC STATEMENT.

THE COURT:  RIGHT.

MR. SAHAM:  WE'VE REACHED AGREEMENT ON VIRTUALLY EVERYTHING.  THERE'S TWO OR THREE OUTSTANDING ISSUES THAT THE PLAINTIFF WOULD LIKE TO GET THE COURT TO WEIGH IN ON IF WE COULD.

THE COURT:  SURE.  SURE.  LET ME TURN TO THAT.  GO AHEAD.

MR. SAHAM:  THE FIRST ISSUE, YOUR HONOR, OBVIOUSLY IN THE MOTION TO DISMISS ORDER YOU RELIED AND ADDRESSED THE S.E.C. INVESTIGATION AND THE CEASE AND DESIST ORDER.

THE DEFENDANTS HAVE AGREED AT LEAST FOR THE STARTING OF DISCOVERY BY JUNE 30TH TO PRODUCE ALL OF THE DOCUMENTS THAT THEY PRODUCED TO THE S.E.C. IN PRESENTATIONS MADE TO THE S.E.C.

THERE'S A SLIGHT DISPUTE, THOUGH, WITH RESPECT TO THEIR EIGHT DEPOSITIONS TAKEN BY THE S.E.C.  ALL OF THE WITNESSES IN FRONT OF THE S.E.C., INCLUDING THE TWO INDIVIDUAL DEFENDANTS HERE, WERE REPRESENTED BY DEFENSE COUNSEL IN THIS CASE.

THERE'S CONTROLLING CASE LAW FROM JUDGE SEEBORG IN THE LEGATO CASE THAT AN S.E.C. DEPOSITION TRANSCRIPT IS WITHIN THE CONTROL OF THE WITNESS.  TWO OF THE WITNESSES ARE PARTIES IN THIS CASE REPRESENTED BY MS. O'CONNOR AND IN THE CASE THAT IS BEFORE JUDGE SEEBORG, THE LEGATO CASE, HE COMPELLED THOSE TRANSCRIPTS TO BE PRODUCED.

HERE, DEFENSE COUNSEL HAS OFFERED TO ASK THE WITNESSES, INCLUDING THE TWO DEFENDANTS AND THE OTHER SIX WITNESSES, WHO THEY REPRESENTED BEFORE THE S.E.C., TO ORDER THOSE TRANSCRIPTS.

WE DON'T THINK THAT'S GOOD ENOUGH.  WE THINK THEY NEED TO BE PRODUCED AND PRODUCED PROMPTLY AS THOSE ARE OBVIOUSLY HIGHLY RELEVANT PIECES OF EVIDENCE THAT WE WOULD LIKE TO GET AT THE OUTSET OF THE DISCOVERY SO THAT WE CAN MEET AND CONFER ABOUT SEARCH TERMS.

THE COURT:  SO THEN THEY'VE AGREED TO ORDER THE TRANSCRIPTS?

MR. SAHAM:  THEY'VE AGREED TO ASK THE WITNESSES TO ORDER THEM.  AND I THINK WHAT WE WOULD LIKE RIGHT NOW, YOUR HONOR, IS THE COURT TO COMPEL THEM.  WITH RESPECT TO THE TWO DEFENDANTS, CERTAINLY THEY HAVE TO BE PRODUCED UNDER THE LEGATO PRECEDENT.  AND WITH RESPECT TO THE OTHER SIX, IT'S FINE THAT THEY ASKED THEM TO ORDER THEM, BUT I THINK THEY SHOULD TELL US WITHIN A WEEK WHETHER OR NOT THEY'VE AGREED TO ORDER THEM, AND IF NOT, WE WILL SUBPOENA THEM AND THEN THEY WOULD BE COMPELLED TO ORDER THEM.

BUT WE DON'T WANT TO HAVE UNREASONABLE DELAY WITH RESPECT TO THESE HIGHLY RELEVANT TRANSCRIPTS WHICH WE WOULD LIKE TO GET RIGHT AWAY.  THEY WERE REQUESTED IN DISCOVERY FROM THE DEFENDANTS.

THE COURT:  I UNDERSTAND.  MS. O'CONNOR.

MS. O'CONNOR:  THANK YOU, YOUR HONOR.

