October 13, 2023

<u>VIA ECF</u>

Magistrate Judge Virginia K. DeMarchi
San Jose Courthouse,
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

   Re: *Lamartina v. VMware, Inc. et al.*
     No. 5:20-cv-02182 (N.D. Cal.)

Dear Judge DeMarchi,

   Pursuant to Your Honor's Standing Order for Civil Cases ("Standing Order"), Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff"), together with Defendants VMware, Inc. ("VMware" or the "Company"), Patrick P. Gelsinger ("Gelsinger"), and Zane Rowe ("Rowe") (collectively, "Defendants") hereby submit this joint discovery letter to resolve a discovery dispute.

## I. Statement of the Dispute Requiring Resolution

   In connection with a then-pending SEC investigation, VMware presented certain information and produced documents to the SEC concerning topics that are also relevant to this securities class action. The parties dispute whether those presentations and document productions waived attorney-client privilege or work product protections as to the subject matter of those topics.

## II. The Parties' Positions

### A. Plaintiff's Position

   In 2019, the SEC began investigating VMware's backlog to "determine if violations of the federal securities laws have occurred." LAMARTINA-VMW00000045. During the investigation, the SEC sought documents regarding "backlog," "10b5-1 trading plans," and "acquisition, sale, or disposal," transactions in VMware securities. *Id.*; *see also* LAMARTINA-VMW00000212. Those types of documents, including from the custodial files of VMware's in-house attorneys Amy Olli, Craig Norris, and Larry Wainblat, and other documents concerning the SEC's investigation, were requested by Plaintiff.[1]

---

[1] Plaintiff's relevant discovery requests are attached as Exhibit 1 (*see* RFP Nos. 2, 4 (investigative memos); 5, 8 (backlog and disclosures); and 46, 48 (insider trading)). Plaintiff requested that Norris, Wainblat, and Olli be included as custodians for the period May 15, 2018 - March 15, 2020. VMware does not contest the relevance of these custodians, but instead claims privilege, and that it would be unduly burdensome to compile a privilege log for those individuals' communications.

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 2

In an attempt to avoid or mitigate liability related to the investigation, VMware voluntarily disclosed to the SEC privileged and/or protected communications.[2]  These disclosures waived attorney-client privilege and work product protection for documents relating to (1) in-house counsels' drafting and approval of the Company's backlog disclosure; (2) in-house counsels' approval of insider transactions; and (3) investigative interview memoranda.

Withholding these documents would impermissibly allow Defendants to use the privilege as both a sword and shield in violation of the law of this Circuit.  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020); *United States v. Reyes*, 239 F.R.D. 591, 602 (N.D. Cal. 2006).

### 1.    VMware Waived Privilege as to the Backlog Disclosure and Insider Transactions

Waiver here "rest[s] on the 'fairness principle,'" which:

"is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. . . . In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."

This fairness principle also animates the concept of subject matter waiver, in which "voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject."

*Sanmina Corp.*, 968 F.3d at 1117.  "Parties 'cannot be permitted to pick and choose' in their disclosure of protected communications, 'waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others.'" *Reyes*, 239 F.R.D. at 602-03 (finding waiver of both attorney-client privilege and work-product protection where counsel "disclosed the substance of their investigative interviews, reports, and conclusions with the [SEC]").  These fairness principles have been endorsed many times over. *SNK Corp. of Am. v. Atlus Dream Ent. Co., Ltd.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999) ("A party, therefore, may not selectively disclose privileged communications that it considers helpful while claiming privilege on damaging communications relating to the same subject."); *Wadler v. Bio-Rad Lab'ys, Inc.,* 212 F. Supp. 3d 829, 851 (N.D. Cal. 2016) ("waiver of attorney-client privilege not only as to the document itself but also any privileged communications about the specific matters disclosed").

In a written submission to the SEC made for the express purpose of resolving the SEC's investigation (the "Written Submission"), the Company cited in-house counsels' approval of the backlog disclosure and the insider sales transactions as evidence that "VMware personnel acted in

---

[2]    Ultimately, the SEC entered a Cease-and-Desist Order requiring VMware to pay an $8 million penalty. *See* ECF 77-1.

