December 19, 2023

<u>VIA ECF</u>

Magistrate Judge Virginia K. DeMarchi
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA  95113

      Re:   *Lamartina v. VMware, Inc. et al.*
           No. 5:20-cv-02182 (N.D. Cal.)

Dear Judge DeMarchi:

Pursuant to Your Honor's Standing Order for Civil Cases ("Standing Order"), Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff"), together with defendant VMware, Inc. ("VMware" or the "Company"), hereby submit this joint discovery letter to resolve a discovery dispute.

## I.      Statement of the Dispute Requiring Resolution

The parties dispute whether VMware must immediately: (1) identify and produce a witness for a Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition; and (2) provide alternative dates for the Rule 30(b)(6) deposition.

## II.      The Parties' Positions

### A.      Plaintiff's Position

VMware must identify and produce a witness for the properly noticed Rule 30(b)(6) deposition.  VMware's outright refusal to comply with its basic discovery obligations causes unnecessary delay in Plaintiff's prosecution of this case.

On October 5, 2023, Plaintiff properly served notice of a Rule 30(b)(6) deposition on VMware set for November 7, 2023 (the "Notice").  The Notice requests that VMware identify and produce the most knowledgeable witness or witnesses on seven topics relevant to the claims and defenses in this case.[1]

---

[1]    In an effort to streamline the Rule 30(b)(6) deposition, on November 1, 2023, Plaintiff proposed that the parties enter into a stipulation in lieu of a witness testifying regarding Topic No. 2 of the Notice.  This proposal was ultimately rejected by VMware.

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 2

Prior to serving its responses and objections to the Notice, on October 13, 2023, VMware unilaterally refused to produce a Rule 30(b)(6) witness on the noticed date, due to "logistical complications arising out of VMware's pending acquisition by Broadcom." Broadcom's acquisition of VMware closed on November 22, 2023. Accordingly, any "complications" from the pending acquisition have long since dissipated.

On November 3, 2023, VMware provided its Responses and Objections to the Notice and stated, "VMware proposes a deposition in early 2024 following the completion of document discovery, subject to the availability of VMware's designee."[2] Thereafter, on at least four separate occasions – November 7, 27, and 30 and December 4, 2023 – Plaintiff requested that VMware provide alternative dates in early 2024 on which the Company would produce a Rule 30(b)(6) witness. VMware has repeatedly refused to provide an alternate date, and Plaintiff's properly noticed deposition (and related discovery) remains in limbo as a result.

VMware has not sought a protective order to stay or cancel the deposition. "It is well-established law in the Ninth Circuit that a party seeking to stay or cancel a properly-noticed deposition must obtain a protective order from the Court before the scheduled deposition date." *Estes v. Providence Health & Servs.-Washington*, 2023 WL 6927332, at \*5 (E.D. Wash. Oct. 19, 2023) (collecting cases); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (finding that unless a proposed deponent obtains a court order that postpones or dispenses with his duty to appear for a noticed deposition, the duty to appear remains, even if a motion for such an order is on file); *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 683 (D. Nev. 2022), *objections overruled*, 2022 WL 2275185 (D. Nev. June 22, 2022) (same and issuing sanctions for defendant's attempts to avoid 30(b)(6) deposition).

At the outset, VMware's unilateral refusal to produce a witness on November 7 without first obtaining a protective order is unacceptable and flouts the basic rules of discovery. VMware "does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 2007 WL 3101248, at \*18 (D. Nev. Oct. 16, 2007). But that is exactly what VMware has improperly done here.

Even if VMware had properly moved for and obtained a protective order – it did not – VMware's arguments to support its position that the Company need not produce or identify a witness nor provide alternative dates for the Rule 30(b)(6) deposition are completely groundless.

---

[2]   Defendants have also refused to provide Plaintiff with a date certain by which Defendants would substantially complete document production. The parties previously agreed to a September 29, 2023 substantial completion deadline (ECF 92), which the parties later agreed to extend to December 15, 2023 (ECF 102). Now, Defendants seem to be taking the remarkable position that no substantial completion deadline exists because it was not addressed by the Court's most recent scheduling order (ECF 103), yet are using the document production deadline to dictate when its Corporate designee will be made available. Defendants should not be permitted to unilaterally delay document production, and as a result, the properly noticed Rule 30(b)(6) deposition.

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 3

VMware's position that it will not produce a witness until after the Court resolves the parties' outstanding privilege dispute is indefensible.  VMware does not get to dictate Plaintiff's discovery strategy and pick and choose when and how it gets deposed.  And, in any event, the Court made clear during the November 14, 2023 hearing on the parties' privilege waiver dispute that Plaintiff could choose to file its motion at any time and did not impose any time restrictions. *See* Transcript of Proceedings (ECF 114) at 74-75 ("I'd like to give you an opportunity to brief it. . . . you don't have a discovery cutoff that's upon you.  It's not until June" and noting "Plaintiff would go first, because it's your argument" before concluding "I'll let you confer about what you want to do in terms of schedule.").  Based upon the Court's comments at the hearing and defense counsel's express concession that "we're not going to say we didn't act with scienter because our lawyers approved [the backlog disclosure]," (ECF 114 at 51), Plaintiff believes that its motion would be more appropriately considered after the deposition record is substantially complete.

