UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM LAMARTINA,<br><br>Plaintiff,<br><br>v.<br><br>VMWARE, INC., et al.,<br><br>Defendants. | Case No. 20-cv-02182-EJD (VKD)<br><br>**ORDER RE DECEMBER 19, 2023 DISCOVERY DISPUTE RE VMWARE'S RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 115 |

The parties ask the Court to resolve a dispute concerning the timing of plaintiff's Rule 30(b)(6) deposition of defendant VMWare, Inc. ("VMWare"). Dkt. Nos. 115, 119. Plaintiff argues that VMWare should be required to produce witnesses to testify on its behalf now. VMWare responds that it should not be required to provide testimony before the parties brief, and the Court resolves, an earlier dispute concerning plaintiff's contention that VMWare waived privilege and work product protections for certain materials. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Plaintiff's Rule 30(b)(6) deposition notice seeks VMWare's testimony concerning seven topics. *See* Dkt. No. 119. VMWare has not identified any designee to testify regarding the noticed topics or agreed to a date for the deposition. Dkt. No. 115 at 2, 4 n.3. While VMWare apparently resisted proceeding with this deposition on multiple grounds, its only remaining objection is that the deposition should not proceed while the parties' earlier privilege/work product dispute remains unresolved. *Id.* at 5. Specifically, VMWare says it "requires clarity" on whether certain documents and topics are protected from discovery, or whether that protection has been waived, in order to adequately prepare its designees for deposition. Additionally, VMWare

1  suspects that plaintiff is purposefully delaying obtaining resolution of the privilege/work product
2  dispute in an effort to engineer an opportunity to reopen the deposition later in the discovery
3  period.  *Id.*  Plaintiff responds that it is entitled to control the timing of its discovery of VMWare,
4  and that the Court did not order it brief the privilege/work product dispute by a specific deadline.
5  *Id.* at 3.

6        The privilege/work product dispute to which the parties refer was described in a discovery
7  dispute letter filed on October 13, 2023.  *See* Dkt. No. 105.  The Court held a hearing on the
8  matter on November 14, 2023.  Dkt. No. 114.  During the hearing, plaintiff argued that it was in
9  possession of documents showing an express waiver of the attorney-client privilege by virtue of
10 disclosures VMWare had made to the SEC.  *See id.* at 9:19-12:20.  As the disclosures were not
11 before the Court, and because plaintiff's discovery dispute submission did not clearly articulate the
12 separate theories of express and implied waiver on which plaintiff apparently intended to rely, the
13 Court ordered the parties to brief the dispute as a regularly noticed motion pursuant to Civil Local
14 Rule 7-2 with plaintiff as the moving party.  *See id.* at 65:16-66:1; Dkt. No. 113.  Plaintiff has so
15 far elected not to file a motion challenging VMWare's privilege or work product assertions,
16 stating, without elaboration, that such a motion would be "more appropriately considered after the
17 deposition record is substantially complete."  Dkt. No. 115 at 3.

18       While plaintiff is correct that VMWare may not dictate the timing of plaintiff's discovery,
19 plaintiff overlooks that both parties have an obligation to use the authorized discovery procedures
20 to secure the just, speedy, and inexpensive determination of the action, and to confer with each
21 other on a discovery plan.  *See* Fed. R. Civ. P. 1, 26(f); *see also Russell v. Maman*, No. 18-cv-
22 06691-RS (AGT), 2020 WL 5943844, at *4 (N.D. Cal. Oct. 7, 2020) ("There is no legal precedent
23 giving a party the right to demand discovery in a certain order. . . .  The Federal Rules of Civil
24 Procedure do not permit a party to make unilateral decisions regarding the sequence and timing of
25 depositions during discovery.").  Plaintiff also overlooks the Court's authority to manage
26 discovery.  *See* Fed. R. Civ. P. 26(d)(3); Fed. R. Civ. P. 26(b)(2)(c) and advisory committee's note
27 to 1993 amendment ("The revisions in Rule 26(b)(2) are intended to provide the court with
28 broader discretion to impose additional restrictions on the scope and extent of discovery.");

*Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (describing trial court's broad discretion to dictate the timing sequence of discovery and limit the time, place, and manner of discovery).

Having reviewed plaintiff's Rule 30(b)(6) notice, the Court agrees with VMWare that the noticed topics implicate matters as to which plaintiff earlier contended VMWare has waived privilege or work product protection, and that it would be most efficient to resolve the question of whether VMWare has indeed waived privilege or work product protection before requiring VMWare to prepare designees for the noticed deposition. Given plaintiff's arguments at the November 14, 2023 hearing, and the approaching deadline for substantial completion of defendants' document production (*see* Dkt. No. 122 at ECF 2), there is no reason for the parties to postpone briefing on the waiver issue.

Accordingly, the Court orders as follows:

1. If plaintiff contends that VMWare has waived the attorney-client privilege and/or the attorney work product protection by virtue of disclosures and statements VMWare made to the SEC, plaintiff must file its motion no later than **January 30, 2024**, and notice the motion for hearing on at least 35 days' notice.

2. If plaintiff wishes to proceed with the Rule 30(b)(6) deposition of VMWare notwithstanding VMWare's current privilege and work product assertions, before the existing dispute regarding those assertions is resolved, it may do so; *however*, the Court will not permit plaintiff to reopen the Rule 30(b)(6) deposition if the Court subsequently concludes that VMWare waived its privilege or work product protections. By **January 10, 2024**, plaintiff must file a notice advising the Court and VMWare if plaintiff wishes to proceed with the Rule 30(b)(6) deposition before or after resolution of the waiver issue so that the Court may issue a further order, as appropriate, regarding the timing of that deposition.

**IT IS SO ORDERED.**

Dated: January 3, 2024

Virginia K. DeMarchi
United States Magistrate Judge

3