

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

January 24, 2024

<u>VIA ECF</u>

Magistrate Judge Virginia K. DeMarchi
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

<b>Re: <i>Lamartina v. VMware, Inc., et al.</i>, Case No. 5:20-cv-02182-EJD (N.D. Cal.)</b>

Dear Judge DeMarchi,

Pursuant to the Court's request at the January 16, 2024 conference, Defendants cite, without argument, the following additional authority bearing on the parties' privilege dispute with respect to the documents produced by Peter Dockery:

- *Mendenhall v. Am. Booksellers Ass'n., Inc.*, 1990 WL 422415, at *3 (S.D.N.Y. May 1, 1990) ("In-house counsel was collecting information about an emerging legal dispute in order to provide legal advice to management.  Under those circumstances, the fact that [executive] had not himself sought legal advice is immaterial.").

- *Lassiter v. Hidalgo Med. Servs.*, 2018 WL 4188455, at *2 (D.N.M. Aug. 31, 2018) ("Whether he (the employee) was seeking legal advice is irrelevant, just as it was in *Upjohn*.  The critical issue is whether HMS's attorney was speaking with [employee] for the purpose of providing legal services to HMS.").

- Restatement (Third) of the Law Governing Lawyers § 73, Reporter's Note cmt. f (Am. L. Inst. 2000) ("There is no requirement, however, that the particular organizational agent be aware that legal advice is the purpose of the communication; that purpose of the communication is established from the point of view of the organization as a whole.").

Respectfully submitted,

*/s/ Maeve L. O'Connor*