ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>VMWARE, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br>CLASS ACTION<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS, AND MEMORANDUM OF LAW IN SUPPORT<br><br>Judge:  Hon. Virginia K. DeMarchi<br>Date:   March 5, 2024<br>Time:   10:00 a.m.<br>Location:   Courtroom 2, 5th Floor |

[REDACTED]

4889-2799-3759.v1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................................2

II.     ARGUMENT ...............................................................................................................................5

        A.      VMware Expressly Waived Any Attorney-Client Privilege When It
                Deliberately Produced Privileged Material and that Waiver Extends to
                Nondisclosed Communications Concerning the Same Subject Matter ...................5

        B.      VMware's Reliance on In-House Counsel's Preclearance of the Individual
                Defendants' Insider Transactions Waived Privilege as to All Documents
                Concerning What Those Attorneys Reviewed or Considered in Making
                Any Preclearance Determinations.............................................................................9

        C.      VMware's In-House Counsel Should Be Included as Custodians, Given
                Their Relevance and Intimate Involvement with the Issues ...................................11

        D.      The Issue of Implied Waiver Should Be Considered Following Plaintiff's
                Rule 30(b)(6) Deposition of VMware with the Benefit of a More Fulsome
                Evidentiary Record .................................................................................................12

III.    CONCLUSION...........................................................................................................................17

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS
PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN
INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- i -

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abdo v. Fitzsimmons*,
2022 WL 2276898 (N.D. Cal. June 23, 2022)..................................................................10, 14

*Avila v. Mohave Cnty.*,
2015 WL 6660187 (D. Ariz. Nov. 2, 2015)..........................................................................11

*Bittaker v. Woodford*,
331 F.3d 715 (9th Cir. 2003) ..........................................................................................10, 12

*Century Aluminum Co. v. AGCS Marine Ins. Co.*,
285 F.R.D. 468 (N.D. Cal. 2012)..........................................................................................6

*Coleman v. Sterling*,
2011 WL 2005227 (S.D. Cal. May 23, 2011)....................................................................6, 14

*In re Banc of Cal. Sec. Litig.*,
2018 WL 2373860 (C.D. Cal. May 23, 2018) ..................................................................14, 15

*In re Grand Jury Investigation*,
974 F.2d 1068 (9th Cir. 1992) ..............................................................................................4

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
2009 WL 3443563 (D.D.C. Oct. 23, 2009) ..........................................................................12

*Luna v. Marvell Tech. Grp., Ltd.*,
2017 WL 4286325 (N.D. Cal. Sept. 22, 2017) ......................................................................14

*Monster Energy Co. v. Integrated Supply Network, LLC*,
2018 WL 6133717 (C.D. Cal. June 18, 2018) ....................................................................4, 16

*Oracle Am., Inc. v. Innovative Tech. Distribs., LLC*,
2011 WL 2559825 (N.D. Cal. June 28, 2011)......................................................................10

*Rg Abrams Ins. v. Law Offices of C.R. Abrams*,
2021 WL 10312431 (C.D. Cal. Dec. 22, 2021) ......................................................................6

*Rubalcava v. City of San Jose*,
2022 WL 484988 (N.D. Cal. Feb. 16, 2022) ....................................................................15, 16

*SEC v. Berry*,
2011 WL 825742 (N.D. Cal. Mar. 7, 2011)..........................................................................16

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- ii -

**Page**

*Shenwick v. Twitter, Inc.*,
2021 WL 1232451 (N.D. Cal. Mar. 31, 2021)................................................................11, 15

*Sia Chue Yang v. Schwarzenegger*,
2010 WL 11587074 (N.D. Cal. May 12, 2010).......................................................................11

*SNK Corp. of Am. v. Atlus Dream Entm't Co. Ltd.*,
188 F.R.D. 566 (N.D. Cal. 1999).............................................................................10, 14, 15

*Tennison v. City & Cnty. of San Francisco*,
226 F.R.D. 615 (N.D. Cal. 2005)...........................................................................................16

*United States v. Reyes*,
239 F.R.D. 591 (N.D. Cal. 2006)...........................................................................................15

*United States v. Richey*,
632 F.3d 559 (9th Cir. 2011) ...................................................................................................5

*United States v. Ruehle*,
583 F.3d 600 (9th Cir. 2009) ...................................................................................................3

*United States v. Sanmina Corp.*,
968 F.3d 1107 (9th Cir. 2020) ...................................................................................... *passim*

*United States v. White*,
887 F.2d 267 (D.C. Cir. 1989)...............................................................................................13

