# Exhibit 3

**Debevoise
&Plimpton**

**Debevoise & Plimpton LLP**
801 Pennsylvania Ave., N.W.
Washington, DC 20004
+1 202 383 8000

**Kara Brockmeyer**
Partner
kbrockmeyer@debevoise.com
+1 202 383 8120

**FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.**

July 16, 2021

<u>VIA E-MAIL</u>

Kristen M. Eddy, Esq.
Jonathan M. Cowen, Esq.
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

**In the Matter of VMware, Inc. (HO-13879)**

Dear Ms. Eddy and Mr. Cowen:

As you know, we represent VMware, Inc. ("VMware") in connection with the above-referenced matter. We write in response to the questions that you raised on June 4, 2021 regarding our privilege log and certain privilege assertions that we have made during testimony.

**I.    Privilege Log**

Per your request, and as part of VMware's commitment to fully cooperate with your investigation, we have reviewed our privilege log to determine whether certain withheld documents falling within the categories outlined below can be produced, either in full or in redacted form. As a result of our review, we have identified certain withheld documents that we believe can be produced without waiving any applicable privilege. We will be producing those documents to you early next week along with an updated privilege log.

A.    Documents Shared with PwC

On May 28, 2021, we produced 10 documents that we had previously withheld as privileged.[1] As we explained in our cover letter for that production, the documents reflect different versions of a single email chain that we had recently learned was forwarded to VMware's external auditor, PwC, and is therefore not privileged. We have similarly produced other emails and attachments that would also be privileged had they

---

[1] *See* VMW00495772-805.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

LAMARTINA-VMW00253572

Ms. Eddy and Mr. Cowen                    2                    July 16, 2021

not been shared with PwC.[2]  Upon further review of our privilege log and the documents that PwC has made available to us, we have identified two additional documents that we understand were shared, at least in part, with PwC.[3]  We will be removing those two documents from our privilege log and will include them in our production early next week.  We are not aware of any other documents that should be removed from our privilege log because they were shared with PwC.

    B.      Draft Securities Filings

We have generally taken the position that drafts of VMware's securities filings, including draft disclosures for Forms 10-K and 10-Q, are protected by the attorney-client privilege.  Accordingly, our privilege log includes approximately 200 entries for documents that reflect or relate to draft filings.[4]  VMware's assertion of privilege over these documents is based on the integral role that attorneys have in providing legal advice throughout the company's drafting process.[5]  This should be apparent based on our privilege log, which lists the relevant attorney name or names for over half of the entries related to draft filings.  The remainder of these entries pertain to documents that do not reference a particular attorney, but instead reflect privileged communications with VMware's legal team more generally, which we have also indicated on the log.  In the course of our privilege review, when we identified versions of draft filings that were not under legal review, we endeavored to produce those versions and exclude them from our privilege log.[6]  We have also produced a number of draft disclosures and related communications that were shared with PwC and are therefore not privileged.[7]  As a result, we believe that we have appropriately asserted privilege over draft filings and other related documents.

    C.      Fully Withheld Emails with Attachments

As we discussed, our review of the privilege log focused primarily on emails and attachments that were withheld in full.  We identified a number of documents from this

---

[2] *See, e.g.*, VMW00493623-625.

[3] We understand these documents have already been produced by PwC.

[4] These entries can be identified by filtering for the terms "draft SEC filing", "Form 4 filing", "draft legal contingency disclosure", and "backlog disclosure" under the "Description" column of our privilege log.

[5] *See United Food & Commercial Workers Union v. Chesapeake Energy Corp.*, No. CIV-09-1114-D, 2012 WL 2370637, at *10-11 (W.D. Okla. June 22, 2012) ("[G]enerally find[ing]" that draft SEC filings are "properly withheld as privileged" when the drafts were prepared by an attorney or sent to an attorney for legal advice).

[6] *See, e.g.*, VMW00020257-328.

[7] *See supra* notes 1 and 2.

**FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                    LAMARTINA-VMW00253573

population that we are now producing, either in full or with redactions; however, we have determined that the remaining documents in the population were appropriately withheld as privileged. In reality, many of these privilege log entries are essentially duplicative and reflect either minor variations in the underlying documents or different custodian sources. If there are specific privilege log entries that you would like us to explain in more detail, please let us know and we will arrange to do so.

## II.    Privilege Assertions

Per your request, we have explained below the bases for the privilege assertions that we have made in testimony related to the following three topics.

### A.    October 2018 Audit Committee Meeting

We have asserted privilege over discussions related to backlog that took place during a special meeting of VMware's Audit Committee on October 9, 2018. As reflected in the minutes from the meeting (which we have produced in redacted form) as well as the related calendar invitation (which we have also produced), those discussions involved various members of VMware's legal team, including Amy Fliegelman Olli (General Counsel), Ana Iacovetta (Deputy General Counsel), Craig Norris (Deputy General Counsel), and Brooks Beard (Deputy General Counsel).[8] These attorneys actively participated in and/or prepared for the discussion, and they contemporaneously viewed it as a privileged communication. Accordingly, VMware maintains that the details of the discussion are privileged.

Similar to the draft filings, we have not asserted privilege over aspects of this meeting that are not privileged. For example, we have produced versions of draft materials for the meeting that were not yet under legal review, which we believe does not affect a waiver of VMware's privilege.[9] We have also allowed witnesses to testify about the non-privileged details of the meeting, including the participants, the general topics discussed, and other pertinent information that would not reveal the particular discussions with counsel. We believe these efforts demonstrate VMware's desire to fully cooperate with your investigation, while maintaining the privilege.

### B.    Disclosure Committee Meetings

We have also asserted privilege over discussions that took place during meetings of VMware's Disclosure Committee, which included three attorneys during the relevant time period: Brooks Beard (Deputy General Counsel), Craig Norris (Deputy General Counsel), and Larry Wainblat (Corporate Counsel). As noted above, these and other members of VMware's legal team play an integral role in the company's process for drafting securities filings, which includes privileged discussions that take place during the

---

[8] *See* VMW00435524 and VMW00147391.

[9] *See, e.g.*, VMW00079169-182.

**FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                    LAMARTINA-VMW00253574

Ms. Eddy and Mr. Cowen                          4                          July 16, 2021

company's Disclosure Committee meetings.  As you know, in an effort to provide non-privileged information related to the Disclosure Committee that we believe you are focused on, we recently produced the agendas and discussion items for each Disclosure Committee meeting that took place from 2016 through fiscal year 2020.[10]  We hope that you find this information to be helpful.

      C.     Q1 2019 Backlog Disclosure

Consistent with our assertion of privilege over draft filings and discussions about draft disclosures amongst VMware's Disclosure Committee, we have generally asserted privilege over communications and documents related to VMware's process for drafting the backlog disclosure that was included in the company's Form 10-Q for the first quarter of fiscal year 2019.  As noted above, we have produced certain versions of this draft disclosure and related communications that we understand were shared with PwC and are therefore not privileged.[11]  In many respects, these documents provided significant detail on the disclosure process.  However, for the reasons explained above, we continue to maintain VMware's assertion of privilege over other communications and documents related to this draft disclosure that did not involve PwC.

We hope the information above helps you better understand that factual and legal bases for our assertions of privilege in this matter.  Again, if there are specific documents or privilege log entries that you would like us to explain in more detail, please let us know as we would be happy to do so.

Please feel free to contact us at (202) 383-8120 should you have any questions.

Best regards,

Kara Brockmeyer

Andrew Ceresney

---

[10] *See* VMW00495806-978.

[11] *See supra* notes 1 and 2.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY VMWARE, INC.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                          LAMARTINA-VMW00253575