ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>VMWARE, INC., et al.,<br><br>                    Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL |

4881-6875-5374.v1

Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff") respectfully submits this opposition to Defendants' Motion for Administrative Relief for Leave to File Declaration in Support of Defendants' Opposition to Plaintiff's Motion to Compel (ECF 152).

Defendants' attempt to belatedly introduce into evidence a declaration from their Defense Counsel's partner, who represented VMware, Inc. ("VMware" or the "Company") in the SEC investigation, in support of Defendants' Opposition to Plaintiff's Motion to Compel (ECF 144) ("Opposition") violates both local rules and well-established case law, which require that any supporting evidence be contained in the Opposition. *See* Civil L.R. 7-3(a) ("Any opposition to a motion may include a proposed order, affidavits, or declarations, as well as a brief or memorandum under Civil L.R. 7-4. ***Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum***.") (emphasis added); *see also* Civil L.R. 7-3(d) ("[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"); *see also Whitley v. Javate*, 2021 WL 5906048, at *2 (N.D. Cal. Dec. 13, 2021) (striking a party's post-reply declaration as an attempt to supplement their previously-filed opposition); *In re Apple iPhone Antitrust Litig.*, 2021 WL 5181862, at *7 (N.D. Cal. Nov. 8, 2021) ("Under Local Rule 7-3(a), these arguments should have been included in [defendant's] opposition to plaintiffs' motion . . . . They were not. Given such, they are improper under Rule 7-3(a)."). Defendants' attempt to supplement the Opposition is procedurally improper and the declaration should not be considered.

Defendant VMware's counsel in this action, Debevoise & Plimpton LLP, which also represented the Company during the course of the SEC investigation, had the ability to include the attorney's declaration in support of Defendants' position months ago to show "how a particular document cited in VMware's Written Submission was used by the Company during the SEC investigation" (ECF 152 at 2), but failed to do so. The hearsay evidence, which has not been subject to cross-examination, that Defendants seek to introduce was available to Defendants not only at the time of the formal briefing on Plaintiff's motion to compel (ECF 137), but also at the time of the Parties' joint discovery letter concerning the same privilege issues (ECF 105). Defendants should not be permitted to introduce the declaration now, more than five months after Plaintiff first raised the privilege waiver issue.

In addition, Defendants' new declaration ignores not only that Exhibit 4 to the Declaration of Matthew Sorenson in Support of Defendants' Opposition (ECF 145-4) was **not** contemporaneously sent to PricewaterhouseCoopers LLP ("PwC"), but was instead subsequently and intentionally sent to PwC by VMware's general counsel, Amy Olli, days after the email chain was initiated, and also that the Company again expressly waived the privilege when it voluntarily produced those emails to the SEC and utilized those communications as both a sword and shield by arguing that the emails demonstrated review and approval of the backlog disclosure by legal personnel.  And, finally, as the Court is well aware, the Company need not assert a formal advice of counsel defense in order to effectuate subject matter waiver for the withheld communications. *Abdo v. Fitzsimmons*, 2022 WL 2276898, at *1 (N.D. Cal. June 23, 2022); *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021).

Plaintiff respectfully requests the Court disregard the declaration as improperly submitted in contravention of the Local Rules and relevant law.

DATED:  March 15, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON


s/ Scott H. Saham
SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff