Josh A. Cohen (SBN 217853)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
(415) 738-5700
*jacohen@debevoise.com*

Maeve L. O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Mathew J. Sorensen (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*
*mjsorensen@debevoise.com*

Attorneys for Defendants
VMWARE LLC, PATRICK P. GELSINGER
and ZANE ROWE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>VMWARE, INC, et al,,<br><br>Defendants. | Case No.:  5:20-cv-02182-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION** |

Defendants VMware LLC (formerly VMware, Inc.), Patrick P. Gelsinger and Zane Rowe (collectively, "Defendants") submit this opposition to Lead Plaintiff's motion for administrative relief (Dkt. No. 162, "Administrative Motion").

There is no basis for Plaintiff to submit the Berthier Memorandum or deposition subpoena in connection with its pending motion to compel (Dkt. No. 137). As part of its motion to compel, Plaintiff sought production of notes and/or memoranda of all interviews conducted by Debevoise & Plimpton LLP, outside counsel for VMware, as part of its privileged investigation. The Court correctly rejected that request, concluding that VMware's quotation from the Berthier Memorandum in a written submission to the SEC waived fact work product *only* as to that memorandum and not any others. (Mar. 5, 2024 Tr. at 36:20-37:1 ("I don't see any basis for disclosing everybody's interview memo, whether they're PWC employees or not PWC employees . . . just based on this quotation from Mr. Berthier's interview"); *id.* at 61:6-62:2 ("I do think that's the appropriate result is to produce the fact work product from that Berthier interview memo because facts were disclosed, fact work product was disclosed to the SEC").)

That Defendants produced the Berthier Memorandum — pursuant to the Court's order — is not a valid basis to seek to re-litigate an issue the Court has already decided. Defendants' compliance with the Court's order is not a waiver of any privilege or protection as to other documents. Indeed, Defendants expressly raised that issue with the Court prior to being ordered to produce the Berthier Memorandum. (Mar. 5, 2024 Tr. at 61:11-24.) Further, Defendants subpoenaed Mr. Berthier's deposition after Plaintiff already had done so, and to the extent that Mr. Berthier's testimony is inconsistent with his prior statements, Defendants are entitled to impeach him, including by means of the Berthier Memorandum.

Plaintiff's Administrative Motion — effectively a motion for reconsideration under a different name — is entirely frivolous. It should be summarily denied.[1]

---

[1] Defendants do not seek to have the Berthier Memorandum sealed.

DATED:  May 28, 2024

**DEBEVOISE & PLIMPTON LLP**

*/s/ Maeve O'Connor*

Maeve L. O'Connor (pro hac vice)
*moconnor@debevoise.com*
Elliot Greenfield (pro hac vice)
*egreenfield@debevoise.com*
Matthew J. Sorensen (pro hac vice)
*mjsorensen@debevoise.com*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

Josh A. Cohen (SBN 217853)
*jacohen@debevoise.com*
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
(415) 738-5700

*Attorneys for Defendants VMware LLC,*
*Patrick P. Gelsinger and Zane Rowe*

DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION – 20-cv-02182