ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>VMWARE, INC., et al.,<br><br>                                    Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br>CLASS ACTION<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSEL'S PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES |

4854-7606-7787.v2

Pursuant to Civil Local Rule 7-11, Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff") files this administrative motion seeking clarification of the Court's Order Re Plaintiff's Motion to Compel Production of Documents Withheld as Privileged, and Motion to Seal (ECF 165) (the "Order") as it relates to pre-clearance review of the Individual Defendants Patrick Gelsinger ("Gelsinger") and Zane Rowe's ("Rowe") (together, the "Individual Defendants") insider transactions.

Plaintiff's Motion to Compel Defendant VMware, Inc. to Produce Documents Previously Withheld as Privileged and/or Protected and to Add Certain Individuals as Custodians (ECF 137, 166) ("Motion") and the Joint Discovery Brief that preceded that Motion (ECF 105) concerned various presentations Defendant VMware, Inc. ("VMware" or the "Company") made to the U.S. Securities and Exchange Commission ("SEC"), including a Written Submission (ECF 166-8) and an Executive Trading Analysis presentation, which analyzed a number of insider trades made by the Individual Defendants during the Class Period (ECF 166-11), including the trades at issue in this case.  Plaintiff argued that VMware's reliance on its in-house counsel's pre-clearance of the Individual Defendants' insider trades as reflected in these presentations waived privilege as to all documents concerning what those attorneys reviewed or considered in making any pre-clearance determinations.  ECF 137 at 9-11.

The Court agreed there was waiver based on the fact "VMware argued to the SEC that '[a]ll of the trades at issue were executed within the applicable trading window and were precleared by VMware's legal team. ***That preclearance was predicated on the Company executives not having access to [material nonpublic information] at the time of the trades.'***"  Order at 12 (alterations and emphasis in original).  Accordingly, the Court found, in pertinent part:

> VMware waived its attorney-client privilege before the SEC with respect to counsel's pre-clearance review and the conclusion that company executives did not have access to material nonpublic information at the time of the trades in question.

*Id*.  The Court held "fairness supports a subject-matter waiver encompassing, at a minimum, the undisclosed communications underlying or reflecting the conclusions of Messrs. Norris and Wainblat and/or Ms. Olli that there was no access to material nonpublic information ***as to the***

PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSELS' PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES - 5:20-cv-02182-EJD (VKD)
4854-7606-7787.v2

- 1 -

*trades at issue.*" *Id*. at 13 (emphasis added). Defendants now argue that virtually all of the trades at issue in this case are outside of the Court's waiver ruling. Plaintiff seeks clarification of the Order in that regard.

The factual context here makes clear that waiver, as it relates to the "trades at issue," would encompass all of the Individual Defendants' Class Period insider trades, even those made pursuant to a 17 C.F.R. §240.10b5-1 ("Rule 10b5-1") trading plan that were "cleared" by VMware's counsel.[1] This is the case, as counsel's determination as to whether the Individual Defendants were in possession of material nonpublic information, and thus, whether the plan trades were "cleared," is made as of the time the plan was entered into, and is relevant for a determination of scienter, which is an element of Plaintiff's claim. In contrast, for non-plan trades, the assessment of possession of material nonpublic information is made as of the time of the transaction itself. Thus, for both plan and non-plan trades, VMware's counsel assesses the possession of material nonpublic information prior to clearing the trade, and the Court held that Plaintiff is entitled to probe witnesses on whether "there was no access to material nonpublic information as to the trades at issue." Order at 13. The Court's finding of waiver clearly applies to each of the Individual Defendants' Class Period insider trades, regardless of whether they were executed pursuant to a trading plan.

Yet during the recent deposition of Individual Defendant Gelsinger, which took place after the Court issued its Order, Defendants ignored the clear meaning of the Order and instructed Gelsinger not to answer questions concerning his Rule 10b5-1 plan trades and many of the other trades at issue, on the grounds that the Order did not find waiver in the context of pre-clearance of Rule 10b5-1 plan transactions, and that the Order only applied to certain (unidentified) non-plan

---

[1] Rule 10b5-1 was amended effective February 2023. Here, Plaintiff refers to Rule 10b5-1 as it was written prior to that amendment.

PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSELS' PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES - 5:20-cv-02182-EJD (VKD)
4854-7606-7787.v2

- 2 -

trades.  Individual Defendant Rowe was also instructed not to answer questions concerning all of his trades at issue regardless of whether they occurred pursuant to a Rule 10b5-1 plan.[2]

Defendants' interpretation of the Order makes little sense, given that at the March 5, 2024 hearing, Defendants conceded that as to the non-plan trades, "there won't be any evidence that [defendants] will rely on that says . . . this trade was precleared[.]"  *See* Transcript of Proceeding (ECF 151) at 49:18-50:25.  Since Defendants specifically excluded the pre-clearance of non-plan trades from the discussion of the pending motion by expressly stating that they would not make such arguments, the interpretation of the Order they raise now after the fact would preclude the Order from having ***any*** effect, as the only trades remaining at issue in Plaintiff's motion, following this concession, were those trades that were made pursuant to Rule 10b5-1 plans.

