# EXHIBIT A

Josh Alan Cohen (SBN 217853)
DEBEVOISE & PLIMPTON LLP
650 California Street, 31st Floor
San Francisco, California 94108
Telephone: 415.738.5700
Email: jacohen@debevoise.com

Maeve L. O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Mathew J. Sorensen (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: mjsorensen@debevoise.com

Attorneys for Defendants
VMWARE LLC, et al.,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>VMWARE, INC., et al.,<br><br>Defendants. | Master File 5:20-cv-02182-EJD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |

**INTERROGATORY NO. 5:**

State the basis for the Eighth Defense set forth in the Answer and identify any documents that you believe will provide support for Defendants' contention that "Defendants are not liable because they did not act with scienter."

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein.

Defendants further specifically object to this Interrogatory as being overbroad, unduly burdensome, and seeking discovery that is not proportional to the needs of the case insofar as it calls for Defendants to identify "any documents" supporting the contention.  Defendants further object to this Interrogatory on the grounds that it calls for information that is already in Plaintiff's possession, custody, or control or is available to Plaintiff from public sources.  Defendants also object to this Interrogatory as it requests information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections against discovery. Defendants will identify the material facts upon which they presently intend to rely, but do not represent that this Response exhaustively lists all facts, documents, or other evidence that may be offered at summary judgment or at trial and Defendants specifically reserve the right to rely on additional facts not included in this Response.

Subject to and without waiving their objections, Defendants respond as follows:

Establishing that Defendants acted with scienter is an affirmative element of Plaintiff's claims for which Plaintiff bears the burden of proof at summary judgment and at trial.

for FQ1 2020 (ending May 3, 2019) at 28, 43; VMware, Inc. Form 10-Q for FQ2 2020 (ending August 2, 2019) at 31, 47; VMware, Inc. Form 10-Q for FQ3 2020 (ending November 1, 2019) at 34, 52; VMware, Inc. Form 10-L for FY 2020 (ending January 31, 2020) at 10, 19-20 (all containing the same disclosures).

Conversely, Defendants bear no burden to establish the absence of scienter.  Nonetheless, none of the documents produced in this case support Plaintiff's claim that Defendants acted with scienter with respect to VMware's alleged misrepresentations or omissions.  Defendants' contention that they are not liable because they did not act with scienter is based in sum and substance on the following facts:

There is no evidence that any of the Defendants believed that any of their statements during the Class Period were false or misleading, or that they acted recklessly with respect to any those statements.  There is likewise no evidence that any of the Defendants believed that VMware's disclosures and public statements did not comply with the Applicable Disclosures Rules.  With respect to any statements of opinion, there is no evidence that any of the Defendants did not genuinely believe those statements.

VMware fully vetted its backlog disclosures with its outside auditor, PricewaterhouseCoopers.  *See*, *e.g.*, PWC_LAMARTINA_00012328-31; PWC_LAMARTINA_00012822-25; PWC_LAMARTINA_00020171-75; PWC_LAMARTINA_00021779-927; PWC_LAMARTINA_00025063.

There is no evidence that any of the stock sales by Defendants Gelsinger and Rowe during the Class Period support an inference that they acted with scienter, were dramatically out of line with their prior trading practices, or timed or calculated to maximize personal benefit from material non-public information.  In fact, VMware's SEC Form 4 filings indicate that Mr. Gelsinger and Mr. Rowe both increased their holdings of VMware stock during the Class Period, which is inconsistent with an inference of scienter.  In addition, the vast majority of Class Period stock sales by Defendants Gelsinger and Rowe were conducted pursuant to validly adopted Rule 10b5-1 plans.  *See*, *e.g.*, LAMARTINA-VMW00283193; LAMARTINA-VMW00053567; LAMARTINA-VMW00283216; VMware Forms 4 filed with the SEC.

Defendants further state that they anticipate relying on statements or testimony to be elicited at summary judgment or trial to rebut any purported showing by Plaintiff as to scienter.

**INTERROGATORY NO. 6:**

State the basis for the Fourteenth Defense set forth in the Answer and identify any