ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>VMWARE, INC., et al.,<br><br>                  Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE |

4875-4658-2987.v1

NOTICE IS HEREBY GIVEN to all parties and their attorneys of record that pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. §636(b)(1)(A), and the Northern District of California Civil Local Rule 72-2, Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund ("Plaintiff") objects and hereby moves for relief from portions of Magistrate DeMarchi's Order Re Plaintiff's Motion to Compel Production of Documents Withheld as Privileged, and Motion to Seal (ECF 165) ("Order").  Plaintiff objects to the portions of the Order holding that: (1) Defendants' intentional disclosure of privileged communications concerning the drafting of VMware, Inc.'s ("VMware" or the "Company") backlog disclosure did not effectuate subject matter waiver of attorney-client privilege for, at a minimum, 52 other communications that have been withheld in this action; and  (2) the Company's intentional disclosure to the U.S. Securities and Exchange Commission ("SEC") of statements recorded in an interview memorandum did not effectuate subject matter waiver over other withheld documents concerning the Company's backlog disclosure.[1]

## MEMORANDUM OF LAW

This Court may modify or set aside a magistrate's nondispositive order that is "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §636(b)(1)(A).  A decision may be "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *United States v. Cathcart*, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009); *see also Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) ("'A decision is "contrary to law" if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'").[2]

---

[1]  Plaintiff has filed an Administrative Motion Seeking Clarification of Discovery Order Re: Counsel's Pre-Clearance of Individual Defendants' Insider Trades, as Plaintiff believes Defendants have misconstrued the text of the Order and that Defendants have objected to, and instructed witnesses not to provide, highly relevant testimony in a manner inconsistent with the Order.  ECF 169.  The parties await clarification from the Magistrate as to the meaning and application of the Order in this regard.

[2]  All emphasis is added and citations are omitted throughout, unless otherwise specified.

PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - 5:20-cv-02182-EJD (VKD)
4875-4658-2987.v1

- 1 -

"Rulings on the scope of the attorney-client privilege are reviewed *de novo*." *Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005). Non-waiver is an element of attorney-client privilege. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). And, "[w]hether a [privilege] holder has waived the right to claim the attorney-client privilege is a mixed question of law and fact which is likewise subject to *de novo* review." *Aronson*, 2005 WL 934331, at *3; *accord United States v. Ruehle*, 583 F.3d 600, 606-07 (9th Cir. 2009) (A "conclusion that statements are protected by an individual attorney-client privilege is 'a mixed question of law and fact'" and thus the scope of the attorney-client privilege, and whether the privilege applies to a particular communication, are subject to *de novo* review). The Court should set aside the Order as set forth herein as it misapplies, and is contrary to, relevant law, and should compel Defendants to produce the withheld documents and communications.

***Background***. During the course of the SEC's investigation into the Company's backlog and associated disclosures, VMware deliberately shared privileged and protected communications with the SEC in an effort to avoid or mitigate its liability and to persuade the SEC to find that the Company acted in "good faith," and against a "finding of scienter." *See* Plaintiff's Notice of Motion and Motion to Compel Defendant VMware, Inc. to Produce Documents Previously Withheld as Privileged and/or Protected and to Add Certain Individuals as Custodians (ECF 166) (the "Motion").[3] The relevant communications concerned, among other things, the drafting of the Company's backlog disclosure in its SEC filings, which is at issue in this case; counsel's pre-clearance of Individual Defendants Patrick Gelsinger's ("Gelsinger") and Zane Rowe's ("Rowe")

---

[3] Plaintiff originally filed the Motion under seal (ECF 137). The Order instructed Plaintiff to refile the Motion publicly. *See* ECF 165 at 4. Accordingly, for ease, Plaintiff here refers to the publicly-filed Motion and related Reply Re Notice of Motion and Motion to Compel Defendants to Produce Documents Previously Withheld as Privileged (ECF 146) ("Reply"). Prior to the Motion, the parties submitted a joint discovery dispute letter concerning the same issues. ECF 105. The Court has held two hearings on this dispute. *See* Transcripts of Proceedings, ECF 110, 148.

PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE - 5:20-cv-02182-EJD (VKD)
4875-4658-2987.v1

- 2 -

(together, "Individual Defendants") insider trades; and witness statements reflected in interview memoranda created by VMware's counsel during the course of the SEC investigation.[4]

***The backlog disclosure***.  The Court correctly found that VMware intentionally waived attorney-client privilege when it deliberately shared privileged communications about VMware's backlog disclosure with the Company's external auditor, PricewaterhouseCoopers LLP ("PwC"). Order at 6; *see also Wadler v. Bio-Rad Lab'ys, Inc.*, 212 F. Supp. 3d 829, 851 (N.D. Cal. 2016) ("by disclosing [the document] to the SEC and DOJ there is no doubt that [defendant] waived any privilege it might have claimed as to the document itself").  However, the Court then incorrectly held that VMware did not waive the privilege as to the ***subject matter*** of the privileged communications when it relied on them to defend its position in the SEC's formal investigation.  Order at 7-8.  The Court therefore erroneously denied Plaintiff's motion to compel production of at least 52 withheld documents concerning the backlog disclosure.  *Id*.

