UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM LAMARTINA,<br><br>Plaintiff,<br><br>v.<br><br>VMWARE, INC., et al.,<br><br>Defendants. | Case No. 5:20-cv-02182-EJD<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 132 |

Plaintiffs William Lamartina ("Lamartina") and Eastern Atlantic States Carpenters Pension Fund ("Lead Plaintiff" or "the Pension Fund") bring this putative class action against Defendants VMware, Inc. ("VMware"), VMware Chief Executive Officer Patrick P. Gelsinger ("Gelsinger"), and VMware Chief Financial Officer Zane Rowe ("Rowe") (collectively, "Defendants") alleging violations of the Securities Exchange Act of 1934 ("SEC").

Before the Court is Lead Plaintiff's motion to certify the Class, appoint Class Representative, and appoint Class Counsel. Pl's. Mot. for Class Cert. ("Mot.") 8–9, ECF No. 132. Defendants do not oppose Lead Plaintiff's motion at this time. Defs.' Resp. to Mot. for Class Cert., ECF No. 154. The Court held a hearing on June 27, 2024, and heard oral arguments from both Parties. ECF No. 168.

For the reasons explained below, the Court **GRANTS** Lead Plaintiff's motion.

I.  **BACKGROUND**

   A.  **Factual History**

Pursuant to Federal Rules of Civil Procedure 23(a), (b), and (g), Lead Plaintiff seeks to appoint the Pension Fund as Class Representative, and appoint Robbins Geller Rudman & Dowd

1   LLP ("Lead Counsel" or "Robbins Geller") as Class Counsel, and certify the following Class:

2   
3   
4   

> All persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are Individual Defendants and their immediate family members.

5   Mot. 8–9.

6       This case arises out of Defendants' alleged "material misstatements and omissions concerning their practice of deliberately and artificially inflating VMware's backlog by deferring revenues to later periods at management's discretion." *Id.* at 7–8. Plaintiffs allege that VMware's backlog was used to "manage the timing of the company's recognition of total and license revenue," making investors unaware of the true state of VMware's condition. *Id*. at 8. Once Defendants' backlog scheme was revealed to the market through a series of four corrective disclosures, Plaintiffs allege that VMware's stock suffered a severe and immediate price decline. *Id*. Plaintiffs specifically allege that Gelsinger and Rowe made false statements and omissions by knowingly manipulating and controlling VMware's SEC filings, press releases, and other market communications. *Id*. at 1–2.

    Lamartina alleges to have purchased 1,700 shares of VMware common stock at artificially inflated prices during the Class Period and suffered losses when the corrective disclosures were revealed. Compl. for Violations of the Federal Securities Laws ("Compl.") 22, ECF No. 1. The Pension Fund, a multi-employer benefit pension plan, alleges to have purchased 40,150 shares of VMware common stock during the Class Period and suffered substantial losses following VMware's series of four corrective disclosures. *Id*. at 13.

**B.  Procedural History**

    Lamartina filed the original complaint on March 31, 2020. Compl. 2. On July 20, 2020, the Court appointed the Pension Fund as Lead Plaintiff and Robbins Geller, the Pension Fund's selection of counsel, as Lead Counsel. Order Appointing Lead Pl. and Approving Lead Pl.'s Selection of Lead Counsel 2, ECF No. 45. Lead Plaintiff filed an amended consolidated complaint on September 18, 2020. Consolidated Compl. for Violations of the Federal Securities

1    Laws, ECF No. 50. After two rounds of motions to dismiss, the Court ultimately held that

2    Plaintiffs adequately pled their Section 20(a) and 20A claims, as well as their Section 10(b) and

3    Rule 10b-5 claims specifically based on factual statements concerning specific revenue and

4    backlog amounts, forward-looking statements about projected revenue, and concrete descriptions

5    of the past and present state of revenue recognized over a period of time. Order Granting in Part

6    and Den. in Part Mot. to Dismiss, ECF 60; Order Granting in Part and Den. in Part Defs' Mot. to

7    Dismiss Second Am. Consolidated Compl., ECF No. 84. The Court dismissed Plaintiffs' Section

8    10(b) and Rule 10b-5 claims based on all remaining statements. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 sets forth the two-step process for certifying class actions. First, a plaintiff must establish that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, the plaintiff must separately show that the proposed class fits into one of the three categories of Rule 23(b). In this case, Plaintiffs seek to invoke the third category, Rule 23(b)(3), which requires the Court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Rule 23(b)(3).

To meet their obligations under Rule 23, plaintiffs "must actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23" by a preponderance of the evidence. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022) (en banc) (citation omitted), cert. denied, 143 S. Ct. 424 (2022). Courts must conduct a "rigorous" analysis of the Rule 23 factors that will often "entail some overlap with the merits of the plaintiff's underlying claim." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980

United States District Court
Northern District of California

1  (9th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)).  However,

2  "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification

3  stage.  Merits questions may be considered to the extent—but only to the extent— that they are

4  relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."

