# EXHIBIT 1

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
 – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com
Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LAMARTINA, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

        vs.

VMWARE, INC., et al.,

                    Defendants.

Case No. 5:20-cv-02182-EJD (VKD)

CLASS ACTION

STIPULATION OF SETTLEMENT

4870-3874-7856.v3

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between lead plaintiff Eastern Atlantic States Carpenters Pension Fund ("Lead Plaintiff" or the "Fund"), on behalf of itself and the Class (defined in ¶1.4, *infra*), on the one hand, and defendants VMware LLC (formerly VMware, Inc.) ("VMware" or the "Company") and Patrick P. Gelsinger and Zane Rowe ("Individual Defendants" and together with VMware, "Defendants") on the other hand, by and through their counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the Northern District of California (the "Court").[1]  This Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, dismiss with prejudice, and release the Released Claims, upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in Section IV.1., below, entitled "Definitions."

## I.    THE LITIGATION

The initial complaint in this Action was filed in this Court on March 31, 2020.  ECF 1.  On June 1, 2020, the Fund moved for appointment as Lead Plaintiff and for approval of its selection of counsel.  ECF 17.  On July 20, 2020, the Court appointed the Fund as Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.[2]  ECF 45.

Lead Plaintiff filed a Consolidated Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") on September 18, 2020 (ECF 50), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against all Defendants, and alleging a violation of §20A against Defendant Gelsinger.  Defendants filed their motion to dismiss the Amended Complaint on November 17, 2020.  ECF 51.  On September 10, 2021, the Court issued an Order Granting in Part and Denying in Part Motion to Dismiss with Leave to Amend.  ECF 60.

---

[1]    VMware, Inc. was acquired by Broadcom, Inc. ("Broadcom") on November 22, 2023.

[2]    At the time the Fund moved for appointment as Lead Plaintiff, it was known as the Northeast Carpenters Pension Fund.

On October 8, 2021, Lead Plaintiff filed the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") (ECF 63), and again, Defendants moved for dismissal (ECF 64).  Lead Plaintiff filed its opposition to that motion to dismiss on December 3, 2021.  ECF 66.  On September 12, 2022, while Defendants' motion to dismiss the Second Amended Complaint was pending, the U.S. Securities and Exchange Commission issued an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (the "SEC Order") against Defendant VMware.  *See* ECF 77.  The Court thereafter permitted the Parties to provide additional briefing on Defendants' motion to dismiss concerning the effect of the SEC Order on the allegations in the Second Amended Complaint.  ECF 81.

On March 14, 2023, Plaintiff filed a Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss to address the effect of the SEC Order on Lead Plaintiff's allegations, and attached a redline to the Second Amended Complaint.  ECF 82.  Defendants filed a response on March 21, 2023.  After the supplemental briefing the Court held that Lead Plaintiff adequately pled its §§20(a) and 20A claims, as well as certain of its §10(b) and Rule 10b-5 claims, and ordered Lead Plaintiff to file the redlined Second Amended Complaint as a Third Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Third Amended Complaint").  *See* Order Granting in Part and Denying in Part Motion to Dismiss Second Amended Consolidated Complaint.  ECF 84.  The Third Amended Complaint was filed on April 6, 2024, and alleges certain Class Period misrepresentations and omissions concerning the Company's backlog and revenue.  ECF 85.  On April 20, 2023, Defendants filed their Answer to the Third Amended Complaint and therein pleaded fourteen (14) affirmative defenses and other defenses to Plaintiff's claims.  ECF 86.

The Parties thereafter began formal fact discovery, which culminated in the exchange and review of more than 100,000 documents (encompassing nearly 650,000 pages) from over a dozen custodians associated with VMware and the production of nearly 25,000 documents (over 175,000 pages) from 30 third parties subpoenaed to produce documents.  Lead Plaintiff took ten (10) fact

1   witness depositions, and propounded dozens of Requests for Production of Documents, Requests for

2   Admission, and Interrogatories on Defendants. Lead Plaintiff also produced documents in response

3   to Defendants' requests.

4          On January 16, 2024, Lead Plaintiff moved to certify the Class. ECF 132. Defendants did

5   not oppose the motion. ECF 154. Following its June 27, 2024 hearing, on July 2, 2024, the Court

6   issued its Order Granting Motion for Class Certification and appointing Lead Plaintiff as Class

7   Representative and appointing Robbins Geller as Class Counsel. ECF 171. The Class Members are

8   persons who purchased the publicly traded Class A common stock of VMware during the Class

9   Period, and who were damaged thereby. At the time the Settlement was achieved, the Parties were

10  in the process of preparing to exchange expert reports on various issues. A trial setting conference

11  was scheduled to occur on October 31, 2024.

12         During the course of the Action, the Parties engaged a neutral, third party mediator, the Hon.

13  Layn R. Phillips (Ret.) of Phillips ADR, to aid in settlement negotiations. Judge Phillips has

14  extensive experience mediating complex class action litigations such as this Action. The Parties

15  engaged in two in-person mediation sessions and numerous teleconferences with Judge Phillips in an

16  effort to resolve the Action. The Parties also exchanged mediation briefs ahead of their first in-

17  person mediation session, setting forth their respective arguments concerning liability and damages

18  and respective views of the merits of the Action. Though the Parties' initial mediation session on

19  March 1, 2024 was unsuccessful in resolving the Action, the Parties continued to have telephonic

20  and email exchanges with Judge Phillips regarding a potential resolution. The Parties and the Court

21  thereafter agreed to a stay of the Action to allow settlement discussions to continue in a good-faith

22  attempt to resolve the Action. ECF 174, 176, 178, 180.

23         On July 19, 2024, the Parties attended a remote mediation session with Judge Phillips. That

24  mediation session paved the way for additional discussions that day between the Parties, resulting in

25  an agreement in principle to settle the Action for $102,500,000.00, subject to the negotiation of the

26  terms of a stipulation of settlement and approval by the Court. This Stipulation (together with the

27  Exhibits hereto) reflects the final and binding agreement of the Parties.

28

## II.     LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence and record developed to date support the claims asserted.  Nonetheless, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and any possible appeals.  Lead Plaintiff and Lead Counsel have also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel is mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law.  Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Action, along with all the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Class have suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  Defendants have asserted, and continue to assert, that the conduct was at all time proper and in compliance with all applicable provisions of law, and believe the evidence developed to date supports their position that they acted properly at all time and that the Action is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into

1    this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have

2    determined that it is desirable and beneficial to them that the Action be settled in the manner and

3    upon the terms and conditions set forth in this Stipulation.

4    **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

5         NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead

6    Plaintiff (for itself and members of the Class), on the one hand, and Defendants, on the other hand,

7    by and through their respective counsel of record, that, subject to the approval of the Court, pursuant

8    to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the

9    Parties from the Settlement set forth herein, the Released Claims and the Released Defendants'

10   Claims shall be finally and fully compromised, settled, and released, and the Action shall be

11   dismissed with prejudice, with each party to bear its own fees, costs, and expenses (except as

12   expressly provided by the Court), as to Plaintiff and Defendants, upon and subject to the terms and

13   conditions of the Stipulation, as follows.

14        **1.    Definitions**

15        As used in the Stipulation the following terms have the meanings specified below:

16        1.1    "Action" means *William Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD

17   (N.D. Cal.), and all prior proceedings therein.

18        1.2    "Authorized Claimant" means any member of the Class who submits a timely and

19   valid Proof of Claim and Release and whose claim for recovery has been allowed pursuant to the

20   terms of the Stipulation.

21        1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.

22        1.4    "Class" means all persons who purchased the publicly traded Class A common stock

23   of VMware, Inc. during the period from August 24, 2018 through February 27, 2020, inclusive (the

24   "Class Period"), and were damaged thereby. Excluded from the Class are Individual Defendants and

25   their immediate family members. Also excluded from the Class are those persons and entities who

26   timely and validly request exclusion from the Class pursuant to the Notice.

27        1.5    "Class Member" or "Class Members" means any Person(s) who falls within the

28   definition of the Class as set forth in ¶1.4 of this Stipulation.

1    1.6    "Court" means the United States District Court for the Northern District of California.

2    1.7    "Effective Date" means the first date by which all of the events and conditions

3    specified in ¶7.1 of the Stipulation have been met and have occurred.

4    1.8    "Escrow Account" means the account controlled by the Escrow Agent.

5    1.9    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

6    1.10    "Final" means when the last of the following with respect to the Judgment approving

7    this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration

8    of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

9    59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has

10    passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an

11    appeal is taken, immediately after the determination of that motion or appeal so that it is no longer

12    subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a

13    court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such manner as to

14    permit the consummation of the Settlement, substantially in accordance with the terms and

15    conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any motion

16    for reconsideration or rehearing or petition for a writ of certiorari or other writ that may be filed in

17    connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking

18    subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees,

19    costs, or expenses or an award to Lead Plaintiff; (ii) the Plan of Allocation (as submitted or

20    subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized

21    claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to

22    become Final, or otherwise preclude the Judgment from becoming Final.

23    1.11    "Judgment" means the judgment and order of dismissal with prejudice to be rendered

24    by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

25    1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

26    1.13    "Lead Plaintiff" means Eastern Atlantic States Carpenters Pension Fund.

27    1.14    "Memorandum of Understanding" means the Memorandum of Understanding

28    executed by the Parties on September 4, 2024.

STIPULATION OF SETTLEMENT - 5:20-cv-02182-EJD (VKD)
4870-3874-7856.v3

1    1.15    "Net Settlement Fund" means the portion of the Settlement Fund that shall be

2 distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the

3 Court, after provision for the amounts set forth in ¶5.4(a)-(c) of this Stipulation.

4    1.16    "Parties" means Plaintiff and Defendants.  "Party" means one of the Parties.

5    1.17    "Person" means an individual, corporation, partnership, limited partnership,

6 association, joint stock company, estate, legal representative, trust, unincorporated association,

7 government or any political subdivision or agency thereof, and any business or legal entity and his,

8 her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

9    1.18    "Plaintiff" means Eastern Atlantic States Carpenters Pension Fund.

10    1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement

11 Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the

12 amounts set forth in ¶5.4(a)-(c) of this Stipulation.  Any Plan of Allocation is not part of the

13 Stipulation and the Released Parties shall have no responsibility or liability with respect to the Plan

14 of Allocation.