SO I REALLY DON'T THINK THAT THERE'S ANY ISSUE HERE THAT REQUIRES THE COURT'S ATTENTION, AND I'LL JUST TAKE A STEP BACK. I THINK THAT WE WORKED VERY WELL WITH PLAINTIFF'S COUNSEL SO

FAR.  WE'VE AGREED TO EXPEDITE NOT JUST S.E.C. PRODUCTIONS AND TEXTS, ALSO ALL OF THE CORRESPONDENCE.

THIS REQUEST FOR THE TRANSCRIPTS JUST CAME UP, AND AS IT TURNS OUT, UNDER S.E.C. REGULATIONS, THE COMPANY CANNOT REQUEST THE TRANSCRIPTS.  THE INDIVIDUALS HAVE TO REQUEST THE TRANSCRIPTS.

SO WE GOT THIS INFORMATION AND WE TOLD PLAINTIFFS I THINK YESTERDAY, WE WILL REACH OUT TO ALL OF THE INDIVIDUALS AND TELL THEM THIS AND ASK THEM TO REQUEST THE TRANSCRIPTS.

SO I DON'T THINK THERE'S ANY --

THE COURT:  IT'S A PROCEDURAL ISSUE.

MS. O'CONNOR:  YEAH.  THERE'S NO LIVE ISSUE HERE. WE WILL DO THAT WITH REASONABLE EXPEDITION.  WE HAVE BEEN MOVING FORWARD I THINK VERY WELL AND VERY COOPERATIVELY.  I JUST DON'T SEE ANYTHING THAT REQUIRES THE COURT'S ATTENTION.

THE COURT:  IT SOUNDS LIKE IT'S A PROCEDURAL ISSUE WITH S.E.C.  I DON'T HEAR ANYTHING MS. O'CONNOR SAYING IS, NO, WE'RE NOT GOING TO GIVE IT TO THEM.

MR. SAHAM:  WELL, YOUR HONOR, I THINK WHAT SHE'S SAYING IS THEY'RE GOING TO ASK THE WITNESSES TO ORDER THEM. FIRST OF ALL, THEY REPRESENT THE WITNESSES, AND THESE DOCUMENTS AND TRANSCRIPTS ARE IN CONTROL OF THE WITNESSES, TWO OF WHICH ARE PARTIES.  IT DOESN'T MATTER WHETHER --

THE COURT:  I THINK YOU'VE TOLD ME THAT.

MR. SAHAM:  YES, YOUR HONOR.

THE COURT:  SO I'M JUST INTERESTED IN GETTING IT FOR YOU.

MR. SAHAM:  CORRECT, THAT'S WHAT I WOULD LIKE.

THE COURT:  AND IT SOUNDS LIKE MS. O'CONNOR IS SAYING, YES, WE'LL GET IT FOR YOU.  BUT HER INTERPRETATION OF THE S.E.C. REGULATIONS, WHATEVER IT IS THAT IS IN THAT, I KNOW --

MR. SAHAM:  IF MS. O'CONNOR IS COMMITTING TO ORDER THEM OR HAVE THE WITNESSES ORDER THEM, THAT WOULD BE PERFECTLY ACCEPTABLE TO THE PLAINTIFF.

MS. O'CONNOR:  WELL, I MEAN, I THINK I'M DOING WHAT I'M PERMITTED TO DO, WHICH IS REACHING OUT TO THE INDIVIDUALS AND ASKING THEM TO ORDER THEM BECAUSE I CANNOT, AND I HOPE THAT -- I WOULDN'T EXPECT THERE TO BE ANY ISSUE BECAUSE WE CAN READ THE LAW AND UNDERSTAND THE LAW, TOO, BUT IF THERE'S SOMEONE WHO REFUSES THAT, THE PLAINTIFF CAN THEN ADDRESS IT. WE DON'T HAVE AN ISSUE.

THE COURT:  I TAKE IT THE SPIRIT OF WHAT SHE JUST SAID IS THAT WE'RE GOING TO DO WHAT WE CAN TO GET YOU THOSE.

MR. SAHAM:  THAT'S FINE, YOUR HONOR.

THE COURT:  YES, THAT'S THE SPIRIT OF IT.  AM I MISTAKEN?

MS. O'CONNOR:  THAT IS 100 PERCENT THE SPIRIT OF IT.

THE COURT:  OKAY.  GREAT.