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 3

good faith," and thus, it argued, "there is no basis for finding violations of the antifraud provisions [of the federal securities laws], let alone a finding of scienter." LAMARTINA-VMW00000469 at 472. VMware argued: (1) "VMware's Finance and Legal Professionals . . . Approved the Company's Use of Backlog and its Backlog Disclosure;" (2) "[t]he record contains numerous emails, an internal memorandum, and other documents that reflect these individuals' thoughtful consideration of the [backlog] disclosure;" (3) that communications from VMware's in-house counsel that were produced to the SEC, including those stamped "privileged," evidenced the backlog disclosure was drafted and revised by in-house counsel; and (4) based on these communications, "VMware had a reasonable, good-faith basis for adopting its backlog disclosure." *See, e.g.*, LAMARTINA-VMW00000469 at 485-90. At least 50 withheld/redacted documents from attorneys Norris, Wainblat and Olli specifically relate to the drafting of the backlog disclosure in May-June 2018.[3]

VMware also submitted the Written Submission in an effort to avoid liability for insider transactions on the basis that "all of the trades at issue were . . . precleared by VMware's legal team." LAMARTINA-VMW00000469 at 498. This is consistent with an Executive Trading Analysis Presentation made by VMware to the SEC, which disclosed that in-house counsel approved Defendants' insider transactions. LAMARTINA-VMW00000565. The Company's presentations and production of privileged emails to the SEC detailing in-house counsels' drafting and approval of the Company's backlog disclosure and insider trading constitute waiver over withheld documents relating to the same subject matter. *Sanmina Corp.*, 968 F.3d at 1117.

Defendants' reliance on VMware's in-house counsel as evidence of "good faith," and against "a finding of scienter" also constitutes waiver. *Abdo v. Fitzsimmons*, 2022 WL 2276898, at *1 (N.D. Cal. June 23, 2022) ("Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent.") (citation and quotations omitted).[4] "[F]airness dictates that Defendants not be able to introduce evidence implying that its lawyers passed on the adequacy of Defendants' communications," while also withholding documents on the "subjects of its public statements on the grounds of privilege." *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021); *see also Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1189-90 (E.D. Cal. 2001) ("Fairness requires that a party who seeks to be absolved of willful infringement because it relied on counsel's advice pay the discovery price."). VMware waived any privilege when it expressly put the conduct of its attorneys at issue in its voluntary (and exculpatory) submissions to the SEC.

---

[3] Excerpts of the privilege log covering redacted documents from this period are attached hereto as Exhibit 2. These are in addition to 250 'backlog' communications logged by VMware outside that time period, and additional withheld communications related to Defendants' insider transactions.

[4] *See also id.* ("[Advice of counsel] doesn't have to be a formal defense. It can be a shorthand for saying that if certain things are shown, scienter (an element of the claim) has been negated.").

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 4

### 2. VMware Waived Any Privilege or Protections When It Revealed the Contents of Internal Investigation Memoranda to the SEC

In its Written Submission, the Company also deliberately disclosed and quoted favorable statements allegedly made by PwC partner Stephane Berthier during an interview with counsel for VMware, arguing that: "[g]iven PwC's approval of the Company's disclosure language, we do not see a basis for fraud charges against the Company." LAMARTINA-VMW00000469 at 489-90. VMware's intentional disclosure of interview statements had the effect of waiving any privilege as to the interview memoranda for the entire subject matter.

Judge Alsup addressed this issue in a similar private securities case:

> [W]hen you go to the SEC and you say, "We did a report and here's what it says, and here's what we found, A, B, C, D, and E," waiver.
>
> *        *        *
>
> So I would say anything that related to one of the statements that were made to the SEC . . . is waived, and you've got to produce the ***interview memos*** and you've got to produce the work papers of KPMG that relate to that. That's my order.

Transcript of Proceedings at 16:9-19, *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-CV-05447 (N.D. Cal. Sept. 21, 2017), ECF 197 (emphasis added); *Luna v. Marvell Tech. Grp., Ltd.*, 2017 WL 4286325, at *1 (N.D. Cal. Sept. 22, 2017) ("Marvell waived any work-product or attorney-client privilege over [interview memoranda] by presenting its findings to the SEC."). This is consistent with the weight of authority. *In re Banc of Cal. Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) ("disclosure of summaries of the witness interviews [to the SEC] acted to waive any work product or attorney-client privilege over any notes or memoranda memorializing those interviews"); *Reyes*, 239 F.R.D. at 602 (waiver where the substance of "investigative interviews, reports, and conclusions" were disclosed to the SEC).

VMware's reliance on its in-house counsels' approval of its backlog disclosure and insider trading, and the express disclosure of privileged communications constitute waiver.

### 3. Plaintiff's Proposed Resolution

VMware must produce: (1) the 50-plus documents withheld as privileged listed in Ex. 2 regarding the drafting and approval of the backlog disclosure in May-June 2018, and any documents from the custodial files of Norris, Olli, and Wainblat concerning backlog, the backlog disclosure, and Defendants' insider transactions; and (2) all interview memoranda drafted as part of VMware's investigation of the backlog and insider trading at issue.