Moreover, to the extent VMware argues that the ruling on any forthcoming privilege motion will bear on the discoverability of any information or testimony sought pursuant to the Notice, this argument is without merit, and has been specifically rejected in this District before.  *See In re eBay Seller Antitrust Litig.*, 2007 WL 2852364, at \*2 (N.D. Cal. Oct. 2, 2007) (Seeborg, J.) (ordering corporate defendant to sit for 30(b)(6) deposition within 21 days and rejecting defendant's argument that the deposition should not move forward until the court ruled on the discoverability of certain categories of testimony sought).  Thus, VMware should produce a Rule 30(b)(6) witness for deposition immediately.

VMware's conduct regarding deposition scheduling has been both dilatory and obstructionist. Plaintiff has tried for over two months to obtain an agreeable deposition date for the properly noticed deposition, and has repeatedly requested that the Company identify its corporate representative. Despite Plaintiff's efforts, VMware has outright refused to cooperate in good faith and allow its discovery obligations to fall to the wayside.  VMware is required to produce a Rule 30(b)(6) witness for the properly noticed deposition.  Any further delays are wholly unwarranted.

### 1.    Plaintiff's Proposed Resolution

VMware must: (1) identify and produce a corporate representative most knowledgeable about the seven topics listed in the Notice within 14 days; and (2) provide dates in early 2024 for the Rule 30(b)(6) deposition within 14 days.

### B.    Defendants' Position

As the Court is aware, there is currently a live dispute in this case whether VMware waived the attorney-client privilege with respect to communications concerning its backlog disclosures and accounting practices—issues that, in the words of Plaintiff's counsel, lie "at the heart of this case." However, VMware's attempts to address and resolve Plaintiff's baseless assertions of waiver remain in limbo because Plaintiff continues to "morph[]" its arguments and outright refuses to resolve the

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 4

dispute.  Indeed, after briefing the privilege dispute, Plaintiff showed up in court with a new argument, prompting the Court to order supplemental briefing so the parties could be heard on this new issue (*see* Nov. 14 Hrg. Tr. at 65:18-66:1).  Despite agreeing to submit the Court-ordered supplemental briefing, Plaintiff now seeks to make an about-face and hold its privilege dispute in abeyance indefinitely while demanding that VMware produce a corporate representative to testify about, among others, the precise topics that Plaintiff asserts VMware has waived privilege on.  It is nonsensical for the parties to commence depositions, including a 30(b)(6) deposition, while this critical dispute remains open.

Plaintiff should either (i) submit the Court-ordered supplemental briefing on the privilege dispute so that it may be resolved promptly and VMware may have clarity whether it must prepare its witness to testify about its privileged communications or (ii) withdraw, with prejudice, its privilege waiver challenges.

### 1.    Background

The timeline of the parties' communications on the privilege dispute and 30(b)(6) deposition notice makes Plaintiff's bait-and-switch clear:

- *September 6 to October 12, 2023*:  Plaintiff first raises its privilege waiver arguments and demands multiple lead counsel conferences, which Defendants attend; the parties exchange joint letter briefing on the disputes.

- *October 5, 2023*:  Plaintiff serves a 30(b)(6) deposition notice on VMware, seeking testimony on, among other topics, VMware's backlog policies and accounting, executive trading policies, and SEC disclosures about the same, including the drafting and approval of the disclosures.

- *October 13, 2023*:  The parties finalize and file their joint privilege dispute letter; VMware informs Plaintiff that it is not able to produce a witness in the near term for "several reasons," including because VMware is about to be acquired by Broadcom.[3]

- *November 3, 2023*:  VMware serves written responses and objections to the deposition notice, objecting to producing a witness on the disputed topics until the privilege dispute currently pending before the Court is resolved.

---

[3]    Broadcom closed its acquisition of VMware on November 22, 2023.  Defense counsel's first meeting with Broadcom wherein it was able to engage in privileged communications about the case did not occur until December 13.  Many relevant personnel who were employed when the actions underlying this case took place are either no longer with the company or their employment remains uncertain.  Given this, VMware still requires sufficient time to identify and prepare an appropriate witness for deposition.

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 5

- ***November 14, 2023***:    The Court holds oral argument on Plaintiff's privilege challenges; the Court orders further briefing on the dispute and instructs the parties to confer on a briefing schedule.

- ***November 30 to December 5, 2023***:    VMware inquires as to Plaintiff's proposed briefing schedule and Plaintiff responds:  "We do not intend to pursue [the privilege waiver] motion at this time. . . . If we intend to renew this motion at a future time we will contact you regarding a briefing schedule."  Plaintiff also demands a lead counsel conference on the 30(b)(6) deposition of VMware.