*Wadler v. Bio-Rad Laboratories, Inc.*,
212 F. Supp. 3d 829 (N.D. Cal. 2016) .......................................................................5, 6, 8, 15

*Walker v. Cnty. of Contra Costa*,
227 F.R.D. 529, 535 (N.D. Cal. 2005)...................................................................................14

*Weil v. Inv./Indicators, Research & Mgmt., Inc.*,
647 F.2d 18 (9th Cir. 1988) .....................................................................................................5

*Wisk Aero LLC v. Archer Aviation Inc.*,
2022 WL 524065 (N.D. Cal. Feb. 22, 2022) .........................................................................12

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
Rule 30(b)(6)..............................................................................................3, 4, 12, 16

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS
PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN
INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- iii -

|  | **Page** |
|---|---|
| Federal Rules of Evidence | |
| Rule 502(a) | 2, 6, 8 |
| Rule 502(a)(3) | 6 |
| 17 C.F.R. | |
| §240.10b5-1 | 9, 10 |

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)

- iv -

4889-2799-3759.v1

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on March 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Virginia K. DeMarchi, Magistrate, Courtroom 2, 5th Floor, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff") will and hereby does move, pursuant to the Court's Order Re December 19, 2023 Discovery Dispute Re VMware's Rule 30(b)(6) Deposition (ECF 124), to compel Defendant VMware, Inc. ("VMware" or the "Company"), and Individual Defendants Patrick Gelsinger and Zane Rowe (collectively, "Defendants") to produce documents previously withheld as privileged and/or protected, and to add certain of VMware's in-house counsel as custodians for discovery purposes.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott H. Saham, the Joint Discovery Letter Brief to Magistrate Judge Virginia K. DeMarchi (ECF 105), the pleadings and briefings on file in this action, the November 14, 2023 hearing on the parties' discovery dispute, and upon such other matters as may be properly presented to the Court at the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether VMware's intentional disclosure of privileged material, to the United States Securities and Exchange Commission ("SEC") and Plaintiff, waived any attorney-client privilege as to the subject matter of those privileged communications, such that the 52 nondisclosed communications identified on VMware's privilege log (Joint Discovery Dispute Letter (ECF 105) at Ex. 2) must be produced.

2.    Whether VMware's reliance on in-house counsel's preclearance of the Individual Defendants' insider transactions waived privilege as to all documents concerning what those attorneys reviewed or considered before issuing any preclearance.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)

- 1 -

4889-2799-3759.v1

3.    Whether the Company's in-house counsel, Craig Norris ("Norris"), Amy Olli ("Olli"), and Larry Wainblat ("Wainblat"), should be included as custodians for discovery purposes, given: (1) their active participation in the issues central to this litigation; (2) Defendants' concession that the individuals are relevant; and (3) Defendants' failure to articulate any undue burden that would warrant the exclusion of those individuals as custodians.

4.    Whether Plaintiff's implied waiver arguments should be considered after the forthcoming Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition of VMware, so that the Court has the benefit of a more fully developed evidentiary record to determine whether VMware is using attorney-client privilege as both a sword and a shield.

## I.    INTRODUCTION

VMware intentionally disclosed privileged communications to the SEC during the course of the SEC's investigation into VMware's backlog. Those same privileged communications were likewise produced to Plaintiff here and reveal that, not only did VMware's in-house counsel, including Norris, Olli, and Wainblat, review and approve the Company's backlog disclosure, but that those same attorneys **drafted** the very backlog disclosure at issue in this case.  *See* Declaration of Scott H. Saham in Support of Plaintiff's Motion to Compel Defendant VMware, Inc. to Produce Documents Previously Withheld as Privileged and/or Protected and to Add Certain Individuals as Custodians ("Saham Decl."), filed herewith, Exs. A-E.  VMware's intentional waiver of privilege as to those communications extends to nondisclosed communications concerning the same subject matter, and fairness dictates that the disclosed and nondisclosed communications be considered together. *See, e.g.*, Fed. R. Evid. 502(a).