The questions before the Court were whether or not Defendants could argue that the trades were made without scienter by virtue of the existence of the Rule 10b5-1 plans, and whether Defendants could prevent Plaintiff from learning whether the Individual Defendants' Rule 10b5-1 plans were approved by counsel including Messrs. Wainblat and Norris and/or Ms. Olli, with full knowledge of what the Individual Defendants were aware of, and the materiality of that information, to enable counsel to make the determination as to whether the Individual Defendants possessed material nonpublic information at the time of plan execution.  Construing the Order as Defendants do would render the briefing, argument, and text of the Order virtually meaningless, and would prejudice Plaintiff's ability to prove scienter.

Defendants have repeatedly asserted that the insider trades executed pursuant to a Rule 10b5-1 trading plan negates scienter.  *See, e.g.*, Defendants' Motion to Dismiss Second Amended Complaint, (ECF 64) at 17-18; Defendants' Reply in Support of Motion to Dismiss the Second Amended Complaint (ECF 67) at 8; *see also* Answer to the Third Amended Consolidated Complaint (ECF 86) at 37 ("Defendants are not liable because they did not act with scienter.").  Defendants reiterated their position most recently in response to Plaintiff's Interrogatory No. 5,

---

[2]    Rowe's deposition occurred prior to the issuance of the Order.

PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSELS' PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES - 5:20-cv-02182-EJD (VKD)

4854-7606-7787.v2

- 3 -

which asked Defendants to provide support for their contention that "Defendants are not liable because they did not act with scienter." *See* Declaration of Scott Saham in Support of Plaintiff's Administrative Motion Seeking Clarification of Discovery Order Re Counsel's Pre-Clearance of Individual Defendants' Insider Trades, Exhibit A.  Defendants responded:

> There is no evidence that any of the stock sales by Defendants Gelsinger and Rowe during the Class Period support an inference that they acted with scienter, were dramatically out of line with their prior trading practices, or timed or calculated to maximize personal benefit from material non-public information. In fact, VMware's SEC Form 4 filings indicate that Mr. Gelsinger and Mr. Rowe both increased their holdings of VMware stock during the Class Period, which is inconsistent with an inference of scienter. ***In addition, the vast majority of Class Period stock sales by Defendants Gelsinger and Rowe were conducted pursuant to validly adopted Rule 10b5-1 plans.***

*Id*. at 11 (emphasis added).  The Rule 10b5-1 plans are only "validly adopted" if they were adopted without possession of material nonpublic information, and that is explicit in the text of Rule 10b5-1 itself (and on the face of the Rule 10b5-1 plans at issue in this case).[3]  Counsel's pre-clearance of the insider transactions in this case (including the determination as to whether they met the requirements of Rule 10b5-1) directly bears on Defendants' defenses. Accordingly, the possession of material nonpublic information prior to the execution of these trades is highly relevant to this assertion. The Court's Order must be applied to all such trades.

Plaintiff, therefore, respectfully requests the Court clarify the reach of its holding that subject matter waiver of attorney-client privilege extends to Class Period insider transactions, including those trades made pursuant to a Rule 10b5-1 trading plan, and that information and documents concerning counsel's consideration of whether Individual Defendants possessed material nonpublic information when entering into Rule 10b5-1 trading plans, and counsel's pre-

---

[3]    Rule 10b5-1 provides affirmative defenses. *See* Rule 10b5-1(c).  As a threshold matter, an insider's "purchase or sale is not on the basis of material nonpublic information" only "if the person making the purchase or sale demonstrates" that he or she entered into the trading plan "[b]efore becoming aware of the information." *Id*.

PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSELS' PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES - 5:20-cv-02182-EJD (VKD)                                                                                                    - 4 -
4854-7606-7787.v2

clearance of the insider trades at issue in this case, including those that were made pursuant to those trading plans, is discoverable.

DATED:  July 1, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
LAURA ANDRACCHIO
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON


        s/ Scott H. Saham
        SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

PLAINTIFF'S ADMINISTRATIVE MOTION SEEKING CLARIFICATION OF DISCOVERY ORDER RE: COUNSELS' PRE-CLEARANCE OF INDIVIDUAL DEFENDANTS' INSIDER TRADES - 5:20-cv-02182-EJD (VKD)

- 5 -

4854-7606-7787.v2