The Court's holding is contrary to well-established law, which mandates that VMware's express waiver extend to the withheld communications so that the disclosed and nondisclosed communications may be considered together.  *See, e.g.*, Fed. R. Evid. 502(a); *see also* Fed. R. Evid. 502(subdivision a) Advisory Committee Notes (allowing subject matter waiver when "fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary").  In express waiver cases, "[v]oluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject." *Richey*, 632 F.3d at 566.  "When there is an express waiver, 'once documents have been turned over to another party voluntarily, the privilege is gone, and the litigant may not thereafter reassert it to block discovery of the information ***and related communications*** by his adversaries.'" *Bio-Rad*, 212 F. Supp. 3d at 850.

Here Defendants made two disclosures of privileged information.  First, the at-issue privileged information was intentionally disclosed to PwC.  That disclosure was followed by a

---

[4]  As described above, Plaintiff has sought clarification of the Court's Order as it relates to preclearance of Individual Defendants' insider transactions.

PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE - 5:20-cv-02182-EJD (VKD)                                                  - 3 -
4875-4658-2987.v1

second, intentional disclosure of the same privileged communications evincing counsel's "thoughtful consideration" of the backlog disclosure to both the SEC and Plaintiff.  Both of these disclosures were made in judicial settings for the express purposes of mitigating liability, defending against a "finding of scienter," and as evidence of "good faith."  Motion at 3, 12-13.[5]  Defendants have offered various defenses in this action and the SEC action that illustrate the manifest unfairness in allowing the Company to continue to withhold the backlog disclosure communications.  *See, e.g.*, Motion at 12-13; Reply at 9-10; *see also* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Consolidated Complaint (ECF 84) at 25 ("Defendants argue that Gelsinger and Rowe's knowledge of VMware's managed pipeline is distinct from scienter as to the ***backlog disclosure***, and that the backlog disclosure in fact supports an inference of transparency and nonfraudulent intent.").

Defendants' assertion of these defenses precludes them from withholding any communications relevant to, or which may rebut, those defenses.  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020); *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021) ("[F]airness dictates that Defendants not be able to introduce evidence implying that its lawyers passed on the adequacy of Defendants' communications," while also withholding documents on the "subjects of its public statements on the grounds of privilege."); *Abdo v. Fitzsimmons*, 2022 WL 2276898, at *1 (N.D. Cal. June 23, 2022) ("[Advice of counsel] doesn't have to be a formal defense. It can be shorthand for saying that if certain things are shown, scienter (an element of the claim) has been negated."); *SNK Corp. of Am. v. Atlus Dream Ent. Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999).  The Court therefore erred in finding that neither VMware's express nor implied waiver of privilege effectuated subject matter waiver over at least 52 other withheld communications concerning the drafting of the backlog disclosure at issue in this case.  Order at 11.

---

[5]  *See* Order at 9 (noting "VMware's disclosure regarding its reliance on the judgment of 'legal professionals' is not extrajudicial; that disclosure was one made to a federal agency in an adversarial context").

***The interview memoranda***.  During the course of the SEC investigation, VMware disclosed to the SEC favorable statements about the Company's backlog and related disclosure made by PwC partner Stephane Berthier that were memorialized in an interview memorandum by VMware's counsel.  Motion at 16 n.13; Reply at 10-11.  The Court accordingly found that VMware waived work product protections as to that memorandum and ordered VMware to produce it (Order at 2 n.2), but declined to extend that waiver to any of the other "approximately 20" (Motion at 16 n.13) memoranda concerning the Company's backlog disclosure at issue in this case or other documents relating to the same subject matter.  That holding is contrary to well-established law, which permits subject matter waiver of work product protection.  *Luna v. Marvell Tech. Grp.*, No. 3:15-CV-05447 (N.D. Cal. Sept. 21, 2017) (ECF 197) ("I would say anything that related to one of the statements that were made to the SEC . . . is waived, and you've got to produce the interview memos."); *Tennison v. City & Cnty. of S.F.*, 226 F.R.D. 615, 621 (N.D. Cal. 2005) (discussing subject matter waiver of fact work-product); *In re Banc of Cal. Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) ("disclosure of [oral] summaries of the witness interviews [to the SEC] acted to waive any work product or attorney-client privilege over any notes or memoranda memorializing those interviews").  By using the Berthier memorandum in its defense in the SEC proceeding, VMware waived any work product protection over all other documents and memoranda concerning the backlog disclosure.

For the foregoing reasons, the Order should be set aside as contrary to law, and the withheld documents and communications concerning the same subject matter must be produced.

DATED:  July 1, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURIE L. LARGENT
LAURA ANDRACCHIO
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON

s/ Scott H. Saham
_____
SCOTT H. SAHAM

PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE - 5:20-cv-02182-EJD (VKD)                                                    - 5 -
4875-4658-2987.v1

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE - 5:20-cv-02182-EJD (VKD)                                                    - 6 -
4875-4658-2987.v1