5  *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

## III. DISCUSSION

The Court finds that Lead Plaintiff and the proposed Class have met Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy, as well as Rule 23(b)(3)'s requirements of superiority and predominance.  The Court also finds that Robbins Geller satisfies Rule 23(g)(1).

### A. Rule 23(a) Requirements

#### 1. Numerosity

To satisfy the numerosity requirement under Rule 23(a)(1), a plaintiff must demonstrate that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a).  The numerosity requirement does not impose any absolute numerical limitations but instead requires an examination of the specific facts of each case.  *See Gen. Tel. Co. v. Eeoc*, 446 U.S. 318, 330 (1980).  However, as a general rule, courts within the Ninth Circuit have found that a class comprising at least forty members indicates joinder impracticability and typically satisfies the numerosity requirement.  *See, e.g., Arroyo v. Int'l Paper Co.*, No. 17-CV-06211-BLF, 2019 WL 1508457, at *2 (N.D. Cal. Apr. 4, 2019).  In securities cases such as this, courts may infer that more than forty individuals purchased stock annually "when a corporation has millions of shares trading on a national exchange."  *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226 YGR, 2016 WL 1042502, at *4 (N.D. Cal. Mar. 16, 2016) (internal quotation marks omitted) (quoting *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009)).

The Court finds that the proposed Class meets the numerosity requirement.  During the Class Period, over 500 million shares of VMware stock were traded within the New York Stock Exchange, with over one million shares traded daily.  Mot. 15.  The daily average trading volume

was 1.34 million shares, while the weekly average trading volume was 6.71 million shares. *Id*. Given that more than forty individuals purchased stock annually, the Court finds that the class is so numerous that joinder of all members is impracticable. *See Hatamian*, 2016 WL 1042502, at *4.

### 2. Commonality

To satisfy the commonality requirement under Rule 23(a)(2), a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, a plaintiff "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News*, 737 F.3d 538, 544 (9th Cir. 2013). A would-be class can satisfy the commonality requirement if there is even a single common question. *See id*. Common questions are questions that are "capable of classwide resolution," meaning that answering them "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 (2011).

The Court finds that the proposed Class meets the commonality requirement. The common questions of law and fact include the following:

> 1. Whether Defendants violated the Exchange Act;
> 2. Whether Defendants omitted and/or misrepresented material facts;
> 3. Whether Defendants knew or recklessly disregarded that their statements and omissions were false and misleading;
> 4. Whether the price of VMware's common stock was artificially inflated as a result of Defendant's misrepresentations and/or omissions; and
> 5. Whether and to what extent disclosure of the truth regarding Defendants' omissions and misrepresentations of material facts caused Class members to suffer economic loss and damages.

Mot. 16. Each of these questions underlying Plaintiffs' allegations are common to all prospective Class Members and, if answered, will "resolve the allegations for the whole class 'in one stroke,' thereby effectuating class wide resolution." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 584 (N.D. Cal. 2015).

### 3. Typicality

To satisfy the typicality requirement under Rule 23(a)(3), a plaintiff must demonstrate that

Case No.: 5:20-cv-02182-EJD
ORDER GRANTING MOTION FOR CLASS CERTIFICATION
5

1   their claims are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In the

2   Ninth Circuit, "the test of typicality is whether other members have the same or similar injury,

3   whether the action is based on conduct which is not unique to the named plaintiffs, and whether

4   other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land*

5   *Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*,

6   976 F.2d 497, 508 (9th Cir. 1992)).

7   The Court finds that the Lead Plaintiff meets the typicality requirement. Like all members

8   of the Class, Lead Plaintiff alleges to have purchased VMware stock at artificially inflated prices

9   during the Class Period due to the misinterpretations and omissions of Defendants and the

10  concealed use of VMware's backlog to manage VMware's earnings and mask its disappointing

11  performance. When Defendants' alleged scheme was divulged to the market through a series of

12  corrective disclosures, VMware common stock price allegedly plummeted, injuring Lead Plaintiff

13  and Class Members alike. There is no evidence that suggests Lead Plaintiff suffered any injury

14  that is unique and separate from the Class.

### 4. Adequacy

16  To satisfy the adequacy requirement under Rule 23(a)(4), a plaintiff must show that they

17  are able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The

18  Ninth Circuit set a two-prong test for this requirement: "(1) [d]o the representative plaintiffs and

19  their counsel have any conflicts of interest with other class members, and (2) will the

20  representative plaintiffs and their counsel prosecute the action vigorously on behalf of the

21  class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon v. Chrysler Corp.*,

22  150 F.3d 1011, 1020 (9th Cir. 1998)).