15    1.20    "Proof of Claim and Release" means the Proof of Claim and Release form for

16 submitting a claim, which, subject to approval of the Court, shall be substantially in the form

17 attached hereto as Exhibit A-2.  A Class Member must complete and submit the Proof of Claim and

18 Release should that Class Member seek to share in a distribution of the Net Settlement Fund.

19    1.21    "Released Claims" means all claims (including, but not limited to, Unknown Claims),

20 demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have

21 been asserted in the Action or could in the future be asserted in any forum, whether foreign or

22 domestic, whether arising under federal, state, common or foreign law, by Plaintiff, any member of

23 the Class, or their successors, assigns, executors, administrators, representatives, attorneys and

24 agents, whether brought directly or indirectly against any of the Released Defendants Parties, which

25 arise out of, are based on, or relate in any way to, directly or indirectly: (i) any of the allegations,

26 acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set

27 forth, alleged or referred to, in the Action, or which could have been alleged in the Action; and (ii)

28 the purchase, acquisition, transfer, holding, ownership, disposition or sale of VMware, Inc. common

1  stock, by any members of the Class during the Class Period. For the avoidance of doubt, "Released

2  Claims" does not include claims to enforce the Settlement.

3      1.22   "Released Defendants Parties" means: (i) each and all of the Defendants and

4  Broadcom, Inc.; (ii) each of their respective family members (for individuals) and past, present, and

5  future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any

6  of the entities listed in parts (i) and (ii), their respective past and present general partners, limited

7  partners, principals, shareholders, investors (however denominated), joint ventures, members,

8  officers, directors, managers, managing directors, supervisors, employees, contractors, consultants,

9  auditors, accountants, financial advisors, professional advisors, investment bankers, representatives,

10 insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs,

11 executors, administrators, and any controlling person thereof.

12      1.23   "Released Defendants' Claims" means all claims (including, but not limited to,

13 Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have

14 been or could have been asserted in the Action by the Released Defendants Parties or any of them

15 against any of the Released Plaintiff Parties, which arise out or relate in any way to the institution,

16 prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the

17 Settlement).

18      1.24   "Released Parties" means the Released Defendants Parties and the Released Plaintiff

19 Parties.

20      1.25   "Released Plaintiff Parties" means: (i) each and all of the plaintiffs, consisting of

21 Plaintiff and members of the Class; (ii) each of their respective family members, and their respective

22 past, present, and future general partners, limited partners, principals, shareholders, investors

23 (however denominated), joint ventures, members, officers, directors, managers, managing directors,

24 supervisors, employees, contractors, consultants, auditors, accountants, financial advisors,

25 professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents,

26 attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any

27 controlling person thereof; and (iii) Lead Counsel and other counsel representing Plaintiff and the

28 Class.

1           1.26   "Settlement" means the resolution of the Action in accordance with the terms and

2  provisions of the Stipulation.

3           1.27   "Settlement Amount" means the principal amount of One Hundred Two Million Five

4  Hundred Thousand Dollars ($102,500,000.00), to be paid pursuant to ¶2.1 of this Stipulation.

5           1.28   "Settlement Fund" means the Settlement Amount, together with all interest and

6  income earned thereon after being transferred to an account controlled by the Escrow Agent, and

7  which may be reduced by payments or deductions as provided for herein or by Court order.

8           1.29   "Settlement Hearing" means the hearing to be held by the Court to determine

9  whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of

10  Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request

11  for an award of attorneys' fees and expenses and an award to Lead Plaintiff should be approved.

12           1.30   "Settling Parties" means Defendants and Lead Plaintiff, on behalf of itself and Class

13  Members.

14           1.31   "Summary Notice" means the Summary Notice for publication, which shall be

15  substantially in the form attached hereto as Exhibit A-3.

16           1.32   "Tax Expenses" means expenses and costs incurred in connection with the calculation

17  and payment of taxes or the preparation of tax returns and related documents, including, without

18  limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to

19  filing (or failing to file) the returns described in ¶2.8.

20           1.33   "Taxes" means all taxes of any kind (including any estimated taxes, interest, or

21  penalties) arising with respect to any income earned by the Settlement Fund as described in ¶2.8.

22           1.34   "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any

23  other Class Member does not know or suspect to exist in his, her, or its favor at the time of the

24  release of the Released Defendants Parties, and any and all Released Defendants' Claims that any

25  Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her, or

26  it, might have affected his, her, or its decision(s) to enter into this Settlement, execute this

27  Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or

28  its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Class.

Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but such person or entity shall expressly settle and release, and each Member of the Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge and the members of the Class by operation of the Judgment shall be deemed to have acknowledged that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and are material elements of the Settlement.

**2.     The Settlement**

     **a.     The Settlement Fund**

2.1     The Settlement Amount shall be paid as follows:

     (a)     VMware LLC shall deposit Ten Million Dollars ($10,000,000) into an interest-bearing escrow account controlled by Robbins Geller Rudman & Dowd LLP, Lead Counsel, on or before October 7, 2024.

     (b)     Defendants shall deposit or cause to be deposited Ninety-Two Million Five Hundred Thousand Dollars ($92,500,000) into an interest-bearing escrow account controlled by Lead Counsel within fourteen (14) calendar days after entry of a preliminary approval order by the Court. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund. Such amount is paid as consideration for full and complete settlement of all the Released Claims. Other than the obligation of Defendants to pay or cause to be paid the Settlement Amount into the Settlement Fund, Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account in accordance with ¶2.1, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

     **b.     The Escrow Agent**

2.3     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund shall be borne entirely by the Settlement Fund, and the Released Defendants Parties shall have no responsibility for, interest in, or

1  liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or

2  any transaction executed by the Escrow Agent.

3      2.4    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in

4  the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for all of

5  the Settling Parties.

6      2.5    Subject to further order(s) and/or directions as may be made by the Court, or as

7  provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

8  provided for under the terms of the Stipulation.  The Released Parties shall have no responsibility

9  for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any

10  transaction executed by the Escrow Agent.

11      2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

12  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

13  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14      2.7    Notwithstanding that the Effective Date of the Settlement has not yet occurred, Lead

15  Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund

16  reasonable costs of notice and settlement administration ("Notice and Administration Costs")

17  associated with the administration of the Settlement.  Such Notice and Administration Costs include,

18  without limitation: the cost of identifying and locating members of the Class, emailing (and mailing

19  where no email is available) the Postcard Notice and publishing notice (such amount shall include,

20  without limitation, the actual costs of publication, printing and mailing the Postcard Notice, and

21  reimbursement to nominee owners of the reasonable costs of identifying and forwarding notice to

22  their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and

23  distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and

24  Release, and paying bank fees and costs, if any, and the administrative expenses incurred and fees

25  charged by the Claims Administrator in connection with providing notice and processing the

26  submitted claims.  The Released Defendants Parties shall have no responsibility for or liability

27  whatsoever with respect to the Notice and Administration Costs, nor shall they have any

28  responsibility or liability whatsoever for any claims with respect thereto.  After the Effective Date,

1 Lead Counsel may pay all further reasonable Notice and Administration Costs, regardless of amount,

2 without further order of the Court.

3               **c.**     **Taxes**

4         2.8     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a

5 "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the

6 Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions

7 of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1)

8 back to the earliest permitted date.  Such elections shall be made in compliance with the procedures

9 and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to

10 timely and properly prepare and deliver the necessary documentation for signature by all necessary

11 parties, and thereafter to cause the appropriate filing to occur.

12         2.8     (b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as

13 amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

14 Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

15 necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

16 described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in

17 ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes

18 (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund

19 shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

20         2.8     (c)     All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising

21 with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

22 may be imposed upon the Released Parties with respect to any income earned by the Settlement

23 Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement

24 Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs

25 incurred in connection with the operation and implementation of this ¶2.8 (including, without

26 limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

27 expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of

28 the Settlement Fund.  In no event shall the Released Parties or their counsel have any liability or

1   responsibility whatsoever for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify

2   and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses

3   (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes

4   and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement

5   Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order

6   from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the

7   contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such

8   amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well

9   as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2));

10  Released Defendants Parties nor their counsel are responsible nor shall they have any liability

11  therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their

12  tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this

13  ¶2.8.

14              **d.      Termination of Settlement**

15         2.9     In the event the Stipulation is not approved or is terminated, canceled, or fails to

16  become effective for any reason, including, without limitation, in the event the Stipulation is not

17  approved or the Judgment is reversed or vacated following any appeal taken therefrom, the

18  Settlement Fund (including the interest earned thereon), less expenses actually incurred or due and

19  owing for Notice and Administration Costs, Taxes or Tax Expenses, pursuant to ¶¶2.7 and 2.8, shall

20  be refunded pursuant to ¶¶6.2 and 7.4, and written instructions from Defendants' counsel to the

21  party, parties, or insurers that paid the Settlement within twenty-one (21) calendar days from the date

22  of the notice from counsel for Defendants pursuant to ¶7.4.

23         **3.      Preliminary Approval Order and Settlement Hearing**

24         3.1     Within thirty (30) calendar days of execution of the Stipulation, Lead Counsel shall

25  submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for

26  entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary

27  approval of the Settlement set forth in the Stipulation and approval for the emailing (and mailing

28  where no email is available) of the Postcard Notice and publication of the Summary Notice, in the

forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form contained in Exhibit A-1 attached hereto, which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Members of the Class shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    Lead Counsel shall request that, after notice is given to the Class, and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq*. ("CAFA"), the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class), and their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendants Parties (whether or not such Class Members execute and deliver the Proof of Claim and Release) any and all Released Claims (including, without limitation, Unknown Claims).

4.2    Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) and their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such shall be permanently barred and

1    enjoined from the institution, maintenance, prosecution, or enforcement against any Released

2    Defendants Parties, in any state or federal court or arbitral forum, or in the court of any foreign

3    jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).

4         4.3    The Proof of Claim and Release to be executed by Class Members shall release all

5    Released Claims against the Released Defendants Parties and shall be substantially in the form

6    contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to

7    submit such Proof of Claim and Release shall have no effect on the provisions of the foregoing ¶¶4.1

8    and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who

9    have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim

10   and Release.

11        4.4    Upon the Effective Date, each of the Released Defendants Parties, shall have, fully,

12   finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including

13   Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown

14   Claims).  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the

15   Released Defendants Parties in this Stipulation do not include the release, relinquishment, or

16   discharge of any claim or cause of action that any of the Released Defendants Parties may have

17   against an insurer for, arising out of or related to insurance coverage for, arising out of or related to

18   the Action or any related matter or proceeding, including any derivative or ERISA action based on

19   similar allegations.