MR. SAHAM:  THE SECOND ISSUE, YOUR HONOR, WHICH I

THINK IS EVEN A SIMPLER ISSUE, THERE'S THE STANDARD MODEL PROTECTIVE ORDER OF THE NORTHERN DISTRICT.  PLAINTIFFS BELIEVE THAT SHOULD BE THE PROTECTIVE ORDER UTILIZED IN THIS CASE. DEFENSE COUNSEL BELIEVES THAT THE PATENT PROTECTIVE ORDER, WHICH HAS MORE COMPLICATION TO IT, IS THE APPROPRIATE PROTECTIVE ORDER.

JUDGE CORLEY VERY RECENTLY IN A CASE FOUND THAT IF IT DOESN'T INVOLVE TRADE SECRETS, IF IT DOESN'T INVOLVE PATENTS, THE STANDARD MODEL ORDER IS THE APPROPRIATE ORDER, AND WE WANT THE COURT TO WEIGH IN ON THAT POINT SO THE PARTIES CAN FINALIZE THE PROTECTIVE ORDER TO GET THE DOCUMENTS PRODUCED BY JUNE 30TH.

THE COURT:  OKAY.  SURE.

MS. O'CONNOR:  SO OUR PERSPECTIVE ON THAT, YOUR HONOR, IS THAT THIS IS A CASE THAT WILL INVOLVE HIGHLY SENSITIVE FINANCIAL INFORMATION, PROJECTIONS AND THE LIKE OF A PUBLIC COMPANY.

THE PLAINTIFF IS A PENSION FUND THAT MAKES INVESTMENTS IN PUBLIC COMPANIES, AND SO WE FEEL THAT THERE ARE LIKELY TO BE SOME DOCUMENTS THAT MERIT THE "ATTORNEYS' EYES ONLY" PROVISION OF THE DUAL LEVEL PROTECTIVE ORDER THAT IS THE STANDARD MODEL WHICH AS DESCRIBED IN THE WEBSITE IS NOT DESCRIBED AS ONLY FOR PATENT CASES.  AND, YOU KNOW, WE DON'T SEE ANY SIGNIFICANT BURDEN THAT THAT IMPOSES.

OBVIOUSLY IF THE PLAINTIFF FEELS THAT WE HAVE MISUSED

THOSE TIERS, THERE'S MECHANISMS FOR CHALLENGING AND UNDOING THAT.  BUT WE DO FEEL THAT THIS CASE WILL ENTAIL THE DISCOVERY OF SENSITIVE INFORMATION THAT MERITS THAT.

THE COURT:  OKAY.

MR. SAHAM:  YOUR HONOR, THIS IS A SECURITIES CASE, NOT A PATENT CASE.  ROUTINELY THE NORTHERN DISTRICT USES THE STANDARD PROTECTIVE ORDER FOR SECURITIES CASES.

THE COURT:  SURE.  I UNDERSTAND THAT.

I THINK YOU HAVE SEEN CASES WHERE THERE'S DEVIATIONS IN ALL OF THESE THINGS AND SOMETIMES I ASK COUNSEL TO CRAFT SOMETHING USING BOTH OF OUR PATENT AND THE STANDARD AS THE CASE NEEDS.

I TAKE YOUR REPRESENTATION, AT LEAST AT THE OUTSET, YOU FEEL THAT TO PROTECT YOUR CLIENTS, YOU NEED SOMETHING AND I DON'T THINK THAT THIS IS THE TIME AND PLACE FOR ME TO MAKE A DECISION ON WHICH ONE.  I THINK I WANT TO GIVE COUNSEL AN OPPORTUNITY TO AT LEAST PROVIDE THE PROTECTION THAT SHE BELIEVES HER CLIENT DESERVES, AND THEN WE'LL TALK ABOUT IF IT'S OVERBROAD, MAYBE I NEED TO LOOK AT THAT AND THEN MAKE THAT DECISION.

BUT I APPRECIATE THE SPIRIT OF COOPERATION.  MY SENSE IS THAT YOU'LL BE ABLE TO AT LEAST LISTEN TO THE REASONS AND THEN IF WE NEED TO DISCUSS IT, YOU KNOW, WE WILL.

MR. SAHAM:  OKAY.  WE'LL CONTINUE TO MEET AND CONFER ON THAT, YOUR HONOR.

THE COURT: THANK YOU. I APPRECIATE THAT. THANKS. OTHER THAN THAT, EVERYTHING IS GOING SWIMMINGLY?

MR. SAHAM: YES, YES. I GUESS JUST THE LAST ISSUE IS THE NUMBER OF DEPOSITIONS IN THE CASE.