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 5

### B.      Defendants' Position

The privilege waivers Plaintiff seeks to establish are not supported by the factual record or its cited case law.   VMware asserted the attorney-client privilege in the SEC investigation and maintained the privilege at all times.   VMware neither produced nor described the contents of its privileged communications to the SEC or any other party outside of the privilege.   VMware did not assert an advice of counsel defense in the SEC investigation and will not assert one in this case. Despite this reality, Plaintiff misleadingly attempts to characterize VMware's disclosure of clearly non-privileged communications to the SEC as somehow supportive of the sweeping waivers it seeks. But, Plaintiff's contention is without merit and should be rejected.

Plaintiff's argument that VMware waived work product protection over all interview memos prepared during the SEC investigation also lacks merit.   VMware disclosed discrete statements that one witness made to counsel in a non-privileged interview.   Neither the contents—nor the existence— of other memoranda were shared with the SEC and, therefore, under well-settled law, work product protection was not waived.

### 1.      VMware Did Not Waive Attorney-Client Privilege.

Plaintiff's blanket assertions of privilege waiver have no basis in the law.   The Ninth Circuit recognizes two types of privilege waiver:   express and implied.   "An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).   An implied waiver occurs (1) when a party takes an "affirmative act"; (2) "through this affirmative act, the asserting party puts the privileged information at issue"; and (3) "allowing the privilege to protect against disclosure of the information would be *manifestly unfair* to the opposing party." *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 468 (N.D. Cal. 2006).   Plaintiff fails to show either waiver.

*First*, VMware did not expressly waive privilege.   It withheld privileged communications, it logged those communications on its privilege log, and it neither disclosed nor described their contents to a third party. *Gross v. Directors Guild of Am., Inc.*, 2018 WL 5914242, at *9 (N.D. Cal. Aug. 22, 2018) (no express waiver where privileged information was not shared with third party and privilege not otherwise disregarded).   Contrary to Plaintiff's misleading statement that VMware disclosed "privileged" communications to the SEC, none of the referenced documents—comprising communications with outside auditors, among others—are actually privileged.

*Second*, VMware did not impliedly waive privilege.   Nowhere in VMware's presentations to the SEC did the company place privileged advice "at issue."   As this Court recognized, the principal way to do so is by asserting a reliance on advice of counsel defense. *Finjan, Inc. v. Sonicwall, Inc.*, 2018 WL 4998149, at *4 (N.D. Cal. Oct. 15, 2018); *United States v. Anthony*, 2023 WL 2716581, at *3 (N.D. Cal. Mar. 29, 2023) (recognizing multiple instances where "the privilege holder invoked a privileged communication or privileged legal advice *as part of a claim or defense*, thereby putting

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 6

the communication or advice at issue"). VMware did not assert a reliance on counsel defense in the SEC investigation; indeed, the SEC's findings make no reference to such defense. Nor has VMware asserted a reliance on counsel defense in this case.

While Plaintiff misleadingly quotes the Written Submission and Trading Presentation, those documents make clear that *no privileged communications were put in issue*. In the Written Submission, VMware relied on *non-privileged communications* between its personnel and outside auditor, PwC, as evidence that it followed bona fide corporate processes and accounting practices in connection with backlog reporting and executive trading. In the Trading Presentation, VMware cited *non-privileged communications* concerning the company's processes to ensure compliance with internal policies on executive trading. *Bruno v. Equifax Info. Servs., LLC*, 2019 WL 633454, at *3 (N.D. Cal. Feb. 14, 2019) (contention that defendant had a "reasonable belief that it was acting lawful" based on its policies and procedures was not a waiver).[5]

The fact that some personnel involved in these non-privileged communications were lawyers or lawyers were consulted about relevant matters is insufficient to find waiver. *See, e.g.*, *Planet Aid, Inc. v. Reveal*, 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018) (no waiver where defendants "recited the fact that they consulted with counsel" "in recounting the factual narrative of what they did"); *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) (Ginsburg, *J.*) ("An averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice. Where a defendant neither reveals substantive information, nor prejudices the government's case . . . fairness and consistency do not require the inference of waiver.").