### 2.    Plaintiff's Position Lacks Merit

Under Rule 30(b)(6), Plaintiff is entitled to a single deposition of VMware.  Plaintiff's demand that VMware immediately produce its witness, while purporting to reserve the right to reopen the deposition if the Court rules in Plaintiff's favor on the privilege dispute is a transparent attempt to circumvent the single deposition rule.  In order to properly prepare its witness, VMware requires clarity on what topics and communications are discoverable.  Such clarity is woefully lacking because Plaintiff has put before the Court a live dispute which could upend VMware's privilege assertions over hundreds of communications on the very topics that Plaintiff has noticed for deposition.  It is entirely within Plaintiff's power to either complete the Court-ordered briefing so the Court may resolve the dispute or withdraw its objections with prejudice.  Plaintiff's contention that it is entitled to unilaterally delay resolution of this dispute and subject VMware to an expansive 30(b)(6) deposition on the same topics is untenable.

Plaintiff's contention that VMware must seek a protective order to ward off Plaintiff's tactical gambit is incorrect.  This Court's standing order requires that discovery disputes be presented by joint letter—exactly what VMware is doing.[4]  In any event, the cases cited by Plaintiff merely reflect various courts' admonitions of parties who have sought to evade a scheduled deposition in bad faith— VMware has done nothing of the sort.  *Contra Pioche Mines*, 333 F.2d at 269 (affirming entry of default judgment against party who "engaged . . . in a course of obstruction and obfuscation," including failing to produce a witness despite a court order); *ProDox.*, 341 F.R.D. at 683 (entering sanctions against party who failed to appear for deposition after filing motion for protective order "after hours" the night before deposition was set to take place); *Koninklike Philips*, 2007 WL 3101248, at *23 (entering sanctions against party who engaged in a consistent pattern of "delay and obstruction," including efforts to "deceive" the court, destroy evidence, and ignore the court's orders seeking additional briefing on issues related to the 30(b)(6) deposition).

---

[4]    A protective order here is also unnecessary because Plaintiff abandoned its "inten[tion] to proceed with the deposition as calendared" in its notice by seeking alternative dates from Defendants (albeit unreasonably) prior to the noticed date and allowing the noticed date to pass, recognizing that its desire for a November 7 deposition was entirely unrealistic. *See Estes*, 2023 WL 6927332, at *5.

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 6

Nothing in the law requires VMware to subject a corporate witness to a 30(b)(6) deposition as Plaintiff openly seeks to dismantle VMware's privilege as to the topics that Plaintiff has noticed. Plaintiff's cited case law does not say otherwise. *See In re eBay*, 2007 WL 2852364, at *2 (ordering that the 30(b)(6) deposition proceed "as promptly *as practicable*" while simultaneously resolving the outstanding discovery dispute forming the basis of the deponent's objection in the same order) (emphasis added).

### 3.      Defendants' Proposed Resolution

If Plaintiff wishes to move forward with the 30(b)(6) deposition, it should be required to (i) adhere to this Court's order to confer with VMware and agree on a schedule for supplemental briefing to resolve the pending privilege dispute or (ii) withdraw, with prejudice, its currently pending assertions of privilege waiver.

### III.      Whether the Parties Request a Hearing

Plaintiff believes a hearing would be helpful to the Court in order to provide more detail and answer any questions the Court may have.

VMware does not request a hearing, but counsel will make itself available if the Court determines that oral argument would be helpful.

### IV.      Discovery Cut-Off Dates

The fact and expert discovery cut-off dates are June 28, 2024 and October 11, 2024, respectively. *See* ECF 103.

### V.      Statement Attesting to Compliance

Pursuant to the Standing Order, counsel hereby attest that a telephonic conference of lead counsel was held on Thursday, December 7, 2023.

Spencer Burkholz, Scott Saham, Laurie Largent, Ashley Kelly, Ting Liu, and Stephen Johnson attended for Plaintiff.

Magistrate Judge Virginia K. DeMarchi
December 19, 2023
Page 7


Maeve O'Connor, Matthew J. Sorensen, McCahey Townsend, and Jillian Tancil attended for VMware.

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP


s/ Scott H. Saham
SCOTT H. SAHAM
*Attorney for Plaintiff*


DEBEVOISE & PLIMPTON LLP


S. Maeve L. O'Connor
MAEVE L. O'CONNOR
*Attorney for Defendants*

**ECF ATTESTATION**

I, Scott Saham, am the ECF User whose ID and Password are being used to file this:

JOINT LETTER

In compliance with Local Rule 5-1(h), I hereby attest that Maeve L. O'Connor has concurred

in this filing.

Executed on the 19th day of December, 2023.

s/ Scott H. Saham
SCOTT H. SAHAM