No discernable distinction can be made between the intentionally produced communications, which concern the Company's backlog disclosure in the Company's Form 10-Q for the Quarterly Period Ended May 4, 2018, filed June 11, 2018 (excerpts attached as Ex. F to the Saham Decl.), and the 52 **undisclosed**, purportedly privileged communications identified on the Company's privilege log (ECF 105 at Ex. 2), which concern the same attorneys, the same time frame, and the same

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 2 -

subject matter.  The Company's backlog disclosure, and the genesis of that disclosure, are issues central to the claims in this case.[1]

Waiver by implication is also supported here.  Although at the November 14, 2023 hearing defense counsel expressly avowed that Defendants are "not going to say we didn't act with scienter because our lawyers approved [the backlog disclosure]," (*see* Hearing Tr. at 51:2-4), the fact remains that at least two of the affirmative defenses pled in Defendants' Answer to the Third Amended Consolidated Complaint (ECF 86) ("Answer") directly implicate the conduct of VMware's counsel – namely that VMware "fully satisfied its disclosure obligations" (Fifth Defense) and that "Defendants are not liable because they did not act with scienter" (Eighth Defense).  *See* Answer at 37.  These defenses are consistent with VMware's asserted defenses during the course of the SEC investigation that "[t]he record . . . reflect[s] [in-house counsel's] thoughtful consideration of the [backlog] disclosure," Saham Decl., Ex. G (the "Written Submission") at LAMARTINA-VMW00000486, that the Company "had a reasonable, good-faith basis for adopting its backlog disclosure," (*id.*) and that the record supported a finding of "good faith," and against a "finding of scienter."  *Id.* at -472.  The

---

[1] To the extent VMware renews the assertion made at the November 14, 2023 hearing that the deliberately disclosed communications are not privileged in the first place, the burden is on the Company, as the party asserting privilege over the 52 withheld documents, which include the same attorneys, same time period, and same topics as the disclosed communications, to establish all elements of the privilege as to the nondisclosed communications. *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009); *see also* Transcript of Proceedings (Nov. 14, 2023) (ECF 114) ("Hearing Tr.") at 6:12-18 ("THE COURT: I see. So you're worried that maybe there's been a selective description of some documents [as] privileged and others as not privileged when, in fact, they cover the same ground and reveal the same level or kind of legal advice [or] nonlegal advice, whatever the case may be.  They should be treated comparably, and your suspicion is that they are not?"). VMware has not met its burden.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 3 -

assertion of defenses that call into question the conduct of VMware's in-house attorneys clearly supports a finding of waiver by implication.

Nevertheless, Plaintiff maintains that issues of implied waiver and sword and shield will be better developed after Plaintiff's Rule 30(b)(6) deposition of VMware. That deposition will make clear exactly to what the Company will testify pertaining to the backlog disclosure and exactly what defense counsel will prevent Plaintiff from asking the Company about that disclosure.[2] Thus, the evidentiary record and implied waiver arguments, including sword and shield, will be more fully developed after the Rule 30(b)(6) deposition, at which point, the Court and Plaintiff will be in a better position to assess counsel's November 14, 2023 statement in the context of that more fully developed record.

VMware effectively waived attorney-client privilege and/or work product protection for documents relating to (1) in-house counsels' drafting and approval of the Company's backlog disclosure; and (2) in-house counsels' approval of insider transactions. The 52 withheld documents in the privilege log excerpt relating to the backlog disclosure (ECF 105 at Ex. 2) and documents evidencing counsel's preclearance of Defendants' insider transactions must be produced.[3]

---

[2] As this Court has already found, "the noticed topics implicate matters as to which plaintiff [contends] VMware has waived privilege or work product protection." Order Re December 19, 2023 Discovery Dispute Re VMware's Rule 30(b)(6) Deposition (ECF 124) at 3.

[3] At a minimum, Plaintiff requests the Court review the 52 communications identified in the privilege log excerpt *in camera* to determine whether they are the same subject matter as privileged communications willfully disclosed by VMware, or in the alternative, for a determination that they are not privileged in the first instance. *Monster Energy Co. v. Integrated Supply Network, LLC*, 2018 WL 6133717, at *2 (C.D. Cal. June 18, 2018) (ordering *in camera* inspection to make waiver determination upon a showing "'sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information . . . is not privileged'") (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992)).

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 4 -

Withholding the documents sought from the Company's in-house counsel Olli, Norris, and Wainblat would run afoul of well-established law and fairness principles.

## II.    ARGUMENT

### A.    VMware Expressly Waived Any Attorney-Client Privilege When It Deliberately Produced Privileged Material and that Waiver Extends to Nondisclosed Communications Concerning the Same Subject Matter

There is no doubt that VMware's deliberate disclosure of clearly privileged substantive legal advice, including communications stamped "privileged and confidential," to the SEC and Plaintiff here expressly waived any attorney-client privilege as to the documents themselves. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020) (an "'express waiver' . . . 'occurs when a party discloses privileged information to a third party who is not bound by the privilege'");[4] *Wadler v. Bio-Rad Laboratories, Inc.*, 212 F. Supp. 3d 829, 851 (N.D. Cal. 2016) ("by disclosing [the document] to the SEC and DOJ there is no doubt that [defendant] waived any privilege it might have claimed as to the document itself").