23  The Court finds that both Lead Plaintiff and Lead Counsel have met the adequacy

24  requirement. First, neither Lead Plaintiff nor Lead Counsel have shown any conflicts of interests

25  with other Class Members. Lead Plaintiff suffered the same injuries as other prospective Class

26  Members and share the same incentive to establish Defendants' liability and to maximize any

Case No.: 5:20-cv-02182-EJD
ORDER GRANTING MOTION FOR CLASS CERTIFICATION

recovery in this case.[1]  Mot. 18.  Second, Lead Plaintiff and Class Counsel have demonstrated a vigorous desire to prosecute the action on behalf of their Class.  *Id.* at 18–19.  Lead Counsel has vigorously prosecuted this case through multiple rounds of motions to dismiss, and Lead Plaintiff has supervised and monitored the progress of Court proceedings, reviewed pleadings and other documents in this case, and participated in discussions with Lead Counsel concerning significant developments in the litigation.  *Id*.  Thus, Lead Plaintiff and Lead Counsel have shown that they are able to protect the interests of the Class fairly and adequately.

### B. Rule 23(b)(3) Requirements

#### 1. Superiority

To satisfy the superiority requirement, a plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  This determines whether "classwide litigation of common issues will reduce litigation costs and promote greater efficiency."  *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).  In making that determination, courts should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The Court finds that this class action satisfies the superiority requirement.  First, pooling the litigation of Class Members would be preferable due to economic considerations and geographic separation.  Mot. 29.  Second, the Court is unaware of other similar pending litigation commenced by Class Members against Defendants at this time, so pre-existing litigation is unlikely to be an issue.  Mot. 30.  Third, concentrating the litigation of prospective Class Members

---

[1] The Court also notes that the Pension Fund was recently found to be an adequate class representative in a similar securities class action case.  *See In re EQT Corp. Sec. Litig.*, 2022 WL 3293518, at *25 (W.D. Pa. Aug. 11, 2022).

Case No.: 5:20-cv-02182-EJD
ORDER GRANTING MOTION FOR CLASS CERTIFICATION
7

1   in one forum removes the risk of inconsistent adjudication and promotes the fair and efficient use
2   of the judicial system. *Id*.  Finally, Plaintiff does not foresee, and Defendants do not raise, any
3   concerns regarding potential management difficulties. *Id*; Def's Resp. 2.  Thus, it is apparent that
4   a class action is superior to other available methods for fairly and efficiently adjudicating
5   controversy.

### 2.   Predominance

Under Rule 23(b)(3), the Court "must consider whether questions capable of resolution 'generalized, class-wide proof' predominate over individualized ones. *Mulderrig v. Amyris, Inc.*, 340 F.R.D. 575, 585 (N.D. Cal. 2021); *see Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

The Court finds that the Class meets the predominance requirement.  The Court's predominance inquiry begins in part with the elements of a Section 10(b) securities fraud claim: (1) material misrepresentation or omission, (2) scienter, (3) connection between the misrepresentation or omission and security purchase or sales, (4) reliance, (5) economic loss, and (6) loss causation. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).  In this case, questions of whether Defendants knowingly or recklessly made material misstatements or omissions (scienter, falsity, and materiality) and whether the alleged fraud's revelation caused VMware stock to decline (loss causation) involve common questions that predominate over individual ones. *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 467–70, 474–76 (2013).  These questions of falsity, materiality, and loss causation are common issues for a class because "failure of proof" of any of these elements "would end the case" for all class members. *Id*. at 468, 475.  Accordingly, the questions capable of resolution through classwide proof predominate over individualized ones.

### C.   Appointing Robbins Geller as Lead Counsel

Under Rule 23(g)(1), a court that certifies a class must appoint a class counsel who can fairly and adequately represent the interests of the class.  The Court must consider the following factors:

Case No.: 5:20-cv-02182-EJD
ORDER GRANTING MOTION FOR CLASS CERTIFICATION
8

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

The Court finds that Robbins Geller satisfies Rule 23(g)(1).  Robbins Geller is an established firm experienced in securities litigation and complex class action lawsuits who has successfully prosecuted a wide range of fraud cases on behalf of injured investors, including in this district.  Mot. 19; *See, e.g., In re LendingClub Sec. Litig.*, 254 F. Supp. 3d 1107 (N.D. Cal. 2017).  Further, Robbins Geller's extensive investigations of these claims, work in defeating Defendants' motion to dismiss and conducting discovery, and current pursuit of class certification show their willingness to commit the necessary resources to this case.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' unopposed motion to certify the Class, appoint Lead Plaintiff as Class Representative, and appoint Robbins Geller as Class Counsel.

**IT IS SO ORDERED.**

Dated: July 2, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02182-EJD
ORDER GRANTING MOTION FOR CLASS CERTIFICATION
9