20       **5.    Administration and Calculation of Claims, Final Awards, and**
                **Supervision and Distribution of the Settlement Fund**

21

22        5.1    The Claims Administrator, subject to such supervision and direction of the Court as

23   may be necessary or as circumstances may require, shall provide notice of the Settlement to the

24   Class, shall administer and calculate the claims submitted by Class Members, and shall oversee

25   distribution of the Net Settlement Fund to Authorized Claimants.

26        5.2    Within seven (7) calendar days after the Court enters the Preliminary Approval Order,

27   VMware shall use reasonable best efforts to: (i) locate record shareholder lists of VMware

28   shareholders during the Class Period to the extent such lists exist; (ii) identify and provide contact

1   information for VMware's transfer agent(s) during the Class Period; and (iii) facilitate access to such

2   information for Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiff or

3   the Class, as for purposes of providing notice of the proposed Settlement to the Class. The Parties

4   shall determine an appropriate electronic format for provision of this information.

5       5.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead

6   Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to

7   be emailed or mailed (in those instances where no email address is available) by the Claims

8   Administrator to all shareholders of record, or their nominees. The Notice and Proof of Claim and

9   Release shall also be posted on the Settlement website. In accordance with the schedule set forth in

10  the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3

11  attached hereto, will also be published once in the national edition of *The Wall Street Journal* and

12  once over a national newswire service. The cost of providing such notice shall be paid out of the

13  Settlement Fund.

14      5.4    The Settlement Fund shall be applied as follows:

15          (a)    to pay all Notice and Administration Costs;

16          (b)    to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

17          (c)    to pay Lead Counsel's attorneys' fees and expenses, plus interest (the "Fee

18  and Expense Award"), and to pay an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), if

19  and to the extent allowed by the Court; and

20          (d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by

21  the Stipulation, the Plan of Allocation, or the Court.

22      5.5    Upon the Effective Date and thereafter, and in accordance with the terms of the

23  Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may

24  be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to

25  Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

26      5.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the

27  Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit

28  A-2 attached hereto, received by no later than ninety (90) calendar days after the Notice Date (as

1   defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar
2   Date"), signed under penalty of perjury and supported by such documents as are specified in the
3   Proof of Claim and Release.

4       5.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a
5   Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or
6   who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any
7   payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects
8   be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the
9   Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the
10  obligation) to accept late-submitted claims for processing so long as the distribution of the Net
11  Settlement Fund to Authorized Claimants is not materially delayed thereby.

12      5.8    The Claims Administrator shall calculate the claims of Authorized Claimants in
13  accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following
14  the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its
15  *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least
16  $10.00.

17      5.9    The Net Settlement Fund is non-reversionary and Defendants shall not have a
18  reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net
19  Settlement Fund after a reasonable amount of time following the date of the initial distribution of the
20  Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized
21  Claimants who negotiated the checks sent to them in the initial distribution and who would receive at
22  least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the
23  balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then
24  be donated to the Council of Institutional Investors.

25      5.10   The Released Defendants Parties shall have no responsibility for, interest in, or
26  liability whatsoever with respect to the processing, review, determination, or calculation of any
27  claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or
28  withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any

1  claim of any kind against the Defendants, Released Defendants Parties, or counsel for Defendants

2  with respect to the matters set forth in ¶¶5.1-5.12 hereof; and the Members of the Class, Lead

3  Plaintiff, and Lead Counsel release the Defendants and Released Defendants Parties from any and all

4  liability and claims arising from or with respect to the administration, investment, or distribution of

5  the Settlement Fund.

6      5.11    It is understood and agreed by the Settling Parties that any proposed Plan of

7  Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

8  Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

9  by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

10  of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

11  Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

12  Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered

13  pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this

14  Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

15      5.12    No Person shall have any claim against Lead Plaintiff, the Class, Lead Counsel,

16  Released Defendants Parties, Defendants' counsel, or the Claims Administrator based on

17  distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of

18  Allocation, or otherwise as further ordered by the Court.

19      **6.    Lead Counsel's Attorneys' Fees and Expenses**

20      6.1    Lead Counsel may submit an application or applications (the "Fee and Expense

21  Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with

22  prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate

23  and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

24  Court.  Any and all such fees, expenses, and costs awarded by the Court shall be payable solely out

25  of the Settlement Fund.  In addition, Lead Plaintiff may submit an application for an award from the

26  Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the

27  Class.

28

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4     Released Defendants Parties shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Lead Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

1    (a)    execution of the Stipulation and such other documents as may be required to

2    obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

3    (b)    the Settlement Amount has been deposited into the Escrow Account;

4    (c)    the Court has entered the Preliminary Approval Order, substantially in the

5    form of Exhibit A hereto, as required by ¶3.1 hereof;

6    (d)    Defendants have not exercised their option to terminate the Stipulation

7    pursuant to ¶7.3 hereof;

8    (e)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice

9    the Action, as to the Lead Plaintiff and other Class Members, and as against each of the Defendants,

10   as set forth above; and

11   (f)    the Judgment has become Final, as defined in ¶1.10 hereof.

12   7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

13   remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

14   forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the

15   Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and

16   Defendants' counsel mutually agree in writing to proceed with the Settlement.

17   7.3    Defendants shall have the option to terminate the Settlement in the event that Persons

18   who otherwise would be members of the Class and timely choose to exclude themselves from the

19   Class in accordance with the provisions of the Preliminary Approval Order and Notice given

20   pursuant thereto purchased more than a certain number of shares of VMware Class A common stock

21   during the Class Period ("Opt-Out Threshold"), as set forth in a separate agreement (the

22   "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel, which is

23   incorporated by reference into this Stipulation.  The parties shall not file the Supplemental

24   Agreement with the Court unless instructed to do so by the Court.  The Opt-Out Threshold may be

25   disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court,

26   but such disclosure shall be carried out to the fullest extent possible in accordance with the practices

27   of the Court so as to maintain the Opt-Out Threshold as confidential.

28

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' counsel to the party, parties, or insurers that paid the Settlement Amount.  At the request of Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel to the party, parties, or insurers that paid the Settlement Amount.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of September 4, 2024. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.7-2.8, 7.4, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of September 4, 2024.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6     Each of the Defendants warrants and represents that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, he or it is not "insolvent" within the meaning of 11 U.S.C. §101(32).  If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction

determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Plaintiff and the members of the Class shall be restored to their litigation positions as of September 4, 2024.

**8.      No Admission of Wrongdoing**

8.1      Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

1     (c)     shall be offered or received against any Defendant as evidence of a

2   presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any

3   way referred to for any other reason as against any of the parties to this Stipulation, in any other

4   civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is

5   approved by the Court, Defendants and the Released Defendants Parties may refer to it to effectuate

6   the release granted them hereunder; or

7     (d)     shall be construed against Defendants, Lead Plaintiff, or the Class as evidence

8   of a presumption, concession or admission that the consideration to be given hereunder represents

9   the amount which could be or would have been recovered after trial or in any proceeding other than

10  this Settlement.

11     **9.     Miscellaneous Provisions**

12     9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this

13  Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

14  implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish

15  the foregoing terms and conditions of the Stipulation expeditiously.

16     9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all

17  disputes between them with respect to the Action.  The Settlement shall not be deemed an admission

18  by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The

19  Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule

20  11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or

21  settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and

22  their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution,

23  defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the

24  Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length

25  by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with

26  competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party

27  determines to be appropriate, any contention made in any public forum regarding the Action,

28  including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Memorandum of Understanding, the Stipulation, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendants Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

9.4     The Released Defendants Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.5     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

9.6     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information, including the Stipulated Protective Order (ECF 100) shall survive this Stipulation.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all

1   Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this

2   Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the

3   same or any other term or provision or of any previous or subsequent breach thereof.

4          9.10    The Stipulation and the Exhibits attached (together with the Supplemental Agreement

5   referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no

6   representations, warranties, or inducements have been made to any Settling Party concerning the

7   Stipulation or its Exhibits other than the representations, warranties, and covenants contained and

8   memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants,

9   in any separate agreement(s) between them), each Settling Party shall bear its own costs.

10         9.11    The Settlement is not conditioned upon the settlement or approval of settlement of

11  any derivative lawsuits or other lawsuits.  Nor shall the Settlement be conditional upon the obtaining

12  of any judicial approval of any releases between or among Defendants and/or any third parties.

13         9.12    This Stipulation shall be construed and interpreted to effectuate the intent of the

14  Settling Parties, which is to resolve completely those claims and disputes, including in the Action,

15  and as more fully described herein.  If any provision of this Stipulation shall be determined to be

16  invalid, void, or illegal, such provision shall be construed and amended in a manner that would

17  permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other

18  provision hereof.

19         9.13    Neither the Class Members nor Defendants shall be bound by the Stipulation if the

20  Court modifies material terms thereof; provided, however, that it shall not be a basis for Class

21  Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or

22  criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of

23  Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court

24  disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or

25  the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or

26  Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and

27  Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any

28  circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

9.14    Defendants shall be responsible for providing any notice that may be required under CAFA within ten (10) calendar days of the filing of this Stipulation with the Court. Defendants shall be responsible for all costs and expenses related thereto. The Settling Parties agree that any delay by Defendants in timely providing the CAFA notice shall not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

9.15    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.16    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.17    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Counsel:

Spencer A. Burkholz
Scott H. Saham
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

If to Defendants or to Defendants' Counsel:

Maeve L. O'Connor
Elliot Greenfield
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001

1    9.18    The Stipulation may be executed in one or more counterparts. All executed

2    counterparts and each of them shall be deemed to be one and the same instrument. A complete set of

3    executed counterparts shall be filed with the Court.

4    9.19    The Stipulation shall be binding upon, and inure to the benefit of, the heirs,

5    successors, and assigns of the Settling Parties hereto.

6    9.20    The Court shall retain jurisdiction with respect to the implementation and

7    enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction

8    of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9    9.21    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in

10    this Action shall be stayed, and all members of the Class shall be barred and enjoined from

11    prosecuting any of the Released Claims against any of the Released Defendants Parties.

12    9.22    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

13    executed, and delivered, and to be wholly performed, in the State of California, and the rights and

14    obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

15    governed by, the internal, substantive laws of the State of California, without giving effect to that

16    State's choice-of-law principles.

17    9.23    This Stipulation shall not be construed more strictly against one party than another

18    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

19    the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

20    Settling Parties and the Settling Parties have contributed substantially and materially to the

21    preparation of this Stipulation.

22    IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,

23    by their duly authorized attorneys, on October 4, 2024.