THE COURT: I SAW SOMETHING ABOUT 35 FACT DEPOSITIONS. DID I MISREAD THAT?

MS. O'CONNOR: I THOUGHT I MISREAD IT, TOO, YOUR HONOR.

MR. SAHAM: YOUR HONOR, WHAT HAPPENED IS THAT WE STARTED AT 35 AND THEY SAID THE 10, AND I THINK WHAT WE WERE AIMING TOWARDS WAS SOMEWHERE IN THE MIDDLE. I THINK THE DEFENDANTS' POSITION IS THAT, OH, YOU SHOULD TAKE THE 10 FIRST AND THEN COME BACK TO THE COURT.

THE PROBLEM WITH THAT, YOUR HONOR, IS THAT IN SECURITIES CASES THE SEQUENCE OF THE DEPOSITIONS ARE VERY IMPORTANT. YOU OBVIOUSLY WANT TO TAKE THE TWO INDIVIDUAL DEFENDANTS RIGHT AT THE END, AND IF YOU DON'T KNOW THE PRECISE NUMBER, IT'S DIFFICULT TO SEQUENCE THOSE OR YOU WOULD HAVE TO PRESERVE THOSE LAST COUPLE OF DEPOSITIONS FOR THE APEX INDIVIDUALS, AND I THINK WHAT WE WERE LOOKING FOR WAS SOME NUMBER LESS THAN 35, PERHAPS IN THE 18 TO 20 RANGE TO JUST HAVE CERTAINTY.

THE COURT: I WAS JUST GOING TO SAY 15.

MR. SAHAM: YEAH. AND I THINK THAT WOULD BE GREAT FOR THE PLAINTIFFS, 15, AND IF WE NEEDED MORE, WE WOULD COME BACK.

MS. O'CONNOR:  WELL, I MEAN, I GUESS I'LL RESPOND TO A COUPLE OF PIECES OF THAT.  ONE, IS I DON'T BELIEVE WE SAID TO THE PLAINTIFFS DO THE TEN AND IF YOU NEED MORE GO TO THE COURT.

WE WOULD HAVE SAID DO THE 10 OR DO SOME NUMBER OF THEM AND THEN YOU NEED TO MAKE A SHOWING AND WE'LL HEAR YOU OUT ON THAT AND IT WILL BE REASONABLE AND COME TO THE COURT IF WE NEED TO.

OBVIOUSLY I DON'T THINK THE CASE MERITS MORE THAN 10. HAVING SAID THAT, I MUCH PREFER THE NUMBER 15, BECAUSE THE NUMBER 35 SEEMS UNCONNECTED TO ANYTHING IN THIS LAWSUIT.

THE COURT:  I READ THIS AND I THOUGHT, WELL, 35 SEEMS LIKE A LOT, BUT I DON'T KNOW ANYTHING ABOUT YOUR CASE, OF COURSE.

BUT 15 SEEMS A LOT, AND I STILL DON'T KNOW ANYTHING ABOUT YOUR CASE, BUT I THINK 15 WOULD PROBABLY AT LEAST AT THIS POINT.

MR. SAHAM:  YEAH, THAT WOULD BE ACCEPTABLE AS LONG AS WE HAD 15 AND IF WE NEEDED TO MAKE A SHOWING.

THE COURT:  YOU CAN ALWAYS COME BACK.  YOU CAN ALWAYS ASK, SURE.

MR. SAHAM:  THAT WOULD BE GREAT, YOUR HONOR.

THE COURT:  GREAT.

MS. O'CONNOR:  OKAY.

MR. SAHAM:  I THINK THAT'S -- THOSE WERE THE ONLY DISPUTES.  THE SCHEDULE THAT THE PARTIES AGREE UPON, AND WE WOULD REQUEST THE COURT ENTER IT AS ACCEPTABLE.

THE COURT:  SURE.  I LOOKED AT THE SCHEDULE AND I THINK IT'S APPROPRIATE.  THANK YOU FOR YOUR WORK.  THANK YOU FOR YOUR PATIENCE.

MR. SAHAM:  THANK YOU, YOUR HONOR.

MS. O'CONNOR:  THANK YOU, YOUR HONOR.

THE COURT:  GOOD SEEING YOU ALL.  THANK YOU.

(COURT CONCLUDED AT 10:52 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
IRENE RODRIGUEZ, CSR, RMR, CRR
CERTIFICATE NUMBER 8074

DATED:  JUNE 23, 2023