Nor does the fact that VMware received legal advice on relevant issues support waiver. *Aristocrat Leisure Ltd. v. Deutsche Bank*, 2009 WL 3111766, at *16 (S.D.N.Y. Sept. 28, 2009) ("[M]erely stating that [defendant] sought advice of counsel on a particular topic does not . . . waive privilege."). Plaintiff's suggestion that VMware put privileged advice in issue by twice mentioning "good faith" in describing its overall disclosure process is misplaced. *In re C.M. Meiers Co., Inc.*, 2016 WL 9458553, at *26 (C.D. Cal. Dec. 20, 2016) (recognizing defendant did not "impliedly waive[] . . . attorney-client privilege" by arguing it "acted reasonably by retaining . . . counsel" because "[c]onsulting with counsel" was just "one piece of the entire claims review process"); *In re Residential Cap., LLC*, 491 B.R. 63, 72 (Bankr. S.D.N.Y. 2013) (attorney-client privilege not waived if debtors "argued that they sought the advice of counsel, among other actions, in an effort to reasonably educate themselves as to [relevant matters]").[6] The statements Plaintiff relies upon disclose no more information than what is included on a privilege log. *Genentech*, 236 F.R.D. at 469 ("Waiver is not likely to be found when the statements alleged to constitute waiver do not disclose the contents of a specific [attorney-client] communication.").

---

[5]    *None* of the cases cited by Plaintiff imposed an implied waiver based on the use of non-privileged communications.

[6]    *Abdo* and *Shenwick*, cited by Plaintiff, are not to the contrary. They concern what evidence a defendant may introduce when not pursuing a reliance on counsel defense. Neither case finds a privilege waiver.

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 7

*Third*, Plaintiff cannot show that it is manifestly unfair for VMware to maintain privilege. VMware has produced all ~75,000 documents that were produced to the SEC and is reviewing over 60,000 more documents for supplemental productions.  Plaintiff is not prejudiced by VMware's privilege assertions:  VMware has not asserted a reliance on counsel defense—nor will it. *Bittaker*, 331 F.3d at 720–21 ("The court . . . gives the holder of the privilege a choice: . . . [it may waive or it] may preserve the confidentiality of the privileged communications by [abandoning] the claim that gives rise to the waiver condition."); *Holman v. Experian In. Sols., Inc.*, 2012 WL 2501085, at *5 (N.D. Cal. June 27, 2012) (no waiver where defendant "unequivocally" stated "it will not rely on an advice of counsel defense for any purpose").  Thus, it has used the privilege only as a shield.  *Finjan*, 2018 WL 4998149 at *4 (no waiver where privilege used only as a shield).  The drastic remedy of implied waiver is not appropriate on these facts.

### 2.    VMware Did Not Waive Work Product Protection.

Plaintiff's claim that VMware waived work product protection for every interview memo relevant to the SEC investigation is even weaker.  Here, VMware shared with the SEC certain statements that Berthier made to counsel during a non-privileged interview.  Plaintiff has access to the statements and may cross-examine Berthier about them.  To the extent the disclosure of additional information may be required, it should be limited to the factual work product reflected in counsel's notes from that interview.[7]

VMware did not disclose the contents of any other interviews nor did it rely on them in advocating before the SEC.  Accordingly, Plaintiff has no basis to claim waiver over such work product.  *S.E.C. v. Schroeder*, 2009 WL 1125579, at *5, 7 (N.D. Cal. Apr. 27, 2009) (no waiver of undisclosed interview notes despite production of final interview memoranda to SEC); *Rubalcava v. City of San Jose*, 2022 WL 484988, at *4 (N.D. Cal. Feb. 16, 2022) (work product waived as to notes from witness interviews recounted in declaration, but not undisclosed interviews); *Reyes*, 239 F.R.D. at 604 (interview memos waived "to the extent [such materials were actually] disclosed to the government").  Further, the sweeping subject matter waiver Plaintiff seeks over work product is improper. *Akamai Techs., Inc. v. Digital Island, Inc.*, 2002 WL 1285126, at *10 (N.D. Cal. May 30, 2002) (finding "unconvincing" and "unjustified" plaintiff's assertion that "subject matter waiver may arise under the work product doctrine"); *In re Intuitive Surgical Securities Litig.*, 2017 WL 5054404, at *3 (N.D. Cal. Apr. 10, 2017) (same).

## III.    WHETHER THE PARTIES REQUEST A HEARING

Plaintiff believes a hearing would be helpful to the Court in order to provide more detail and answer any questions the Court may have.

---

[7]    If the Court orders such disclosure, VMware reserves the right to redact undisclosed opinion work product. *Rubalcava*, 2022 WL 484988 at *6 (permitting redactions).