In fairness, that express waiver must now extend to undisclosed communications concerning the same subject matter.[5] "Voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject." *Richey*, 632 F.3d at 566; *Weil*, 647 F.2d at 24 ("it has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject"). "When there is an express waiver, 'once documents have been turned over to another

---

[4]    All citations are omitted and emphasis is added throughout, unless otherwise noted.

[5]    Non-waiver is an element of attorney-client privilege, and like all other elements, the burden is on VMware as the party resisting discovery to establish that element is satisfied. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011); *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1988) ("[defendant's] bare assertion that it did not subjectively intend to waive the privilege is insufficient to make out the necessary element of nonwaiver").

party voluntarily, the privilege is gone, and the litigant may not thereafter reassert it to block discovery of the information *and related communications* by his adversaries.'" *Bio-Rad*, 212 F. Supp. 3d at 850; *see also Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012) ("The Court finds that by voluntarily producing a privileged document concerning 'significant development in the weather investigation' drafted by Robb, AGCS has waived the attorney-client privilege and work product protection as to all Robb communications concerning defendants' weather investigation"); *Coleman v. Sterling*, 2011 WL 2005227, at *3 (S.D. Cal. May 23, 2011) (finding express waiver resulted in subject matter waiver as, "[d]enying Plaintiffs access to the redacted sections would advantage Defendants by allowing them to use attorneyclient [sic] privilege and work-product protection at once as a shield and sword").

Subject matter waiver is justified because: "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).   The disclosed emails detail ███

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████  *See* Saham Decl., Exs. A-E.

VMware explicitly shared these privileged communications with the SEC and Plaintiff has evidence that the Company's attorneys drafted and approved that disclosure while simultaneously withholding communications which "ought in fairness to be considered together." Fed. R. Evid. 502(a)(3); *see also* Fed. R. Evid. 502(a) Advisory Committee Notes (allowing subject matter waiver when "fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary"); *Sanmina*, 968 F.3d at 1117; *Bio-Rad*, 212 F. Supp. 3d at 851 (finding, in an express waiver case, "waiver of attorney-client privilege not only as to the document itself but also any privileged communications about the specific matters disclosed"); *Rg Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL

10312431, at *20-*21 (C.D. Cal. Dec. 22, 2021) ("Wooten waived the privilege as to the entire subject matter of her communications with the other defendants about the claims in this case.").

In one disclosed email, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ *See*

Saham Decl., Ex. D at LAMARTINA-VMW00051712. ██████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████ *See id.* at LAMARTINA-VMW00051709. ████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████ *Id.* ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████ *Id.*

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Saham Decl., Ex. A at

LAMARTINA-VMW00020372. ████████████████████████████████████████

████████████████████████████████████████████ *Id.*, Ex. D at LAMARTINA-

VMW00051709.   Ultimately, ██████████████████████████████████████████

████████████████████████   and included that revised disclosure in the Form 10-Q for Q1 2019, filed with the SEC on June 11, 2018. *See, e.g.*, *id.*, Ex. F.  It was that disclosure that the SEC determined to be misleading.[6] *See* SEC Cease and Desist Order (ECF 77-1) at 2 (noting that the

---

[6]   VMware's backlog disclosure went through many iterations.  In its Written Submission, ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ *See*

Written   Submission   at   LAMARTINA-VMW00000486   n.34   (citing   VMW00493626

backlog "disclosure omitted material information regarding the discretionary nature of VMware's backlog, the extent to which VMware controlled the amount of its backlog, and how backlog was used to manage the timing of the company's recognition of total and license revenue").  The Company's backlog disclosure remained the same throughout the duration of the Class Period.

The exchanges detailed in these privileged emails and in other emails produced by VMware to both Plaintiff and the SEC expressly waived privilege as to the subject matter of the disclosed communications – the drafting of the Company's backlog disclosure in the weeks leading up to the June 11, 2018 filing of the Company's 10-Q with the SEC, which omitted the discretionary language.  *See, e.g.*, *Bio-Rad*, 212 F. Supp. 3d at 850.  Plaintiff is entitled to the 52 nondisclosed communications identified on the privilege log as pertaining to the same subject matter, because VMware "intentionally put[] protected information into the litigation in a selective, misleading and unfair manner," and the undisclosed and disclosed communications "ought in fairness to be considered together."  Fed. R. Evid. 502(a) & Advisory Committee Notes; *Sanmina*, 968 F.3d at 1117 ("This fairness principle also animates the concept of subject matter waiver, in which 'voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.'").