24                    ROBBINS GELLER RUDMAN
                        & DOWD LLP
25                    SPENCER A. BURKHOLZ
                    LAURIE L. LARGENT
26                    LAURA ANDRACCHIO
                    SCOTT H. SAHAM
27                    ASHLEY M. KELLY
                    TING H. LIU
28                    STEPHEN JOHNSON

1

2

3
SCOTT H. SAHAM

4
655 West Broadway, Suite 1900
San Diego, CA  92101

5
Telephone:  619/231-1058
619/231-7423 (fax)

6
spenceb@rgrdlaw.com
llargent@rgrdlaw.com

7
landracchio@rgrdlaw.com
scotts@rgrdlaw.com

8
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com

9
sjohnson@rgrdlaw.com

10
ROBBINS GELLER RUDMAN
  & DOWD LLP

11
SHAWN A. WILLIAMS
Post Montgomery Center

12
One Montgomery Street, Suite 1800
San Francisco, CA  94104

13
Telephone:  415/288-4545
415/288-4534 (fax)

14
shawnw@rgrdlaw.com

15
Lead Counsel for Lead Plaintiff

16
DEBEVOISE & PLIMPTON LLP
MAEVE L. O'CONNOR

17
ELLIOT GREENFIELD

18

19
MAEVE L. O'CONNOR

20
66 Hudson Boulevard

21
New York, New York 10001
Telephone: 212-909-6000

22
DEBEVOISE & PLIMPTON LLP

23
JOSH A. COHEN
650 California Street

24
San Francisco, California 94108
Telephone: 415-738-5700

25
Attorneys for Defendants

26

27

28

STIPULATION OF SETTLEMENT - 5:20-cv-02182-EJD (VKD)
4870-3874-7856.v3

- 29 -

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LAMARTINA, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

VMWARE, INC., et al.,

                    Defendants.

Case No. 5:20-cv-02182-EJD (VKD)

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

4870-0865-8646.v2

1    WHEREAS, an action is pending before this Court titled *Lamartina v. VMware, Inc., et al.*,

2  No. 5:20-cv-02182-EJD (N.D. Cal.) (the "Action");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4  Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance

5  with a Stipulation of Settlement dated October 4, 2024 (the "Stipulation"), which, together with the

6  Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action

7  and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

8  the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

9    WHEREAS, unless otherwise defined, all capitalized terms used herein have the same

10  meanings as set forth in the Stipulation.

11    NOW, THEREFORE, IT IS HEREBY ORDERED:

12    1.    After a preliminary review, the Settlement appears to be fair, reasonable, and

13  adequate.  The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced

14  mediator; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide

15  undue preferential treatment to Lead Plaintiff or to segments of the Class[1]; (iv) does not provide

16  excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible

17  approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of

18  the Settlement to the Class.  Accordingly, the Court hereby preliminarily approves the Stipulation

19  and the Settlement set forth therein, subject to further consideration at the Settlement Hearing

20  described below.

21

22  _____

[1]    The "Class" is defined as all persons who purchased the publicly traded Class A common stock

23  of VMware during the period from August 24, 2018 through February 27, 2020, inclusive (the

24  "Class Period"), and were damaged thereby.  Excluded from the Class are Individual Defendants and

25  their immediate family members.  Also excluded from the Class are any persons or entities who

26  exclude themselves by submitting a request for exclusion in connection with the Notice that is

27  accepted by the Court.

28

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE- 5:20-cv-02182-EJD (VKD)                                              - 1 -
4870-0865-8646.v2

2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at _:___ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Northern District of California, Courtroom 4—5th Floor, 280 South 1st Street, San Jose, CA 95113, for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendants Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c)    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff;

(e)    to consider Class Members' objections to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of

1    Claim"), the Summary Notice, and the Postcard Notice, annexed hereto as Exhibits A-1, A-2, A-3,

2    and A-4, respectively, and finds that the distribution of the Postcard Notice by email or regular mail

3    (where an email is unavailable) and publishing of the Summary Notice, substantially in the manner

4    and form set forth in ¶¶7-8 of this Order, meet the requirements of Rule 23 of the Federal Rules of

5    Civil Procedure and due process, and is the best notice practicable under the circumstances and shall

6    constitute due and sufficient notice to all Persons entitled thereto.

7        5.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

8    supervise and administer the notice procedure as well as the processing of claims as more fully set

9    forth below.

10       6.    Within seven (7) calendar days after the Court enters this Order, VMware shall use

11   reasonable best efforts to: (i) locate record shareholder lists of VMware shareholders during the

12   Class Period to the extent such lists exist; (ii) identify and provide contact information for VMware's

13   transfer agent(s) during the Class Period; and (iii) shall facilitate access to such information for Lead

14   Counsel or the Claims Administrator, at no cost to Lead Plaintiff of the Class, for purposes of

15   providing notice of the proposed Settlement to the Class.  The Settling Parties shall determine an

16   appropriate electronic format for provision of this information.

17       7.    Lead Counsel, through the Claims Administrator, shall commence emailing or

18   mailing (where an email is unavailable) the Postcard Notice, substantially in the form annexed

19   hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), by

20   email or by first-class mail to all Class Members who can be identified with reasonable effort.

21   Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator

22   shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on

23   the Settlement website at www.VMwareSecuritiesLitigation.com, from which copies of the

24   documents can be downloaded.

25       8.    Not later than seven (7) calendar days after the Notice Date, the Claims Administrator

26   shall cause the Summary Notice to be published once in the national edition of *The Wall Street*

27   *Journal* and once over a national newswire service.

28

EX. A [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE- 5:20-cv-02182-EJD (VKD)                                                    - 3 -
4870-0865-8646.v2

9.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10.      Nominees who purchased VMware Class A common stock for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, as set forth in the Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.      In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)      A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, received[2] no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been

---

[2]    Claims, objections, requests for exclusion, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  The documents providing notice shall advise Class Members that the U.S. Postal Service may not postmark mail which is not presented in person.

1    submitted when received (if properly addressed and mailed by first-class mail).  Any Proof of Claim

2    submitted in any other manner shall be deemed to have been submitted when it was actually received

3    by the Claims Administrator at the address designated in the Notice.

4              (b)     The Proof of Claim submitted by each Class Member must satisfy the

5    following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in

6    accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

7    adequate supporting documentation for the transactions reported therein, in the form of broker

8    confirmation slips, broker account statements, an authorized statement from the broker containing

9    the transactional information found in a broker confirmation slip, or such other documentation as is

10   deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the

11   Proof of Claim is acting in a representative capacity, a certification of their, his, or her current

12   authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv)

13   the Proof of Claim must be complete and contain no material deletions or modifications of any of the

14   printed matter contained therein and must be signed under penalty of perjury.

15             (c)     Once the Claims Administrator has considered a timely submitted Proof of

16   Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim

17   determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

18   or rejection letter as appropriate, describing the basis on which the claim was so determined.

19   Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a

20   reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that

21   such deficiency may be cured.

22             (d)     For the filing of and all determinations concerning their Proof of Claim, each

23   Class Member shall submit to the jurisdiction of the Court.

24        12.     Any Class Member who does not timely submit a valid and timely Proof of Claim

25   within the time provided for shall be barred from sharing in the distribution of the proceeds of the

26   Settlement Fund, but will in all other respects be subject to and bound by the provisions of the

27   Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have

28   the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims

1  Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not

2  materially delayed thereby, but will bear no liability for failing to accept such late-claims.

3      13.    Any member of the Class may enter an appearance in the Action, individually or

4  through counsel of their own choice, at their own expense.  If they do not enter an appearance, they

5  will be represented by Lead Counsel.

6      14.    All Class Members shall be bound by all determinations and judgments in this

7  Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out,"

8  from the Class.  Any Class Members who wish to exclude themselves from the Class must request

9  exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must

10  submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such

11  that it is received[3] no later than _____, 2024 (a date that is twenty-one (21) calendar days prior

12  to the Settlement Hearing).  A Request for Exclusion must provide:  (i) the name, address, and

13  telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of

14  VMware Class A common stock purchased during the Class Period and the date of each purchase;

15  and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit

16  valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights

17  under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be

18  bound by the Settlement or any Final Judgment.  Unless otherwise ordered by the Court, any Person

19  who purchased VMware Class A common stock during the Class Period, and who fails to timely

20  request exclusion from the Class in compliance with this paragraph shall be deemed to have waived

21  their, his, her, or its right to be excluded from the Class and shall be barred from requesting

22  exclusion from the Class.

23      15.    The Court will consider comments or objections to the Settlement, the Plan of

24  Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such

25  comments or objections and any supporting papers are submitted to the Court either by mailing them

26  to the Clerk of the Court, United States District Court for the Northern District of California, 280

27  _____
   [3] *See* n.2, above.

28

1  South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States

2  District Court for the Northern District of California.  Such comments or objections must be filed or

3  received⁴ at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____,

4  2024.  Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard

5  orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees

6  and expenses is required to indicate in their written objection whether they intend to appear at the

7  Settlement Hearing.  The notice of objection must include documentation establishing the objecting

8  Person's membership in the Class, including the number of shares of VMware Class A common

9  stock that the objecting Person: (i) owned as of the opening of trading on August 24, 2018, and (ii)

10  purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase

11  or sale, and contain a statement of reasons for the objection, including whether it applies only to the

12  objector, to a specific subset of the Class, or to the entire Class.  The objection must identify all other

13  class action settlements the objector and his, her, or its counsel has previously objected to, copies of

14  any papers, briefs, or other documents upon which the objection is based, and contain the objector's

15  signature, even if represented by counsel.  Any member of the Class who does not make his, her, or

16  its objection in the manner provided shall be deemed to have waived such objection and shall forever

17  be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in

18  the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead

19  Counsel unless otherwise ordered by the Court.  Class Members do not need to appear at the

20  Settlement Hearing or take any other action to indicate their approval.

21      16.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

22  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

23  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24      17.    All opening briefs and supporting documents in support of the Settlement, the Plan of

25  Allocation, and any application by Lead Counsel for attorneys' fees and expenses and an award to

26  Lead Plaintiff shall be filed and served no later than thirty-five (35) calendar days before the

27  ────────────
⁴  *See* n.2, above.

28

1   Settlement Hearing, or _____, 2024.  Replies to any objections shall be filed and served at

2   least seven (7) calendar days prior to the Settlement Hearing, or _____, 2024.

3       18.    The Released Defendants Parties shall have no responsibility, interest in, or liability

4   whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by

5   Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and

6   adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any

7   application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal

8   or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the

9   finality of the Judgment approving the Stipulation and the settlement of the Action.

10      19.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

11  Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of

12  expenses, including an award to Lead Plaintiff shall be approved.