Magistrate Judge Virginia K. DeMarchi
October 13, 2023
Page 8

Defendants do not request a hearing, but will make themselves available if the Court determines that oral argument would be helpful.

## IV.    DISCOVERY CUT-OFF DATES

The fact and expert discovery cut-off dates are June 28, 2024 and October 11, 2024, respectively.  *See* ECF 103.

## V.    STATEMENT ATTESTING TO COMPLIANCE

Pursuant to the Standing Order, counsel hereby attest that telephonic conferences of lead counsel were held on Friday, September 15, 2023 and Tuesday, October 3, 2023.

Spencer Burkholz, Scott Saham, Laurie Largent, Ashley Kelly, Ting Liu, Sean McGuire, and Stephen Johnson attended for Plaintiff.

Maeve O'Connor, Matthew Sorenpsen, and Jillian Tancil attended for Defendants.

Very truly yours,

ROBBINS GELLER RUDMAN & DOWD LLP

s/ *Scott H. Saham*

_____

SCOTT H. SAHAM

DEBEVOISE & PLIMPTON LLP

s/ *Maeve L. O'Connor*

_____

MAEVE L. O'CONNOR

# EXHIBIT 1

Asim M. Bhansali
Nicholas A. Roethlisberger
Kwun Bhansali Lazarus LLP
555 Montgomery St., Suite 570
San Francisco, CA 94111
Telephone: 415.630.2350
Email: abhansali@kblfirm.com
Email: nroethlisberger@kblfirm.com

Maeve L. O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Mathew J. Sorensen (*pro hac vice*)
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: mjsorensen@debevoise.com

Attorneys for Defendants
VMWARE, INC., et al.,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated<br><br>                                    Plaintiff,<br><br>vs.<br><br>VMWARE, INC, et al,,<br><br>                                    Defendants. | Master File 5:20-cv-02182-EJD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order, File No. 3-21065, Sept. 12, 2022 ("SEC Order").

**Request No. 2:**

All transcripts of testimony, interviews, and exhibits thereto relating to the SEC's or any other governmental entity's investigation of VMware.

**Response to Request No. 2:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll transcripts of testimony, interviews, and exhibits thereto relating to the SEC's or any other governmental entity's investigation of VMware," regardless of whether such investigations are related to the subject matter of the Complaint. Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "governmental entity" and "investigation." Defendants further object to this Request to the extent that it calls for privileged documents.

Defendants further object to this Request to the extent that it seeks information outside Defendants' possession, custody or control. Defendants further object to this request to the extent that it calls for the production of information protected from disclosure by any regulatory rules, regulations or otherwise. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged transcripts of testimony and interviews and exhibits from the investigation that culminated in the SEC Order, to the extent they exist and to the extent they are in Defendants' possession, custody, or control.

**Request No. 3:**

All presentations made to the SEC or any other governmental entity regarding its investigation of VMware.

**Response to Request No. 3:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll presentations made to the SEC or any other governmental entity regarding its investigation of VMware," regardless of whether such investigation is related to the Complaint. Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "governmental entity" and "investigation."

Defendants further object to this Request to the extent that it seeks information outside Defendants' possession, custody or control. Defendants further object to this request to the extent that it calls for the production of information protected from disclosure by any regulatory rules, regulations or otherwise. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce presentations they made to the SEC in connection with the SEC investigation that culminated in the SEC Order.

**Request No. 4:**

All documents concerning any investigation or review of any issue relating to backlog, including, but not limited to, all investigative memos and exhibits thereto created during any internal investigation of VMware by the Company or its Board of Directors or any committee or subcommittee thereof.

**Response to Request No. 4:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents concerning" the topics covered by the Request, regardless of whether such documents are related to backlog or other topics at issue in the Complaint. Defendants object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "backlog," "investigative memos," and "internal investigation." Defendants further object to this

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – 5:20-cv-02182-EJD

8

Request to the extent that it calls for privileged documents. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent such materials are included in the materials that Defendants have agreed to produce in response to Requests 1, 2, and 3 (together, the "SEC Materials"). To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a mutually agreeable protocol identifying agreed-upon custodians, information repositories, and search terms ("Search Protocol"), are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 5:**

All documents concerning backlog, what backlog consisted of, the discretionary and nondiscretionary components of backlog, the holding of secured contracts as backlog, and/or the relationship between backlog and revenue.