Accordingly, the 52 documents detailed in Exhibit 2 to the Joint Discovery Dispute Letter (ECF 105), each of which is a communication by or among the same attorneys (Olli, Norris, and

(LAMARTINA-VMW00501785-LAMARTINA-VMW00501786), attached as Ex. H to the Saham Decl.).  As referenced above, ███████████████████████████████ ███████████████ was produced to the SEC (and Plaintiff here) at VMW00496084 (LAMARTINA-VMW00020371-LAMARTINA-VMW00020373).  *See* Saham Decl., Ex. A.  ██ ████████████████████████████████████████████ ████████████ Written Submission, at LAMARTINA-VMW00000485 n.34 (citing VMW00493623 (LAMARTINA-VMW00020503-LAMARTINA-VMW00020505), attached as Ex. I to the Saham Decl.).

Wainblat), and each of which includes reference to "backlog disclosures," "backlog reporting," or "backlog definition," during the same time period in which the backlog disclosure was being drafted and finalized, must be produced.

**B.      VMware's Reliance on In-House Counsel's Preclearance of the Individual Defendants' Insider Transactions Waived Privilege as to All Documents Concerning What Those Attorneys Reviewed or Considered in Making Any Preclearance Determinations**

VMware's legal team, including attorneys Olli, Norris, and Wainblat precleared each of the insider transactions at issue in this case for Individual Defendants Gelsinger and Rowe, yet Defendants continue to withhold as privileged any documents related to what those attorneys reviewed or considered in making any preclearance determinations.  According to VMware:

> [A]ll of the trades at issue ███████████████████ were precleared by VMware's legal team. ███████████████████████████████████ ██████████████.

Written Submission at 498.[7]  As summarized by the Court:

> [D]oes that not effectively communicate, "[VMware's] lawyers looked at each trade in question before it was made, determined that each officer was not in possession of material nonpublic information before the trade was made, and said, 'Okay'"? Like, does that not – does the statement that VMware wrote to the SEC not communicate exactly that sentiment?

Hearing Tr. at 52:1-8.

In its Motion to Dismiss Order, the Court "[found] that the timing and amounts of the sales of Gelsinger's and Rowe's trading histories support an inference of scienter."  ECF 84 at 23.  In the Answer, Defendants asserted as a defense that "Defendants are not liable because they did not act with scienter."  *See* Answer at 37 (Eighth Defense).  Defendants have also repeatedly asserted that the fact that certain (but not all) of the insider transactions were executed pursuant to a Rule 10b5-1 trading plan also negates scienter.  *See, e.g.*, Defendants' Motion to Dismiss Second Amended

---

[7]      This is consistent with the Executive Trading Analysis Presentation made by VMware to the SEC, which disclosed ████████ in-house counsel approving Defendants' insider transactions. *See* Saham Decl., Ex. J (LAMARTINA-VMW00000565- LAMARTINA-VMW00000620).

Complaint, (ECF 64) at 17-18; Defendants' Reply in Support of Motion to Dismiss the Second Amended Complaint (ECF 67) at 8.

What in-house counsel reviewed or considered in preapproving the insider transactions in this case (including whether they met the requirements of the Rule 10b5-1 trading plans) directly bears on Defendants' lack of scienter defenses. Plaintiff is entitled to know what facts in-house counsel considered in pre-approving the Individual Defendants' insider trades given VMware's representations, and cannot adequately dispute the defenses, including that the Company's lawyers approved the insider transactions, with only the communications the Company has selectively disclosed. *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege"). The Court acknowledged Plaintiff's concerns:

> [W]hich is this concern that VMware has and will -- so has in the SEC investigation and will in this case -- point to the fact of counsel's review and approval of the backlog disclosure and the pre-clearance of trades, the so-called "insider transactions," to negate or rebut a showing of scienter or to affirmatively show good faith.
>
> Even if that's not explicitly called out, and it's not a full-blown "advice of counsel" defense, I do find Judge Hixson's discussion and observations in *Abdo* pretty compelling when it comes to, you know, the notion that you could make a suggestion to a fact finder that would be unfair and misleading if you weren't really prepared to go all the way and hit all of the elements on an "advice of counsel" defense.

Hearing Tr. at 47:20-48:9.