13      20.    All reasonable expenses incurred in identifying and notifying Class Members, as well

14  as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

15      21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

16  or proceedings connected with it, shall be construed as an admission or concession by the

17  Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or

18  wrongdoing of any kind.

19      22.    If the Stipulation and the Settlement set forth therein is not approved or consummated

20  for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection

21  therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in

22  the Stipulation.

23      23.    Pending final determination of whether the proposed Settlement should be approved,

24  neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any

25  other capacity, shall institute, commence, or prosecute against any of the Released Defendants

26  Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released

27  Claims.

28

1    24.    The Court's orders entered during this Action relating to the confidentiality of

2  information shall survive this Settlement.

3    IT IS SO ORDERED.

4  DATED: _____    _____

5                                    THE HONORABLE EDWARD J. DAVILA
                                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   Post Montgomery Center
3  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
4  Telephone:  415/288-4545
   415/288-4534 (fax)
5  shawnw@rgrdlaw.com
         – and –
6  SPENCER A. BURKHOLZ (147029)
   LAURIE L. LARGENT (153493)
7  LAURA ANDRACCHIO (187773)
   SCOTT H. SAHAM (188355)
8  ASHLEY M. KELLY (281597)
   TING H. LIU (307747)
9  STEPHEN JOHNSON (347822)
   655 West Broadway, Suite 1900
10 San Diego, CA  92101
   Telephone:  619/231-1058
11 619/231-7423 (fax)
   spenceb@rgrdlaw.com
12 llargent@rgrdlaw.com
   landracchio@rgrdlaw.com
13 scotts@rgrdlaw.com
   ashleyk@rgrdlaw.com
14 tliu@rgrdlaw.com
   sjohnson@rgrdlaw.com
15
   Lead Counsel for Lead Plaintiff
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
   WILLIAM LAMARTINA, Individually and on )   Case No. 5:20-cv-02182-EJD (VKD)
19 Behalf of All Others Similarly Situated,       )
                                                  )   CLASS ACTION
20                              Plaintiff,         )
                                                  )   NOTICE OF PENDENCY AND PROPOSED
21            vs.                                  )   SETTLEMENT OF CLASS ACTION
                                                  )
22 VMWARE, INC., et al.,                          )   EXHIBIT A-1
                                                  )
23                              Defendants.        )
                                                  )
24
25
26
27
28

4882-4775-2406.v2

_**A Federal Court Authorized This Notice.  This Is Not a Solicitation from a Lawyer.**_

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased Class A common stock of VMware, Inc. ("VMware" or the "Company") between August 24, 2018 and February 27, 2020, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that lead plaintiff Eastern Atlantic States Carpenters Pension Fund ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $102.5 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

1.    **Description of the Action and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: VMware, Patrick P. Gelsinger, and Zane Rowe ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties" or "Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive, and were damaged thereby. Excluded from the Class are Individual Defendants and their immediate family members.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with this Notice that is accepted by the Court.[1]

2.    **Statement of Class Recovery**:  Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶51 below) against Defendants and other Released Defendants Parties (as defined in ¶53 below) in exchange for a settlement payment of $102.5 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    **Statement of Average Distribution Per Share**: The Settlement Fund consists of the $102.5 million Settlement Amount plus interest earned.  Assuming all potential Class Members elect to participate, the estimated average recovery is $1.87 per damaged share before fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Proof of Claim and

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated October 4, 2024 ("Stipulation"), which is available on the website www.VMwareSecuritiesLitigation.com.

Release Forms (the "Claim Form" or "Proof of Claim") as explained in the Plan of Allocation; when their shares were purchased and the price at the time of purchase; whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4. **Statement of the Parties' Position on Damages**: Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class, and that Lead Plaintiff or other members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff was to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Counsel's litigation expenses (reasonable expenses or charges of Lead Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $950,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.48. In addition, Lead Counsel will apply for an award to Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund in an amount not to exceed $7,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6. **Identification of Attorneys' Representatives**: Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel"). Any questions regarding the Settlement should be directed to Scott H. Saham at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM *RECEIVED[2] OR SUBMITTED ONLINE* NO LATER THAN [_____], 2024 | This is the only way to be *potentially* eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim |

---

[2]    Claims, objections, requests for exclusion, and other correspondence that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

| | Form"), received no later than _____ __, 2024. |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS **_RECEIVED_** NO LATER THAN [_____], 2024 | Get no payment.  This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendants Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendants Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS **_FILED OR RECEIVED_** NO LATER THAN [_____], 2024 | Write to the Court about your view on the Settlement, or why you do not think the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses is fair to the Class.  You will still be a Class Member.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund.  If you submit a written objection, you may (but do not have to) attend the hearing. |
| GO TO THE HEARING ON [          ], 2024, AT    :     .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS **_RECEIVED_** NO LATER THAN [_____], 2024 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About?  What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Lead Plaintiff's Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Do Not Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page |

| WHY DID I GET THIS NOTICE |
|---|

7. The purpose of this Notice is to inform you about: (i) this Action; (ii) the terms of the proposed Settlement; and (iii) your rights in connection with a hearing to be held before the United States District Court for the Northern District of California (the "Court"), on _____, 2024, at_____ .m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, one or more people, known as class representatives, sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class. In this Action, the Court has certified the Class and appointed Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund as the representative of the Class and Lead Counsel as Class Counsel.

9. The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.). The judge presiding over this case is the Honorable Edward J. Davila, United States District Judge. The entity who is suing is called Lead Plaintiff, and those who are being sued are called defendants. In this case, the Defendants are VMware, Patrick P. Gelsinger, and Zane Rowe.

10. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected. It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11. The Settlement Hearing will be held on _____, 2024, at _____ .m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4—5th Floor, 280 South 1st Street, San Jose, CA 95113, for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b) to determine whether the Judgment as provided for under the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses and an award to Lead Plaintiff should be approved;

1        and

2        (e)     to rule upon such other matters as the Court may deem appropriate.

3        12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

---

### WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

---

13.     Lead Plaintiff alleges that during the period between August 23, 2018 and February 27, 2020, inclusive, Defendants purportedly made materially false or misleading statements in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b 5 promulgated thereunder, which caused the price of VMware Class A common stock to trade at allegedly inflated prices. Specifically, Lead Plaintiff alleges that Defendants purportedly made material misrepresentations and omissions, with scienter, in connection with the Company's statements with respect to its sales backlog. Lead Plaintiff alleges that persons who purchased VMware Class A common stock during the Class Period allegedly suffered economic losses when the price of VMware Class A common stock declined after the Company reported decreases in sales backlog on certain dates in 2019 and 2020. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased VMware Class A common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants.

14.     The initial complaint in this Action was filed in this Court on March 31, 2020. Lead Plaintiff filed a Consolidated Complaint for Violations of the Federal Securities Laws on September 18, 2020, alleging violations of §§10(b) and 20(a) of the Exchange Act against all Defendants, and alleging a violation of §20A against Defendant Gelsinger. Following briefing on Defendants' motion to dismiss, the Court granted in part and denied in part Defendants' motion and granted Lead Plaintiff leave to amend the complaint.

15.     On October 8, 2021, Lead Plaintiff filed the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), and again, Defendants moved for dismissal. Lead Plaintiff filed its opposition to that motion to dismiss on December 3, 2021.

16.     On September 12, 2022, while Defendants' motion to dismiss the Second Amended Complaint was pending, the U.S. Securities and Exchange Commission issued an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (the "SEC Order") against Defendant VMware. The Court thereafter permitted the Parties to provide additional briefing in light of the SEC Order.

17.     On March 14, 2023, Lead Plaintiff filed a Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss to address the effect of the SEC Order on Lead

Plaintiff's allegations. Defendants filed a response on March 21, 2023. Following the supplemental briefing, the Court held that Lead Plaintiff adequately pled its §§20(a) and 20A claims, as well as certain of its §10(b) and Rule 10b-5 claims. Pursuant to the Court's order, Lead Plaintiff filed the Third Amended Complaint on April 6, 2024, alleging misrepresentations and omissions concerning the Company's backlog and revenue. On April 20, 2023, Defendants filed their Answer and therein pleaded fourteen (14) affirmative defenses and other defenses to Lead Plaintiff's claims.

18.    The Parties thereafter began formal fact discovery, which culminated in the exchange and review of more than 100,000 documents (encompassing nearly 650,000 pages) from over a dozen custodians associated with VMware and the production of nearly 25,000 documents (over 175,000 pages) from 30 third parties subpoenaed to produce documents. Lead Plaintiff took ten (10) fact witness depositions, and propounded dozens of Requests for Production of Documents, Requests for Admission, and Interrogatories on Defendants. Lead Plaintiff also produced documents in response to Defendants' requests.

19.    On January 16, 2024, Lead Plaintiff moved to certify the Class. Defendants did not oppose the motion. Following its June 27, 2024 hearing, on July 2, 2024, the Court certified the Class, appointed Lead Plaintiff as Class Representative, and appointed Robbins Geller as Class Counsel. At the time the Settlement was achieved, the Parties were in the process of preparing to exchange expert reports on various issues, including loss causation, damages, and insider trading, ahead of motions for summary judgment and motions to exclude expert testimony. A trial setting conference was scheduled to occur on October 31, 2024.

20.    During the course of the Action, the Parties engaged a neutral, third party mediator, the Hon. Layn R. Phillips (Ret.) of Phillips ADR, to aid in settlement negotiations. Judge Phillips has extensive experience mediating complex class action litigations such as this Action. The Parties engaged in two in-person mediation sessions and numerous teleconferences with Judge Phillips in an effort to resolve the Action. The Parties also exchanged mediation briefs ahead of their first in-person mediation session, setting forth their respective arguments concerning liability and damages and respective views of the merits of the Action. Though the Parties' initial mediation session on March 1, 2024 was unsuccessful in resolving the Action, the Parties continued to have telephonic and email exchanges with Judge Phillips regarding a potential resolution. The Parties and the Court thereafter agreed to a 30-day stay of the Action to allow settlement discussions to continue in a good-faith attempt to resolve the Action.

21.    On July 19, 2024, the Parties attended a remote mediation session with Judge Phillips. That mediation session paved the way for additional discussions that day between the Parties, resulting in an agreement in principle to settle the Action for $102,500,000.00. The Settlement is pursuant to the terms set forth herein.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive, and were damaged thereby. Excluded from the Class are Individual Defendants and

their immediate family members.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with this Notice that is accepted by the Court.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE CLAIM FORM TO BE RECEIVED NO LATER THAN [_____], 2024.  YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.VMWARESECURITIESLITIGATION.COM BY [_____], 2024.