**Response to Request No. 5:**

Defendants object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "backlog," "secured contracts," and "revenue." Defendants further object to this request as unreasonably duplicative of other Requests. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

concerning sales in the last two weeks of any quarter, or any commissions earned or received by salespersons for the sales," regardless of whether such documents are related to backlog or other topics at issue in the Complaint. Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "commissions," "salespersons," and "sales." Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 8:**

All documents concerning any disciplinary actions and/or whistleblower complaints concerning the Company's backlog policies or associated accounting and disclosures.

**Response to Request No. 8:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents concerning" the topics covered by the Request, regardless of whether such documents are related to backlog or other topics at issue in the Complaint. Defendants object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "disciplinary actions," "whistleblower complaints," and "backlog policies." Defendants further object to this Request to the extent that it calls for privileged documents. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including

a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 9:**

All documents concerning the use of MPL, discretionary holds, or the delay of any sales including any impact on revenue recognition.

**Response to Request No. 9:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "discretionary holds," "delay of any sales," and "revenue recognition." Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials.  To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 10:**

All documents relating to the recognition of revenue from sales that had previously been included as backlog.

**Response to Request No. 10:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case. Defendants object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "revenue," "sales," and "backlog."  Defendants further object to this request as unreasonably duplicative of other Requests.  Defendants expressly incorporate herein their "Objections to Definitions."

**Response to Request No. 44**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents and communications concerning the Individual Defendants' transactions in VMware's stock." Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined term "approved pre-clearance." Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 45:**

All documents and communications concerning the Individual Defendants' decisions to sell shares of VMware stock, including decisions regarding the timing of those sales.

**Response to Request No. 45:**

Defendants expressly incorporate herein their "Objections to Definitions." Defendants further object to this Request to the extent that it calls for privileged documents.

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 46:**

All documents concerning the Company's insider trading policies and any violations of or deviations from those policies.

**Response to Request No. 46:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents concerning the Company's insider trading policies and any violations of or deviations from those policies," regardless of whether those documents are related to the topics at issue in the Complaint. Defendants further object to this Request on the grounds that it calls for privileged documents. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 47:**

All documents concerning any blackout periods for the purchase or sale of VMware stock.

**Response to Request No. 47:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents concerning any blackout periods for the purchase or sale of VMware stock," regardless of whether those documents are related to the topics at issue in the Complaint. Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined term "blackout periods." Defendants further object to this Request to the extent that it calls for privileged documents. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will undertake targeted and reasonable efforts to identify, review, and produce non-privileged documents in its possession, custody, and/or control, if any, sufficient to show any blackout periods for the purchase or sale of VMware stock during the Class Period. To the extent this Request calls for

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – 5:20-cv-02182-EJD

38

production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 48:**

All documents and communications concerning any of the Individual Defendants' Rule 10b5-1 trading plans, including amendments thereto.

**Response to Request No. 48:**

Defendants object to this Request to the extent that it calls for privileged documents. Defendants expressly incorporate herein their "Objections to Definitions."

Subject to the foregoing general and specific objections, Defendants will produce non-privileged documents responsive to this Request to the extent they are included in the SEC Materials. To the extent this Request calls for production of other materials, Defendants are available to meet and confer concerning whether further targeted and reasonable efforts, including a Search Protocol, are warranted in order to identify, review, and produce additional documents responsive to this Request.

**Request No. 49:**

All documents and communications concerning VMware shares owned by the Individual Defendants, any member of their families, or any entity in which they had any direct, indirect or beneficial ownership interest.

**Response to Request No. 49:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case, in that it seeks "[a]ll documents and communications concerning VMware shares owned by the Individual Defendants, any member of their families, or any entity in which they had any direct, indirect or beneficial ownership interest." Defendants further object to this Request on the grounds that it is vague and ambiguous, including as to the undefined terms "any member of their families," and "direct, indirect, or beneficial ownership interest." Defendants further object to this Request to the extent that it seeks information outside Defendants' possession, custody or control. Defendants