Defendants must not be permitted to assert affirmative defenses that bear on purportedly privileged information concerning the Individual Defendants' insider transactions and then "prevent [Plaintiff] from discovering information it needs to test that defense." *SNK Corp. of Am. v. Atlus Dream Entm't Co. Ltd.*, 188 F.R.D. 566, 573 (N.D. Cal. 1999); *Oracle Am., Inc. v. Innovative Tech. Distribs., LLC*, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011) ("'[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)

- 10 -

4889-2799-3759.v1

privilege.'"); *Avila v. Mohave Cnty.*, 2015 WL 6660187, at *7 (D. Ariz. Nov. 2, 2015) ("Defendants' contention that providing the factual basis for their affirmative defenses might intrude upon the attorney-client privilege or work-product doctrine is unavailing.  Courts have repeatedly rejected this ground for refusing to answer such interrogatories.").  In fairness, Defendants must be compelled to produce documents and communications concerning Olli's, Norris's and Wainblat's pre-approval (or denial) of Defendants' insider transactions during the class period so that Plaintiff can probe Defendants' lack of scienter defenses. *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021).

### C.    VMware's In-House Counsel Should Be Included as Custodians, Given Their Relevance and Intimate Involvement with the Issues

Defendants concede that Norris, Olli, and Wainblat are relevant to the claims and defenses at issue here, and VMware has already collected the custodial files for each of those individuals, as evidenced by their inclusion on previous iterations of the Company's search term hit report produced to Plaintiff.  But VMware refuses to include Norris, Olli, and Wainblat as document custodians because including them would be burdensome and duplicative.[8]  The only "burden" VMware cites to is that it would have to review those custodians' files for privilege and log any such privileged materials, but that is not enough to justify avoiding its discovery obligations. *See Sia Chue Yang v. Schwarzenegger*, 2010 WL 11587074, at *12 (N.D. Cal. May 12, 2010) ("Defendants have failed to quantify the burden of production of a Privilege Log. In fact, they are not really asserting the burden of production, but merely the burden of reviewing the emails to decide if and how they are privileged and separating out enough information to identify the documents in a Privilege Log. This kind of objection doesn't qualify as burdensomeness – it's just one of the costs of litigation.").

[8]    Defendants' duplicity argument is not well taken.  As with every other agreed upon custodian in this case, the custodial files of Norris, Olli, and Wainblat would be de-duplicated across the entire universe of responsive documents, so that only unique documents would be produced.  The fact that hit reports show each of those individual's files have unique documents that hit on the agreed-upon search terms further discounts Defendants' claim.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 11 -

In-house attorneys are not exempt from discovery, and courts routinely permit discovery into in-house counsel's files when the discovery sought is relevant, particularly where, like here, the conduct of the in-house attorneys are at issue in the case. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.*, 2022 WL 524065, at *3-*4 (N.D. Cal. Feb. 22, 2022); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2009 WL 3443563, at *10 (D.D.C. Oct. 23, 2009) ("Their status as attorneys does not shield these custodians unconditionally from fulfilling the discovery obligations of defendants. . . . Thus, these custodians should be treated as all other custodians for the purpose of discovery.").

Olli, Norris and Wainblat, given their clear relevance to the claims and defenses in this case, including as to the backlog disclosure and preclearance of the Individual Defendants' insider transactions, must be included as custodians. *Wisk Aero*, 2022 WL 524065, at *4 ("In light of the undisputed relevance of Bibbes to the case, as well as the absence of a clear picture of the burden associated with logging his individual communications, Wisk's argument that it should be granted an exception from this court's privilege log requirements is unconvincing").

**D.    The Issue of Implied Waiver Should Be Considered Following Plaintiff's Rule 30(b)(6) Deposition of VMware with the Benefit of a More Fulsome Evidentiary Record**

At the November 14, 2023 hearing, defense counsel avowed that Defendants are "not going to say we didn't act with scienter because our lawyers approved [the backlog disclosure]." *See* Hearing Tr. at 51:2-4. But the fact remains that at least two affirmative defenses offered by Defendants here directly implicate VMware's counsel's conduct and good faith in drafting and approving the Company's backlog disclosure.[9] *See* Answer at 37 ("Defendants are not liable because VMware fully satisfied its disclosure obligations." (Fifth Defense); ("Defendants are not liable because they did not act with scienter.") (Eighth Defense); *see also* Order Granting in Part and

---

[9]    *Bittaker*, 331 F.3d at 721 ("the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition").

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 12 -

Denying in Part Defendants' Motion to Dismiss Second Amended Consolidated Complaint (ECF 84) at 25 ("Defendants argue that Gelsinger and Rowe's knowledge of VMware's managed pipeline is distinct from scienter as to the **backlog disclosure**, and that the backlog disclosure in fact supports an inference of transparency and nonfraudulent intent"). These defenses are consistent with defenses asserted during the course of the SEC investigation that "the record . . . reflect[s] [in-house counsel's] thoughtful consideration of the [backlog] disclosure," (Written Submission, at LAMARTINA-VMW00000486), that the Company "had a reasonable, good-faith basis for adopting its backlog disclosure," (*id.*) and that the record supported a finding of "good faith," and against a "finding of scienter." *Id.* at -472.