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

23.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, in particular, the risk that the anticipated motion(s) for summary judgment and challenges to Lead Plaintiff's experts could be granted and the risk, among others, that Lead Plaintiff could be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

24.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $102.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after resolution of Defendants' anticipated summary judgment motion(s), trial and appeals, possibly years in the future.

25.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, and that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

26.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover

EX. A-1 – NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
5:20-cv-02182-EJD (VKD)
4882-4775-2406.v2

anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

27.     Defendants have agreed to cause to be paid $102,500,000.00 in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proofs of Claim.  The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the case-specific website, www.VMwareSecuritiesLitigation.com.

28.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendants Parties (defined below), or any person or entity designated by Lead Counsel.  All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

29.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

30.     The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

31.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, with respect to their, his, her, or its Claim Form.

32.     Persons and entities that request to exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit a Claim Form.

## PLAN OF ALLOCATION

33.     The Settlement Amount of $102.5 million and any interest earned thereon shall be the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, approved attorneys' fees and expenses, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

34.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and its counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.VMwareSecuritiesLitigation.com.

35.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (August 24, 2018 through February 27, 2020).  To design this Plan, Lead Counsel has conferred with its damages expert.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered the market and industry adjusted price changes in VMware's Class A common stock price following certain corrective disclosures regarding VMware and the allegations in the complaint.  The Plan of Allocation, however, is not a formal damages analysis.  The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory 90-day look-back amount of $124.12 per share of VMware Class A common stock pursuant to the Private Securities Litigation Reform Act.[3]

36.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the Recognized Claim formula under the Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

37.     In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of the decline in the price of

---

[3]     Under Section 29(D)(e)(1) of the Exchange Act, "in any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts for VMware stock are reduced to an appropriate extent by taking into account the closing prices of VMware stock during the 90-day look-back period.  The mean (average) closing price for VMware stock during this 90-day look-back period was $124.12 per share as shown in Table 2.

VMware Class A common stock.  In this case, Lead Plaintiff alleges that corrective information was released to the market after the close of trading on May 30, 2019, August 22, 2019, and February 27, 2020.

38.    In order to have a "Recognized Claim" under the Plan of Allocation, shares of VMware Class A common stock must have been purchased during the Class Period and held through the issuance of at least one of the corrective disclosures.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

39.    Based on the formula stated below, a Recognized Claim will be calculated for each purchase of VMware Class A common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Claim calculates to a negative number or zero under the formula below, that Recognized Claim will be zero.

40.    For each share of VMware publicly traded Class A common stock purchased from August 24, 2018 through February 27, 2020, and:

(a)    sold prior to May 31, 2019, the Recognized Loss Amount will be $0.00;

(b)    sold from May 31, 2019 through February 27, 2020, inclusive, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below); and (ii) the purchase price minus the sale price;

(c)    sold from February 28, 2020 through and including the close of trading on May 27, 2020, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between February 28, 2020 and the date of sale as stated in Table 2 below;

(d)    held as of the close of trading on May 27, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below); or (ii) the purchase price minus $124.12, the average closing price for VMware stock between February 28, 2020 and May 27, 2020 (the last entry in Table 2 below).

## ADDITIONAL PROVISIONS

41.    A claimant's Recognized Claim under the Plan of Allocation shall be the sum of their, his, her, or its Recognized Loss Amounts.

42.    For Class Members who held VMware Class A common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of VMware stock during the Class Period will be matched, in chronological order, first against VMware stock held at the beginning of the Class Period.  The remaining sales of VMware stock during the Class Period will then be matched, in chronological order, against VMware stock purchased during the Class Period.

43.    A Class Member will be eligible to receive a distribution from the Net Settlement

Fund only if a Class Member had a net overall loss, after all profits from transactions in VMware stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of VMware Class A common stock that have been matched against VMware Class A common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

44.    If a claimant suffered an overall market loss with respect to their overall transactions in VMware Class A common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of VMware Class A common stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

45.    A purchase or sale of VMware stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or

---

[4]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for VMware stock purchased during the Class Period.

[5]    The Claims Administrator will match any sales of VMware Class A common stock from the start of the Class Period through and including the close of trading on February 27, 2020 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of VMware Class A common stock sold from the start of the Class Period through and including the close of trading on February 27, 2020 will be the "Total Sales Proceeds."

[6]    The Claims Administrator will ascribe a "Holding Value" equal to $120.52 for each share of VMware stock purchased during the Class Period and still held as of the close of trading February 27, 2020.

operation of law of VMware stock during the Class Period shall not be deemed a purchase or sale of VMware stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such share unless specifically provided in the instrument of gift or assignment. The receipt of VMware stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of VMware stock.

46.    The date of covering a "short sale" is deemed to be the date of purchase of the VMware Class A common stock. The date of a "short sale" is deemed to be the date of sale of VMware stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in VMware Class A common stock, their earliest Class Period purchases of VMware stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

47.    Option contracts are not securities eligible to participate in the Settlement. With respect to VMware Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

48.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Council of Institutional Investors.

49.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendants Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 8/24/2018 - 5/30/2019 | 5/31/2019 - 8/22/2019 | 8/23/2019 - 2/27/2020 | Sold on or Retained Beyond 2/28/2020 |
| 8/24/2018 - 5/30/2019 | $0.00 | $11.35 | $21.80 | $36.73 |
| 5/31/2019 - 8/22/2019 | | $0.00 | $10.45 | $25.38 |
| 8/23/2019 - 2/27/2020 | | | $0.00 | $14.93 |
| Purchased on or Beyond 2/28/2020 | | | | $0.00 |

**TABLE 2**

**VMware Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between February 28, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between February 28, 2020 and Date Shown |
|---|---|---|---|---|---|
| 2/28/2020 | $120.52 | $120.52 | 4/14/2020 | $136.06 | $115.48 |
| 3/2/2020 | $121.74 | $121.13 | 4/15/2020 | $133.54 | $116.02 |
| 3/3/2020 | $120.59 | $120.95 | 4/16/2020 | $135.30 | $116.59 |
| 3/4/2020 | $125.57 | $122.11 | 4/17/2020 | $136.48 | $117.16 |
| 3/5/2020 | $121.88 | $122.06 | 4/20/2020 | $132.62 | $117.59 |
| 3/6/2020 | $117.13 | $121.24 | 4/21/2020 | $124.97 | $117.79 |
| 3/9/2020 | $109.45 | $119.55 | 4/22/2020 | $128.00 | $118.06 |
| 3/10/2020 | $113.84 | $118.84 | 4/23/2020 | $126.42 | $118.27 |
| 3/11/2020 | $106.01 | $117.41 | 4/24/2020 | $128.17 | $118.52 |
| 3/12/2020 | $97.85 | $115.46 | 4/27/2020 | $129.95 | $118.80 |
| 3/13/2020 | $107.88 | $114.77 | 4/28/2020 | $129.63 | $119.06 |
| 3/16/2020 | $95.94 | $113.20 | 4/29/2020 | $134.97 | $119.43 |
| 3/17/2020 | $95.84 | $111.86 | 4/30/2020 | $131.52 | $119.70 |
| 3/18/2020 | $93.01 | $110.52 | 5/1/2020 | $125.34 | $119.83 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/19/2020 | $100.19 | $109.83 | | 5/4/2020 | $126.34 | $119.97 |
| 3/20/2020 | $105.72 | $109.57 | | 5/5/2020 | $126.78 | $120.11 |
| 3/23/2020 | $105.74 | $109.35 | | 5/6/2020 | $126.87 | $120.25 |
| 3/24/2020 | $112.53 | $109.52 | | 5/7/2020 | $133.30 | $120.52 |
| 3/25/2020 | $116.20 | $109.88 | | 5/8/2020 | $140.31 | $120.92 |
| 3/26/2020 | $124.72 | $110.62 | | 5/11/2020 | $141.12 | $121.31 |
| 3/27/2020 | $115.74 | $110.86 | | 5/12/2020 | $138.05 | $121.63 |
| 3/30/2020 | $120.52 | $111.30 | | 5/13/2020 | $134.86 | $121.88 |
| 3/31/2020 | $121.10 | $111.73 | | 5/14/2020 | $133.82 | $122.10 |
| 4/1/2020 | $116.00 | $111.90 | | 5/15/2020 | $134.48 | $122.33 |
| 4/2/2020 | $118.20 | $112.16 | | 5/18/2020 | $139.03 | $122.63 |
| 4/3/2020 | $116.97 | $112.34 | | 5/19/2020 | $139.31 | $122.92 |
| 4/6/2020 | $122.94 | $112.73 | | 5/20/2020 | $140.07 | $123.22 |
| 4/7/2020 | $123.55 | $113.12 | | 5/21/2020 | $136.56 | $123.44 |
| 4/8/2020 | $130.46 | $113.72 | | 5/22/2020 | $134.60 | $123.63 |
| 4/9/2020 | $131.43 | $114.31 | | 5/26/2020 | $137.93 | $123.86 |
| 4/13/2020 | $129.93 | $114.81 | | 5/27/2020 | $139.66 | $124.12 |

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

50.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff, and all other Released Plaintiff Parties (as defined in ¶54 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶51 below), including Unknown Claims (as defined in ¶55 below), against each and every one of the Released Defendants Parties (as defined in ¶53 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendants Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

51.     "Released Claims" means all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common or foreign law, by Lead Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly or indirectly against any of the Released Defendants Parties, which arise out of, are based on, or relate in any way to, directly or indirectly: (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action; and (ii) the purchase, acquisition, transfer, holding, ownership, disposition or sale of VMware common stock, by any members of the Class during the Class Period. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

52.     "Released Defendants' Claims" means all claims (including, but not limited to,

Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants Parties or any of them against any of the Released Plaintiff Parties, which arise out or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the Settlement).

53.    "Released Defendants Parties" means: (i) each and all of the Defendants and Broadcom, Inc.; (ii) each of their respective family members (for individuals) and past, present, and future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in parts (i) and (ii), their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

54.    "Released Plaintiff Parties" means : (i) each and all of the plaintiffs, consisting of Lead Plaintiff and members of the Class; (ii) each of their respective family members, and their respective past, present, and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (iii) Lead Counsel and other counsel representing Lead Plaintiff and the Class.

55.    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendants Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her, or it, might have affected his, her, or its decision(s) to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor

or released party.