# EXHIBIT 2

7/9/2021

**In the Matter of VMware, Inc. (HO-13879)**
**Privilege Log - Excerpt of Withheld Documents**
**LAMARTINA-VMW00253335**

| | Log No. | Date | From | To | CC | Description | Privilege Basis | Custodian |
|---|---|---|---|---|---|---|---|---|
| 1 | 120 | 5/3/2018 | Karman Ko-Hauser | Alison Jacobs; Andrew Munk; Craig Norris*; Ka Yi Lau; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email with attachment seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 2 | 123 | 5/3/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog reporting | ACC | Paula Delaney |
| 3 | 124 | 5/3/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog reporting | ACC | Paula Delaney |
| 4 | 126 | 5/3/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog reporting | ACC | Paula Delaney |
| 5 | 127 | 5/4/2018 | Karman Ko-Hauser | Alison Jacobs; Andrew Munk; Craig Norris*; Ka Yi Lau; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email with attachment reflecting and seeking legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 6 | 128 | 5/4/2018 | Craig Norris* | Alison Jacobs; Andrew Munk; Ka Yi Lau; Karman Ko-Hauser; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 7 | 129 | 5/7/2018 | Craig Norris* | Alison Jacobs; Andrew Munk; Ka Yi Lau; Karman Ko-Hauser; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 8 | 147 | 5/15/2018 | Kevan Krysler | Andrew Munk | | Email with attachment reflecting legal advice (Amy Fliegelman Olli*) re: backlog disclosures | ACC | Kevan Krysler |
| 9 | 148 | 5/15/2018 | Zane Rowe | Amy Fliegelman Olli* | Ana Iacovetta*; Barbara Rhodes; Craig Norris*; Kevan Krysler; Laurie David | Email with attachment reflecting legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 10 | 149 | 5/15/2018 | Karman Ko-Hauser | Alison Jacobs; Andrew Munk; Craig Norris*; Ka Yi Lau; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email with attachment seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 11 | 151 | 5/15/2018 | Amy Fliegelman Olli* | Zane Rowe | Ana Iacovetta*; Barbara Rhodes; Craig Norris*; Kevan Krysler; Laurie David | Email seeking and/or providing legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 12 | 152 | 5/15/2018 | Zane Rowe | Kevan Krysler | | Email  requesting and/or providing info/facilitating provision of legal advice (Amy Fliegelman Olli*; Brooks Beard*; Craig Norris*; Ana Iacovetta*) re: backlog disclosures | ACC | Kevan Krysler |
| 13 | 157 | 5/16/2018 | Karman Ko-Hauser | Alison Jacobs; Andrew Munk; Craig Norris*; Ka Yi Lau; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email with attachment seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 14 | 159 | 5/16/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 15 | 160 | 5/16/2018 | Kevan Krysler | Zane Rowe | | Email  requesting and/or providing info/facilitating provision of legal advice (Amy Fliegelman Olli*) re: backlog disclosures | ACC | Kevan Krysler |
| 16 | 161 | 5/16/2018 | Kevan Krysler | Alison Jacobs; Andrew Munk; Karman Ko-Hauser; Paula Delaney; Pebbie Verdecanna | | Email  reflecting legal advice (Craig Norris*; Larry Wainblat*) re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 17 | 162 | 5/16/2018 | Zane Rowe | Kevan Krysler | | Email  requesting and/or providing info/facilitating provision of legal advice (Amy Fliegelman Olli*; Craig Norris*) re: backlog disclosures | ACC | Kevan Krysler |
| 18 | 163 | 5/16/2018 | Craig Norris* | Alison Jacobs; Andrew Munk; Ka Yi Lau; Karman Ko-Hauser; Larry Wainblat*; Paula Delaney; Pebbie Verdecanna | Kevan Krysler | Email seeking and/or providing legal advice re: ASC 606 and related backlog definition | ACC | Kevan Krysler |
| 19 | 164 | 5/16/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |

* Denotes attorney

FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.