Setting aside that VMware expressly waived attorney-client privilege over its in-house counsel's communications when it disclosed clearly privileged emails to the SEC and Plaintiff here, the privilege is also impliedly waived because Defendants have asserted defenses that directly bear on the conduct of VMware's in-house counsel.[10] The Court acknowledged Plaintiff's concerns at the November 14, 2023 hearing. *See* Hearing Tr. at 47:20-48:1.

As recognized by the Ninth Circuit:

> Waivers by implication rest on the "fairness principle," which "is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. . . . In practical terms, this means that parties in litigation may not abuse the privilege by

---

[10] Defendants claim the intentionally disclosed communications reveal nothing more than that "lawyers were consulted." ECF 105 at 6. The at-issue communications reveal in-house counsel's hands-on involvement and provision of substantive legal advice in drafting the Company's backlog disclosure, including with the Individual Defendants and go well beyond a mere "averment that lawyers have looked into a matter." *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989). The facts of this case are distinguishable from those present in *White*, where no substantive communications were revealed, and thus no implied waiver. *Id.* The Court has acknowledged that distinction. *See* Hearing Tr. at 49:20-23 ("[*White*] is helpful in the sense of it distinguishes between an observation that a lawyer was in the room and whether substantive advice was relied on and used to establish a point.").

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 13 -

asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."

*Sanmina*, 968 F.3d at 1117.[11]  Defendants must not now be permitted to assert affirmative defenses that bear on purportedly privileged information while simultaneously "prevent[ing] [Plaintiff] from discovering information it needs to test that defense." *SNK Corp.*, 188 F.R.D. at 573.  Courts in this Circuit have consistently refused to allow such simultaneous use of privilege as a proverbial shield and sword.  *See, e.g.*, *Walker v. Cnty. of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005); *Coleman*, 2011 WL 2005227, at *3 ("Defendants raise . . . affirmative defenses, which are subjects discussed in the redacted sections.  Denying Plaintiffs access to the redacted sections would advantage Defendants by allowing them to use attorneyclient [sic] privilege and work-product protection at once as a shield and sword.") (internal citation omitted).

Judge Alsup addressed a similar waiver issue in another private securities case:

> [W]hen you go to the SEC and you say, "We did a report and here's what it says, and here's what we found, A, B, C, D, and E," waiver. . . .
>
> So I would say anything that related to one of the statements that were made to the SEC . . . is waived, and you've got to produce the interview memos and you've got to produce the work papers of KPMG that relate to that. That's my order.

Transcript of Proceedings at 16:9-19, *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-CV-05447 (N.D. Cal. Sept. 21, 2017), ECF 197; *Luna v. Marvell Tech. Grp., Ltd.*, 2017 WL 4286325, at *1 (N.D. Cal. Sept. 22, 2017) ("Marvell waived any work-product or attorney-client privilege over [interview memoranda] by presenting its findings to the SEC . . . .").  This is consistent with the weight of authority.  *In re Banc of Cal. Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) ("disclosure of [oral] summaries of the witness interviews [to the SEC] acted to waive any work

---

[11]    It is irrelevant that Defendants have not specifically identified an advice of counsel defense – it is enough that they attempt to show "good faith" to negate scienter or to prove the Company satisfied its disclosure obligations.  *Abdo v. Fitzsimmons*, 2022 WL 2276898, at *1 (N.D. Cal. June 23, 2022) ("[Advice of counsel] doesn't have to be a formal defense. It can be a shorthand for saying that if certain things are shown, scienter (an element of the claim) has been negated.").

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)

- 14 -

4889-2799-3759.v1

product or attorney-client privilege over any notes or memoranda memorializing those interviews"); *United States v. Reyes*, 239 F.R.D. 591, 602 (N.D. Cal. 2006) (waiver where the substance of "investigative interviews, reports, and conclusions" were disclosed to the SEC); *Rubalcava v. City of San Jose*, 2022 WL 484988, at \*4 (N.D. Cal. Feb. 16, 2022) ("Mr. Rubalcava waived work product protection regarding the contents of the witness statements described in Ms. Kaneb's declaration.").[12]