The Settling Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but such person or entity shall expressly settle and release, and each Member of the Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non- contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the members of the Class by operation of the Judgment shall be deemed to have acknowledged, that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and are material elements of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

56.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $950,000, plus interest. The Court will determine the amount of the award of fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

57.    If you fall within the definition of the Class as described above and you are not excluded by the definition of the Class, and you do not submit a valid and timely request to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form.  The website is www.VMwareSecuritiesLitigation.com.  You may also request a Claim Form by calling toll-free 1-888-298-5840.  Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document

your claim.

58.    As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

59.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you submit a request to exclude yourself from the Class, you are not entitled to submit an objection.

### HOW DO I GET OUT OF THE PROPOSED SETTLEMENT

60.    To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *VMware Securities Litigation*."  To be valid, your letter must include the number of shares of VMware Class A common stock purchased during the Class Period and the date of each purchase.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **received no later than ____, 2024** to:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
P.O. Box 5100
Larkspur, CA  94977-5100

61.    If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  If you exclude yourself, you may not send in a Claim Form to ask for any money.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendants Parties about the Released Claims in the future.

62.    Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendants Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendants Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is ____, 2024.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?

63.    **If you do not wish to object in person to the proposed Settlement, the**

EX. A-1 – NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
5:20-cv-02182-EJD (VKD)
4882-4775-2406.v2

- 17 -

**proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.**

64.    The Settlement Hearing will be held on _____, 2024, at _____ _.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4—5th Floor, 280 South 1st Street, San Jose, CA 95113.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.    Any Class Member who has not submitted a request for exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

66.    Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must: (i) clearly identify the case name and number (*Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or received on or before _____, 2024.

67.    The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of VMware Class A common stock that the objecting Person: (i) owned as of the opening of trading on August 24, 2018; and (ii) purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector and his, her, or its counsel have previously objected.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or

---

[7]    Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before _____, 2024.

account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.     You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

69.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before ____, 2024.

71.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.VMwareSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.     Nominees who purchased VMware Class A common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely

emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-888-298-5840, and may be downloaded from the Settlement website, www.VMwareSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

73.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.VMwareSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.VMwareSecuritiesLitigation.com, or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 301170
Los Angeles, CA  90030-1170
1-888-298-5840

**-or-**

Scott H. Saham, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'**
**COUNSEL, OR THE OFFICE OF THE CLERK OF COURT**
**REGARDING THIS NOTICE.**

Dated: _____          By Order of the Court
                              United States District Court
                              Northern District of California

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
    – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:20-cv-02182-EJD (VKD) |
| Plaintiff, | CLASS ACTION |
| vs. | PROOF OF CLAIM AND RELEASE FORM |
| VMWARE, INC., et al., | EXHIBIT A-2 |
| Defendants. | |

4892-6434-2486.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VMware Securities Litigation**

**c/o Gilardi & Co. LLC**
**P.O. Box 301170**
**Los Angeles, CA  90030-1170**

**Toll-Free Number:  1-888-298-5840**

**Email:  info@VMwareSecuritiesLitigation.com**

**Website:  www.VMwareSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, ***received* no later than _____, 2024 or submit it online at the above website on or before _____, 2024**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above**.

## PART I – INSTRUCTIONS

### A.    GENERAL INSTRUCTIONS

1.    This Claim Form is directed to all persons who purchased the publicly traded Class A common stock of VMware, Inc. ("VMware") during the period from August 24, 2018 through February 27, 2020, inclusive (the "Class Period").[1]  To recover as a member of the Class based on your claims in the action entitled *Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.) (the "Action"), you must complete and, on page [__] hereof, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

---

[1]    Excluded from the Class are Individual Defendants and their immediate family members. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.      THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE MUST RECEIVE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, AT THE FOLLOWING ADDRESS OR WEBSITE:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
__P.O. Box 301170_
_Los Angeles, CA  90030-1170
www.VMwareSecuritiesLitigation.com

YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR RECEIVED BY MAIL NO LATER THAN _____, 2024.[2]  Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a member of the Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that can be found on the Settlement website, www.VMwareSecuritiesLitigation.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement

---

[2]      Claim Forms that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.    CLAIMANT IDENTIFICATION**

1.    If you purchased VMware Class A common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third-party is the record purchaser.

2.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of VMware Class A common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible VMware Class A common stock in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible VMware Class A common stock were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third-party is the record owner. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF VMWARE CLASS A COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.    **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the VMware Class A common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own or owned the VMware Class A common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

**C.    CLAIM FORM**

1.    Use Part III of this form entitled "Schedule of Transactions in VMware Class A Common Stock" to supply all required details of your transaction(s) in VMware Class A common stock.  If you need more space or additional schedules, attach separate sheets giving all of the

required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of VMware Class A common stock that took place at any time on or between and including August 24, 2018 through May 27, 2020, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of VMware Class A common stock held at the close of trading on August 23, 2018, February 27, 2020, and May 27, 2020.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of VMware Class A common stock set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in VMware Class A common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.    The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your recovery.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.    **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, provided any such share is $10.00 or more.  If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

8.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@VMwareSecuritiesLitigation.com, or by toll-free phone at 1-888-298-5840, or you can visit the website, www.VMwareSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file

layout, you may visit the Settlement website at www.VMwareSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@VMwareSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection**.  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  **No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@VMwareSecuritiesLitigation.com to inquire about your file and confirm it was received**.

## PART II:    CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Street Address

| City | State or Province |
|---|---|

| Zip Code or Postal Code | Country |
|---|---|

Last Four Digits of Social Security Number or Taxpayer Identification Number          Individual Corporation/Other

_____    _____
Area Code                 Telephone Number (work)

_____    _____
Area Code                 Telephone Number (home)


Email Address:_____

_____
Record Owner's Name (if different from beneficial owner listed above)

**PART III:    SCHEDULE OF TRANSACTIONS IN VMWARE CLASS A COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than VMware Class A common stock.

A.    Number of shares of VMware Class A common stock held at the close of trading on August 23, 2018.  (Must be documented.)  If none, write "zero": _____

B.    Purchases of VMware Class A common stock (August 24, 2018 through May 27, 2020, inclusive) (Must be documented.):

| Date of Purchase (Trade Date) Mo. / Day / Year | Number of Shares Purchased | Total Purchase Price (excluding any taxes, commissions, and fees) |
|---|---|---|
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.    Sales of VMware Class A common stock (August 24, 2018 through May 27, 2020, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |
| /    / | | $ |

D.   Number of shares of VMware Class A common stock held at the close of trading on February 27, 2020.  (Must be documented.)  If none, write "zero": _____

E.   Number of shares of VMware Class A common stock held at the close of trading on May 27, 2020.  (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated October 4, 2024 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of VMware Class A common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V – RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendants Parties, all as defined herein and in the Notice and Stipulation.

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of VMware Class A common stock and know of no other person having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases of VMware Class A common stock during the Class Period, as well as the number of shares held at the close of trading on August 23, 2018, February 27, 2020, and May 27, 2020.

5.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20__,

                                                      (Month/Year)

in _____, _____.
       (City)                                        (State/Country)


                                              _____
                                              (Sign your name here)

1
2
_____
(Type or print your name here)

3
4
5
_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser,
Executor or Administrator)

For Joint Beneficial Purchaser, if any:

6
7
_____
(Sign your name here)

8
9
_____
(Type or print your name here)

10
11
ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

12
13      Reminder Checklist:

14      1.      Please sign the above release and acknowledgment.

15      2.      Remember to attach copies of supporting documentation.

16      3.      Do not send original stock certificates.  Attach only ***copies*** of acceptable supporting
documentation as these documents will not be returned to you.

17
18      4.      Keep a copy of your Claim Form and all supporting documentation for your records.

19      5.      If you move, please send us your new address.

20      6.      If you have any questions or concerns regarding your claim, contact the Claims
Administrator at *VMware Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 301170, Los
Angeles, CA  90030-1170, by email at info@VMwareSecuritiesLitigation.com, or by toll-free phone
at 1-888-298-5840, or you may visit www.VMwareSecuritiesLitigation.com.  DO NOT call
VMware, the other Defendants, or their counsel with questions regarding your claim.

21
22
23
24
25
26
27
28

EX. A-2 PROOF OF CLAIM FORM - 5:20-cv-02182-EJD (VKD)                                        - 11 -
4892-6434-2486.v1

# EXHIBIT A-3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
  – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:20-cv-02182-EJD (VKD) |
| Plaintiff, | CLASS ACTION |
| vs. | SUMMARY NOTICE |
| VMWARE, INC., et al., | EXHIBIT A-3 |
| Defendants. | |

*IF YOU PURCHASED VMWARE, INC. ("VMWARE") CLASS A COMMON STOCK DURING THE PERIOD FROM AUGUST 24, 2018 THROUGH FEBRUARY 27, 2020, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $102,500,000.00 in cash.  A hearing will be held on _____, 2024, at __:__ _.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and award to Lead Plaintiff should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND**.  You may obtain a copy of the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release Form ("Proof of Claim") at www.VMwareSecuritiesLitigation.com or by contacting the Claims Administrator: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 301170, Los Angeles, CA  90030-1170; 1-888-298-5840.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail received no later than _____, 2024, or

1  submit it online by that date.[1]  If you are a Class Member and do not submit a valid Proof of Claim,

2  you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be

3  bound by any judgment entered by the Court in this Action (including the releases provided for

4  therein).

5        To exclude yourself from the Class, you must mail a written request for exclusion such that it

6  is **received by ____, 2024**, in the manner and form explained in the Notice.  If you are a Class

7  Member and have not excluded yourself from the Class, you will be bound by any judgment entered

8  by the Court in this Action (including the releases provided for therein) whether or not you submit a

9  Proof of Claim.  If you submitted a valid request for exclusion, you will have no right to recover

10  money pursuant to the Settlement.

11        Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense

12  application must be filed with the Court no later than _____, 2024.

13        **PLEASE  DO  NOT  CONTACT  THE  COURT,  THE  CLERK'S  OFFICE,**

14  **DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have

15  any questions about the Settlement, or your eligibility to participate in the Settlement, you may

16  contact Lead Counsel at the following address or by calling 1-800-449-4900:

17
18        ROBBINS GELLER RUDMAN
            & DOWD LLP
19        SCOTT H. SAHAM
          655 West Broadway, Suite 1900
20        San Diego, CA  92101
          settlementinfo@rgrdlaw.com

21  DATED: _____        BY ORDER OF THE COURT
22                                  UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF CALIFORNIA
23

24

25  _____
    [1]      Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be
26  treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not
27  postmark mail which is not presented in person.