7/9/2021

**In the Matter of VMware, Inc. (HO-13879)**
**Privilege Log - Excerpt of Withheld Documents**
**LAMARTINA-VMW00253335**

| | Log No. | Date | From | To | CC | Description | Privilege Basis | Custodian |
|---|---|---|---|---|---|---|---|---|
| 20 | 165 | 5/16/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 21 | 166 | 5/16/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 22 | 167 | 5/16/2018 | Paula Delaney | Samir Ranavat | Janice Tung | Email  requesting and/or providing info/facilitating provision of legal advice (Craig Norris*) re: backlog disclosures | ACC | Paula Delaney |
| 23 | 168 | 5/16/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 24 | 169 | 5/17/2018 | Samir Ranavat | Paula Delaney | Janice Tung | Email with attachment requesting and/or providing info/facilitating provision of legal advice (Craig Norris*) re: backlog disclosures | ACC | Paula Delaney |
| 25 | 171 | 5/18/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 26 | 172 | 5/18/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 27 | 173 | 5/18/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 28 | 174 | 5/18/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 29 | 175 | 5/21/2018 | Paula Delaney | Craig Norris* | | Email with attachments requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 30 | 176 | 5/21/2018 | Paula Delaney | Craig Norris* | | Email with attachments requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 31 | 178 | 5/21/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 32 | 179 | 5/21/2018 | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: ASC 606 and related backlog definition | ACC | Paula Delaney |
| 33 | 180 | 5/21/2018 | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 34 | 183 | 5/22/2018 | Craig Norris* | Kevan Krysler | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 35 | 184 | 5/22/2018 | Kevan Krysler | Craig Norris* | | Email seeking and/or providing legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 36 | 191 | 6/1/2018 | Andrew Munk | Kevan Krysler | | Email  reflecting a request for legal advice (Amy Fliegelman Olli*; Craig Norris*) re: backlog disclosures | ACC | Kevan Krysler |
| 37 | 192 | 6/1/2018 | Kevan Krysler | Amy Fliegelman Olli* | Craig Norris*; Laurie David; Zane Rowe | Email requesting legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 38 | 193 | 6/1/2018 | Amy Fliegelman Olli* | Kevan Krysler | Craig Norris*; Laurie David; Zane Rowe | Email reflecting legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 39 | 194 | 6/1/2018 | Amy Fliegelman Olli* | Kevan Krysler | Craig Norris*; Zane Rowe | Email reflecting legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 40 | 195 | 6/1/2018 | Kevan Krysler | Andrew Munk | | Email  reflecting a request for legal advice (Amy Fliegelman Olli*; Craig Norris*) re: backlog disclosures | ACC | Kevan Krysler |
| 41 | 196 | 6/1/2018 | Amy Fliegelman Olli* | Kevan Krysler | Craig Norris*; Laurie David; Zane Rowe | Email reflecting legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 42 | 197 | 6/1/2018 | Kevan Krysler | Amy Fliegelman Olli* | Craig Norris*; Zane Rowe | Email reflecting and seeking legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 43 | 198 | 6/1/2018 | Kevan Krysler | Andrew Munk | | Email  reflecting legal advice (Amy Fliegelman Olli*) re: backlog disclosures | ACC | Kevan Krysler |
| 44 | 205 | 6/5/2018 | Craig Norris* | Kevan Krysler | | Email reflecting counsel's edits and/or comments re: backlog disclosures | ACC | Kevan Krysler |

\* Denotes attorney

FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.

7/9/2021

**In the Matter of VMware, Inc. (HO-13879)**
**Privilege Log - Excerpt of Withheld Documents**
**LAMARTINA-VMW00253335**

| | Log No. | Date | From | To | CC | Description | Privilege Basis | Custodian |
|---|---|---|---|---|---|---|---|---|
| 45 | 206 | 6/5/2018 | Zane Rowe | Kevan Krysler | | Email  reflecting legal advice (Amy Fliegelman Olli*; Craig Norris*) re: backlog disclosures | ACC | Kevan Krysler |
| 46 | 214 | 6/5/2018 | Ka Yi Lau | Kevan Krysler | | Email  requesting and/or providing info/facilitating provision of legal advice (Amy Fliegelman Olli*; Craig Norris*; Larry Wainblat*) re: backlog disclosures | ACC | Kevan Krysler |

* Denotes attorney

FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.

**In the Matter of VMware, Inc. (HO-13879)**
**Privilege Log - Excerpt of Redacted Documents**
**LAMARTINA-VMW00253335**

| | Log No. | Begin Bates No. | Date | Author | From | To | CC | Description | Privilege Basis | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 191 | VMW00146972 | 5/16/2018 | | Craig Norris* | Paula Delaney | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog reporting | ACC | Paula Delaney |
| 2 | 192 | VMW00146981 | 5/16/2018 | | Paula Delaney | Craig Norris* | | Email requesting and/or providing info/facilitating provision of legal advice re: backlog reporting | ACC | Paula Delaney |
| 3 | 218 | VMW00493627 | 5/31/2018 | Craig Norris* | | | | Draft document requesting and/or providing info/facilitating provision of legal advice re: backlog disclosures | ACC | Paula Delaney |
| 4 | 220 | VMW00493555 | 6/1/2018 | | Ka Yi Lau | Kevan Krysler | Andrew Munk | Email reflecting legal advice (Craig Norris*) re: backlog disclosures | ACC | Kevan Krysler |
| 5 | 1622 | VMW00495796 | 6/5/2018 | | Kevan Krysler | Craig Norris* | | Email seeking and/or providing legal advice re: backlog disclosures | ACC | Kevan Krysler |
| 6 | 1623 | VMW00495801 | 6/5/2018 | | Craig Norris* | Kevan Krysler | | Email seeking and/or providing legal advice re: backlog disclosures | ACC | Kevan Krysler |

1006888669v1