Again, in fairness, the scope of VMware's implied waiver must extend to nondisclosed communications concerning the same subject matter – the withheld backlog communications identified in the excerpt of VMware's privilege log (ECF 105 at Ex. 2) – so that Plaintiff may properly test the defenses. *Sanmina*, 968 F.3d at 1117; *Shenwick*, 2021 WL 1232451, at \*4 ("[F]airness dictates that Defendants not be able to introduce evidence implying that its lawyers passed on the adequacy of Defendants' communications," while also withholding documents on the "subjects of its public statements on the grounds of privilege."); *SNK Corp.* 188 F.R.D. 566 at 571 ("A party, therefore, may not selectively disclose privileged communications that it considers helpful

---

[12] It is irrelevant that the SEC did not pursue subject matter waiver of attorney-client privilege or work product following VMware's deliberate production of protected communications and interview statements to the SEC. In *In re Banc*, for example, defense counsel presented the findings of its internal investigation to the SEC, along with oral summaries of interviews conducted; there is no indication that the SEC ever sought the notes or memoranda memorializing the interview of waiver grounds, yet the court found waiver in the civil case extended to those notes and memoranda that were not previously shared with the SEC. 2018 WL 2373860, at \*1 ("Plaintiff argues that Wilmer Hale's disclosure of summaries of the witness interviews acted to waive any work product or attorney-client privilege over any notes or memoranda memorializing those interviews. The Court agrees."); *see also Bio-Rad*, 212 F. Supp. 3d at 851 (finding in fairness, express waiver extended beyond presentations made to the SEC and DOJ with no discussion of whether the SEC/DOJ themselves pursued that theory of waiver).

while claiming privilege on damaging communications relating to the same subject."); *Monster Energy*, 2018 WL 6133717, at *2 (objections overruled) ("The subject-matter waiver may extend to (1) documents that contain attorney-client communications concerning the subject matter of the waiver, and (2) documents that are not themselves attorney-client communications, but discuss attorney-client communications concerning the subject matter of the waiver.").

The record already makes clear that VMware's backlog disclosure was drafted by in-house counsel after substantial input by and among in-house counsel and the Company's senior executives, including Individual Defendants Gelsinger and Rowe.  Nevertheless, issues of implied waiver and sword and shield will be better developed after Plaintiff's Rule 30(b)(6) deposition of VMware.[13] That deposition will make clear exactly to what the Company will testify pertaining to the backlog disclosure and exactly what defense counsel will prevent Plaintiff from asking the Company about that disclosure.  Accordingly, Plaintiff's implied waiver arguments should be considered after the forthcoming Rule 30(b)(6) deposition of VMware, at which point, the Court and Plaintiff will be in a

---

[13]    VMware has also asserted fact work product protection over the "approximately 20" (Hearing Tr. at 60:6) interview memoranda created by its counsel during the course of the SEC investigation.  In its Written Submission, the Company deliberately disclosed and quoted favorable statements allegedly made by PwC partner Stephane Berthier during an interview with counsel for VMware and argued that, "[g]iven PwC's approval of the Company's disclosure language, we do not see a basis for fraud charges against the Company."  Written Submission at LAMARTINA-VMW00000489-90.  That disclosure effectively waived work product protections as to that memorandum.  *See* Hearing Tr. at 58; *see also Rubalcava*, 2022 WL 484988, at *4; *SEC v. Berry*, 2011 WL 825742, at *6 (N.D. Cal. Mar. 7, 2011). The waiver now also extends to the subject matter of the intentional disclosure, here the Company's backlog disclosure, and any withheld interview memoranda concerning that disclosure must be produced.  *Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 621 (N.D. Cal. 2005) (discussing subject matter waiver of fact work product).

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)
4889-2799-3759.v1

- 16 -

better position to assess counsel's November 14, 2023 statement in the context of a more fully developed record.

## III.    CONCLUSION

VMware waived attorney-client privilege and work product protection for documents concerning (1) in-house counsel's drafting and approval of the Company's backlog disclosure; and (2) in-house counsel's approval of insider transactions.  Withholding the documents sought would run afoul of well-established law and fairness principles.  The 52 withheld documents in the privilege log excerpt (ECF 105 at Ex. 2) must be produced, and attorneys Craig Norris, Amy Olli, and Larry Wainblat must be included as document custodians.

DATED:  January 26, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON


                                       s/ Scott H. Saham
                                     SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

PLAINTIFF'S MOTION TO COMPEL DEFENDANT VMWARE, INC. TO PRODUCE DOCUMENTS PREVIOUSLY WITHHELD AS PRIVILEGED AND/OR PROTECTED AND TO ADD CERTAIN INDIVIDUALS AS CUSTODIANS - 5:20-cv-02182-EJD (VKD)                 - 17 -
4889-2799-3759.v1