28

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**
*Lamartina v. VMware, Inc., et al.*,
No. 5:20-cv-02182-EJD (N.D. Cal.)
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA  90030-1170

www.VMwareSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

*Lamartina v. VMware, Inc.*,
No. 5:20-cv-02182-EJD (N.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.VMWARESECURITIESLITIGATION.COM OR CALL 1-888-298-5840 FOR MORE INFORMATION.

If you purchased VMware, Inc. (n/k/a VMware, LLC) ("VMware" or the "Company") Class A common stock from August 24, 2018 through February 27, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2024 at _____ before the Honorable Edward J. Davila at the United States District Court for the Northern District of California, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 to determine whether the proposed settlement of the Action against Defendants VMware, Patrick P. Gelsinger, and Zane Rowe for $102.5 million and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, plus interest, and expenses not to exceed $950,000, plus interest, and award to Lead Plaintiff, should be granted.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. federal laws, Defendants purportedly made material misrepresentations and omissions, with scienter, in connection with the Company's statements with respect to sales backlog. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased VMware Class A common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release Form ("Claim Form") by visiting the website: www.VMwareSecuritiesLitigation.com ("Website") or you may request copies from the Claims Administrator by: (i) mail: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 301170, Los Angeles, CA 90030-1170; or (ii) call toll-free call: 1-888-298-5840.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, received no later than _____, 2024. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you do not exclude yourself and stay in the Class, you may object to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and expenses and award to Lead Plaintiff no later than _____, 2024. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

4860-5150-5878.v2

Lead Plaintiff and the Class are represented by Lead Counsel: Scott H. Saham, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12    UNITED STATES DISTRICT COURT

13    NORTHERN DISTRICT OF CALIFORNIA

14  WILLIAM LAMARTINA, Individually and on    Case No. 5:20-cv-02182-EJD (VKD)
    Behalf of All Others Similarly Situated,

15                                              CLASS ACTION
                              Plaintiff,

16                                              [PROPOSED] FINAL JUDGMENT AND
            vs.                                 ORDER OF DISMISSAL WITH PREJUDICE

17  VMWARE, INC., et al.,                       EXHIBIT B

18                              Defendants.

19

20

21

22

23

24

25

26

27

28

4890-5882-2102.v2

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, on the application of the Settling Parties for approval of the Settlement set forth in

3    the Stipulation of Settlement dated October 4, 2024 (the "Stipulation").  Due and adequate notice

4    having been given to the Class as required in the Order, the Court having considered all papers filed

5    and proceedings held herein and otherwise being fully informed in the premises and good cause

6    appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

8    capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless

9    otherwise stated herein.

10       2.    This Court has jurisdiction over the subject matter of the Action and over all parties to

11   the Action, including all members of the Class.

12       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class includes all

13   persons who purchased the publicly traded Class A common stock of VMware during the period

14   from August 24, 2018 through February 27, 2020, inclusive (the "Class Period"), and were damaged

15   thereby.  Excluded from the Class are Individual Defendants and their immediate family members.

16   Also excluded from the Class are any persons or entities who excluded themselves by submitting a

17   request for exclusion in connection with the Notice that is accepted by the Court.

18       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

19   approves the Settlement set forth in the Stipulation and finds that:

20       (a)    in light of the benefits to the Class and the complexity and expense of further

21   litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable,

22   and adequate;

23       (b)    there was no collusion in connection with the Stipulation;

24       (c)    Lead Plaintiff and Lead Counsel have adequately represented the Class;

25       (d)    the Stipulation was the product of informed, arm's-length negotiations among

26   competent, able counsel;

27       (e)    the relief provided for the Class is adequate, having taken into account: (i) the

28   costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE- 5:20-cv-
02182-EJD (VKD)                                                                      - 1 -
4890-5882-2102.v2

1    distributing relief to the Class, including the method of processing Class Member's claims; (iii) the

2    terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement

3    required to be identified under Federal Rule of Civil Procedure 23(e)(3);

4           (f)    the proposed Plan of Allocation treats Class Members equitably relative to

5    each other; and

6           (g)    the record is sufficiently developed and complete to have enabled Lead

7    Plaintiff and Defendants to have adequately evaluated and considered their positions.

8           5.    Accordingly, the Court authorizes and directs implementation and performance of all

9    the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to

10   any individual claim of those Persons who have validly and timely requested exclusion from the

11   Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with

12   prejudice as to the Lead Plaintiff and the other Class Members, and as against each and all of the

13   Released Defendants Parties.  The Settling Parties are to bear their own costs except as otherwise

14   provided in the Stipulation.

15          6.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims

16   Administrator, or any other Person designated by Lead Counsel based on determinations or

17   distributions made substantially in accordance with the Stipulation and the Settlement contained

18   therein, the Plan of Allocation, or further order(s) of the Court.

19          7.    Upon the Effective Date, Lead Plaintiff, and each of the Class Members (whether or

20   not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who

21   have validly opted out of the Class), on behalf of themselves, and each of their respective heirs,

22   executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers,

23   directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and

24   any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in

25   that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally,

26   and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and

27   every one of the Released Claims (including, without limitation, Unknown Claims) against each and

28   every one of the Released Defendants Parties with prejudice on the merits, whether or not the Lead

1    Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the

2    Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the

3    Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4            8.      Upon the Effective Date, Defendants shall be deemed to have, and by operation of

5    this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the

6    Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation,

7    Unknown Claims).  For the avoidance of doubt, the releases, relinquishments, and discharges

8    provided by the Released Defendants Parties in the Stipulation do not include the release,

9    relinquishment, or discharge of any claim or cause of action that any of the Released Defendants

10   Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage

11   for, arising out of or related to the Action or any related matter or proceeding, including any

12   derivative action based on similar allegations.  Claims to enforce the terms of the Stipulation are not

13   released.

14           9.      Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not

15   opted out of the Class), and their successors, assigns, executors, administrators, representatives,

16   attorneys, and agents in their capacities as such shall be permanently barred and enjoined from the

17   institution, maintenance, prosecution, or enforcement against any Released Defendants Parties, in

18   any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all

19   Released Claims (including, without limitation, Unknown Claims).

20           10.     The distribution of the Postcard Notice by email and mail (where no email was

21   available), online posting of the Notice and Proof of Claim and Release Form, and publication of the

22   Summary Notice as provided for in the Preliminary Approval Order constituted the best notice

23   practicable under the circumstances, including individual notice to Class Members who could be

24   identified through reasonable effort.  The notice provided was the best notice practicable under the

25   circumstances of those proceedings and of the matters set forth therein, including the proposed

26   Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully

27   satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other

28   applicable law, including the Private Securities Litigation Reform Act of 1995.  No Class Member is

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE- 5:20-cv-
02182-EJD (VKD)
4890-5882-2102.v2

1    relieved from the terms of the Settlement, including the releases provided for therein, based upon the

2    contention or proof that such Class Member failed to receive actual or adequate notice.  A full

3    opportunity has been offered to the Class Members to object to the proposed Settlement and to

4    participate in the hearing thereon.  The Court further finds that the notice provisions of the Class

5    Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period

6    has elapsed.  Thus, it is hereby determined that all members of the Class are bound by this Judgment,

7    except those persons listed on Exhibit A to this Judgment.

8        11.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding

9    any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall

10    be considered separate from this Judgment.  Any order or proceeding relating to the Plan of

11    Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal

12    from any order relating thereto or reversal or modification thereof, shall not affect or delay the

13    finality of the Final Judgment in this Action.

14        12.    Defendants have denied, and continue to deny, any and all allegations and claims

15    asserted in the Action, and Defendants have represented that they entered into the Settlement

16    because it would be beneficial to avoid the burden, inconvenience, and expense associated with

17    continuing the Action and the uncertainty and risks inherent in any litigation.  Neither the Stipulation

18    nor the Settlement contained therein, nor this Order and Final Judgment, nor any act performed or

19    document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be:

20        (a)    offered or received against any of the Released Parties as evidence of, or

21    construed as evidence of, any presumption, concession, or admission by any of the Released Parties

22    with respect to the truth of any of the allegations in the Action or the validity of any claim that has

23    been or could have been asserted against any of the Released Parties in the Action or in any other

24    litigation, action, or proceeding, whether civil, criminal, or administrative, in any court,

25    administrative agency, or other tribunal, or the deficiency of any defense that has been or could have

26    been asserted in the Action or in any other litigation, action, or proceeding, whether civil, criminal,

27    or administrative in any court, administrative agency, or other tribunal, or of any liability,

28    negligence, fault, or other wrongdoing of any kind by the Released Parties ;

1    (b)    offered or received against any of the Released Parties as evidence of, or

2  construed as evidence of, any presumption, concessions, or admission of any fault,

3  misrepresentation, or omission with respect to any statement or written document approved or made

4  by any of the Released Parties, or against Lead Plaintiff or any Member of the Class as evidence of,

5  or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

6    (c)    offered or received against the Released Parties, Lead Plaintiff, or any

7  Member of the Class as evidence of, any presumption, concession, or admission by any of the

8  Released Parties, Lead Plaintiff, or any Member of the Class with respect to any liability, negligence,

9  fault, or wrongdoing as against any of the Released Parties, Lead Plaintiff, or any Member of the

10  Class in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any

11  court, administrative agency, or other tribunal, other than such proceedings as may be necessary to

12  effectuate the provisions of the Stipulation or this Order and Final Judgment; provided, however,

13  that the Released Parties, Lead Plaintiff, and any Member of the Class may refer to them to

14  effectuate the liability protection granted them hereunder;

15    (d)    offered or received against any of the Released Parties as evidence of, or

16  construed as evidence of, any presumption, concession, or admission by any of the Released Parties

17  that the Settlement Amount represents the amount which could or would have been recovered after

18  trial; or

19    (e)    offered or received against Lead Plaintiff or any Member of the Class as

20  evidence of, or construed as evidence of, any presumption, concession, or admission by Lead

21  Plaintiff or any Member of the Class that any of their claims are without merit, or that any defenses

22  asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action

23  would not have exceeded the Settlement Fund.

24    13.    The Released Defendants Parties may file the Stipulation and/or this Judgment in any

25  other action that may be brought against them in order to support a defense or counterclaim based on

26  principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

27  reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

28  counterclaim.

14.    The Court finds that Defendants' financial obligations under the Stipulation have been satisfied through the payment of $102,500,000.00 to the Settlement Fund, in accordance with the Stipulation.

15.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

16.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

19.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

21.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement [pursuant to the Stipulated Protective Order entered in this Action (ECF 99)].

IT IS SO ORDERED.

DATED: _____    _____
                                  THE HONORABLE EDWARD J. DAVILA
                                  UNITED STATES DISTRICT JUDGE