UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


WILLIAM LAMARTINA, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS          CASE NO.  CV-20-02182 EJD
SIMILARLY SITUATED,

                                     SAN JOSE, CALIFORNIA
            PLAINTIFF,

                                     NOVEMBER 22, 2024
VS.

                                     PAGES 1 - 14
VMWARE, INC., ET AL.,

            DEFENDANTS.



                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE EDWARD J. DAVILA
               UNITED STATES DISTRICT JUDGE

   A-P-P-E-A-R-A-N-C-E-S

    FOR THE PLAINTIFF:    ROBBINS GELLER RUDMAN & DOWD LLP
                          BY:  SCOTT H. SAHAM
                               ASHLEY KELLY
                               THEODORE J. PINTAR
                          655 WEST BROADWAY, SUITE 1900
                          SAN DIEGO, CALIFORNIA 92101


    FOR THE DEFENDANTS:   DEBEVOISE & PLIMPTON LLP
                          BY:  MAEVE O'CONNOR
                               JILLIAN TANCIL
                          66 HUDSON BOULEVARD
                          NEW YORK, NEW YORK 10001




    OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, RMR, CRR
                                CERTIFICATE NUMBER 8074


        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
   TRANSCRIPT PRODUCED WITH COMPUTER.

SAN JOSE, CALIFORNIA                    NOVEMBER 22, 2024

P R O C E E D I N G S

(COURT CONVENED AT 9:04 A.M.)

THE COURT:  LET'S CALL OUR MORNING CALENDAR.

LET'S FIRST CALL 20-2182, LAMARTINA VERSUS VMWARE.

IF THOSE PARTIES COULD COME FORWARD, PLEASE.

IF I COULD CAPTURE THE APPEARANCE OF THE PARTIES FOR THE RECORD.

THE CLERK:  COME TO THE LECTERN.

MR. SAHAM:  OH, SURE.

THE COURT:  WHY DON'T YOU COME TO THE LECTERN. GREAT.

MR. SAHAM:  GOOD MORNING, YOUR HONOR.

SCOTT SAHAM, TED PINTAR, AND ASHLEY KELLY FOR THE PLAINTIFFS AND THE CLASS.

THE COURT:  THANK YOU.  GOOD MORNING.

MS. O'CONNOR:  GOOD MORNING, YOUR HONOR.

MAEVE O'CONNOR AND JILLIAN TANCIL OF DEBEVOISE & PLIMPTON FOR THE DEFENDANTS.

THE COURT:  THANK YOU.  GOOD MORNING EVERYONE.

MS. O'CONNOR:  GOOD MORNING.

THE COURT:  THANKS FOR BEING HERE.

LET ME ANTICIPATORILY THANK YOU FOR YOUR GOOD WORK HERE. BUT WHY ARE WE HERE?  WHAT ARE WE HERE TO DO IN THIS CASE, MR. SAHAM?

MR. SAHAM:  YOUR HONOR, WE ARE HERE TO -- THERE'S BEEN A SETTLEMENT IN THIS CASE AND IN CLASS ACTIONS PURSUANT TO RULE 23 THERE ARE TWO STAGES.  THIS IS THE INITIAL STAGE, THE PRELIMINARY APPROVAL.

THE COURT HAS TO DETERMINE WHETHER THE SETTLEMENT ITSELF IS WITHIN THE RANGE OF REASONABLENESS AND THEN SEND OUT NOTICE TO THE CLASS AND SET THE MATTER FOR FINAL APPROVAL, WHICH WOULD OCCUR AFTER ANY INPUT COMES FROM THE CLASS MEMBERS.

WE HAVE ATTEMPTED TO PUT IN THE PAPERS ANSWERS TO ALL OF THE QUESTIONS YOUR HONOR HAS HAD IN OTHER CASES.

THIS WAS A GREAT SETTLEMENT FOR THE CLASS.  IT'S FAR BEYOND THE TYPICAL RANGE OF RECOVERIES IN THESE TYPES OF SECURITIES CLASS ACTIONS.

WE ARE HERE TO ANSWER ANY QUESTIONS THE COURT HAS AS GETTING THE NOTICE OUT IS THE FIRST STEP TO ALLOW THE CLASS TO RECOVER, WHICH TIME VALUE OF MONEY, THE QUICKER WE CAN DO THAT, THE BETTER IT IS FOR THE CLASS.

THE COURT:  OKAY.  THANK YOU.

AND MY QUESTION WAS INARTFULLY PLACED.  IT WAS SOME TONGUE AND CHEEK.  I SAID WHY ARE WE HERE?  AND THE ANSWER IS, JUDGE, WE'RE GOING TO ASK YOU TO PRELIMINARILY APPROVE OUR SETTLEMENT AND WE'VE PROVIDED BRIEFINGS FOR THAT.  I APPRECIATE YOUR WILLINGNESS TO ANSWER QUESTIONS.

LET ME ASK, YOU KNOW, IF YOU WANT TO PUT ANYTHING ON THE RECORD ABOUT WHY THE COURT SHOULD -- WHY YOU MEET ALL OF THE

RULE 23 FACTORS.  YOU TALK ABOUT THE HANLON FACTORS IN YOUR PLEADINGS.

DO YOU WANT TO PUT ANYTHING ON THE RECORD?  I'M HAPPY TO LET YOU DO SO.  IF YOU JUST WANT TO ANSWER SOME QUESTIONS, I DO HAVE SOME.  I DO HAVE SOME.  BUT WHATEVER YOU WOULD LIKE TO DO.

MR. SAHAM:  SURE, YOUR HONOR.

JUST VERY BRIEFLY.  THE LEVEL OF RECOVERY FAR EXCEEDS THE TYPICAL RECOVERY IN THESE CASES.  IT'S A CASE THAT WAS LITIGATED FOR FOUR YEARS.  IT WAS NOT SETTLED UNTIL EXTENSIVE DISCOVERY HAD BEEN CONDUCTED IN THE CASE, ESSENTIALLY A MILLION PAGES OF DOCUMENTS WERE REVIEWED, TEN DEPOSITIONS WERE TAKEN, AND THE CASE WENT BEFORE JUDGE PHILLIPS, A RETIRED DISTRICT JUDGE WITH EXTENSIVE EXPERIENCE IN THESE KINDS OF CASES, AND IT WAS NOT SETTLED UNTIL AFTER TWO FULL-DAY MEDIATION SESSIONS, AND A SERIES OF PHONE CONVERSATIONS, AND A MEDIATOR'S PROPOSAL, WHICH WAS ULTIMATELY ACCEPTED BY BOTH SIDES.

IT WAS AN ARMS LENGTH SETTLEMENT AFTER FULL KNOWLEDGE OF ALL OF THE PARTIES' OF THE STRENGTHS AND WEAKNESSES OF THE CASE.  AND I THINK THOSE FACTS, AS WELL AS OTHERS, SATISFY ALL OF THE NINTH CIRCUIT STANDARDS, WHICH REALLY JUST AT THIS STAGE IS THIS SETTLEMENT THAT IS BEING PROPOSED WITHIN THE RANGE OF REASONABLENESS.

AND I WOULD SAY IT'S WELL BEYOND THAT -- YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.  THANK YOU.

I JUST WANTED TO GIVE YOU AN OPPORTUNITY TO ARTICULATE

THOSE THINGS.  I DON'T FIND THERE'S ANY OBJECTIONS FILED OR OPPOSITION, AT LEAST AT THIS POINT FROM THE DEFENSE.

MS. O'CONNOR:  THAT'S CORRECT, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.

AND I DID NOTE THAT, AS YOU SAID, IT WAS AN ARMS LENGTH SETTLEMENT.  AND WE ALL KNOW THAT JUDGE PHILLIPS IS EXTREMELY QUALIFIED AND EXPERIENCED IN THESE TYPES OF CASES.

AND PERHAPS -- PARDON ME.  YOU WON'T MIND ME CONNECTING THESE TWO, BUT PERHAPS THAT'S WHY THE EXPENSES WERE SO -- WHEN I LOOKED AT THE COSTS, IT SEEMS LIKE A HIGH FIGURE.  WAS IT 950?  850?

MR. SAHAM:  YEAH.  THE BULK OF THAT, YOUR HONOR, THE CASE WAS REALLY LITIGATED FOR A LONG TIME.  THE BULK OF THAT COST, THE 950, WAS ACTUALLY PLAINTIFFS' EXPERTS.  WE RETAINED BOTH AN ECONOMIST WHO HAD PREPARED A REPORT FOR TRIAL BECAUSE IT WAS LITIGATION.  THEY DIDN'T QUITE GET AN EXCHANGE, BUT IT WAS FULLY PUT TOGETHER FOR DAMAGES, WHICH IS A VERY INTRICATE ANALYSIS, AS WELL AS A FORENSIC ACCOUNTANT WHO HAD PREPARED A REPORT AND SPENT A LOT OF TIME REVIEWING THE CASE.

THERE WAS ALSO INVESTIGATIVE EXPENSES AT THE BEGINNING. THAT'S THE BULK OF THE 950.  THERE WAS PAYMENTS THAT WERE SPLIT BY THE SIDES TO JUDGE PHILLIPS AS WELL.

THE COURT:  I'M NOT GOING TO ASK YOU TO REVEAL THAT. I DON'T NEED TO KNOW THAT.

MR. SAHAM:  BUT THOSE THINGS TOGETHER -- AND ALL OF

THIS, YOUR HONOR, THE PLAINTIFFS' FEES AND EXPENSE REQUESTS WILL ALL BE FULLY VETTED AT THE FINAL APPROVAL WITH FULL DETAIL ON THE EXACT PENNIES THAT WERE SPENT ON EACH ITEM FOR YOUR HONOR TO APPROVE, BUT THAT IS THE 950 ESSENTIALLY.

THE COURT:  GOT IT.  THANK YOU.

AND YOUR SELECTION OF THE GILARDI FIRM, YOU HAD EXPERIENCE WITH THEM?  IT SOUNDS LIKE YOU WENT THROUGH SOME INTERVIEW PROCESS.  THEY WERE AWARE --

MR. SAHAM:  YES, YOUR HONOR.

THE COURT:  WHERE WERE THEY IN THE RANGE OF COSTS?

MR. SAHAM:  THERE WAS COMPETITIVE BIDDING, AND THEY WERE WITHIN, YOU KNOW, ABOUT $0.10 OF THE LOWEST BID. SIGNIFICANTLY LOWER THAN SOME OF THE OTHER BIDS WE RECEIVED, AND --

THE COURT:  YOU DIDN'T GO FOR THE LOWEST BIDDER? THIS IS GOVERNMENT PRACTICE.

MR. SAHAM:  YEAH.  IT WAS WITHIN $0.05 OR $0.10 PER CLAIM OF THE LOWEST BID, AND THEY DO DO THE BEST JOB.  AND IT'S -- IN A SITUATION HERE, YOU CAN BE A PENNY WISE OR A POUND FOOLISH.  AT THE END OF THE DAY THE CLAIMS ADMINISTRATOR SPENT A LOT OF TIME REVIEWING FOR POTENTIAL FRAUD AND ITEMS THAT WE WANT THE MONEY TO GO TO ACTUAL INJURED SHAREHOLDERS.

THE COURT:  IT SOUNDS LIKE -- PARDON ME FOR INTERRUPTING YOU, BUT IT SOUNDS LIKE THESE ARE PRIMARILY INSTITUTIONAL INVESTORS.

MR. SAHAM:  THE VAST MAJORITY OF THE NUMBER OF SHARES IN THESE CASES ARE HELD BY INSTITUTIONS.  THERE ARE THE MOM AND POP INVESTORS, TOO, WHO ARE ENTITLED EVEN IF IT'S 100 SHARES TO THEIR RECOVERY AS WELL, BUT THE VAST MAJORITY OF SHARES ARE USUALLY HELD BY INSTITUTIONAL INVESTORS, AND THE VAST, VAST MAJORITY OF SHARES ARE HELD IN STREET NAME BY BROKERAGES, THE MERRILL LYNCHES OF THE WORLD, AND A LOT OF THE NOTICE PROCESS IS GEARED TOWARDS GETTING THE NOTICE TO MERRILL LYNCH AND THE OTHER HUNDREDS OF BROKERS TO MAKE SURE THAT THEY NOTIFY THEIR -- THEY HOLD THE SHARES IN STREET NAME BUT THE BENEFICIAL OWNERS ARE, YOU KNOW, BOB SMITH AND JOHN SMITH OR WHOEVER ELSE IS OUT THERE AND INSTITUTIONS AS WELL.

THE COURT:  AND THAT IS A SIGNIFICANT DIFFERENCE IN THE NOTICE IN SECURITIES CASES RATHER THAN I'LL JUST SAY THE NORMAL, IF THERE IS SUCH A THING, CONSUMER CLASS ACTION CASE.

THE NOTICE HERE IS 72 PARAGRAPHS.

MR. SAHAM:  YES.  AND A LOT OF THE REASON FOR THAT, YOUR HONOR, IS THE BEST PRACTICES OF THIS COURT IN THE NORTHERN DISTRICT.  JUDGE ALSUP AND JUDGE DONATO HAVE SPENT A LOT OF TIME ON THESE CASES AND HAVE REQUIRED AND THE CASE LAW HAVE REQUIRED CERTAIN ITEMS TO BE IN THERE, AND WE ATTEMPTED TO DO IT IN THE MOST READABLE FORMAT IN THE WAY INVESTORS WILL RECEIVE THE NOTICE EITHER BY POSTCARD OR EMAIL, WHICH WILL THEN LINK THEM TO THE LONGER NOTICE AND CLAIM FORM TO FILL OUT.

THE COURT: RIGHT. AND ONE OF THE -- AND THAT'S THE DISTINCTION WITH THE INSTITUTIONAL INVESTORS AND THE MOM AND POPS. AS YOU SAY, FOR A MOM AND POP, 72 PARAGRAPHS IS PROBABLY A LOT TO GET THROUGH. AND THE QUESTION THAT THE MOM AND POP PROBABLY WANT THE ANSWER TO IN PARAGRAPH 2 OR 3 IS DOWN IN PARAGRAPH 58 OR 60 OR SOMETHING, WHICH IS HOW MUCH WILL I GET? WHAT AM I GOING TO RECEIVE?

MR. SAHAM: AND THAT IS RIGHT AT THE BEGINNING IT DOES SAY THE APPROXIMATE RECOVERY PER SHARE. THAT IS TOWARDS THE BEGINNING.

THE COURT: RIGHT, THE AMOUNT.

MR. SAHAM: YES.

THE COURT: ABOVE $1.47?

MR. SAHAM: WELL, BEFORE FEES IT'S $1.87. AFTER FEES THAT'S $1.37. THAT'S AN ESTIMATE BECAUSE WE DON'T KNOW HOW MANY SHARES.

THE COURT: RIGHT.

MR. SAHAM: AND THEN IT ALSO DEPENDS ON WHEN YOU BOUGHT AND WHEN YOU SOLD WITHIN THE CLASS PERIOD.

THE COURT: SURE. RIGHT. OKAY.

THANK YOU. AND WHEN WE LOOK AT IT, I'M COMPARING THIS CASE TO A CONSUMER, YOUR BASIC AND CLASSIC CONSUMER, BAD, YOU KNOW, WHATEVER SHOES OR SOMETHING, THAT NOTICE IS I LOOK AT THAT AND I THINK THE CONSUMER SHOULD KNOW, THE AVERAGE CONSUMER SHOULD KNOW A LITTLE BIT MORE INFORMATION UP-FRONT.

THIS IS A LITTLE DISTINGUISHED, AS YOU SAID, BECAUSE OF THE INSTITUTIONAL NATURE OF THE PARTIES.

OKAY. WHAT ELSE? ANYTHING EXTRAORDINARY THAT -- ANYTHING ELSE THAT YOU THINK THAT I SHOULD KNOW?

MR. SAHAM: NO, THAT'S IT, YOUR HONOR.

WE WOULD JUST REQUEST THAT THE COURT ACT RELATIVELY QUICKLY SO WE CAN GET THE PROCESS GOING. AND THE HEARING DATE FOR THE FINAL APPROVAL WOULD HAVE TO BE APPROXIMATELY 100 DAYS FROM WHEN THE COURT ISSUES PRELIMINARY APPROVAL.

THE COURT: RIGHT. I SAW THAT IN YOUR SCHEDULING. YOUR SCHEDULING IS PRETTY TIGHT, ISN'T IT?

MR. SAHAM: YEAH. THERE ARE A WHOLE BUNCH OF THINGS THAT HAPPENED THAT ARE TRIGGERED OFF OF A PRELIMINARY APPROVAL.

THE COURT: RIGHT. I DID WANT TO ASK YOU, WHAT ABOUT OBJECTORS? DO YOU THINK THEIR TIMING IS SUFFICIENT FOR ANY OBJECTORS?

MR. SAHAM: THIS IS TYPICALLY THE AMOUNT OF TIME THAT THE NOTICE GOES OUT. THEY HAVE I THINK 30, 60 DAYS TO PROCESS IT, AND THAT'S THE 100 DAYS.

SO, YOU KNOW, THE NOTICE -- ONCE THE COURT SIGNS THE ORDER, THE NOTICE PROCESS WILL COMMENCE IMMEDIATELY. AND TYPICALLY THE OBJECTIONS, YOU KNOW, IT GIVES -- THIS IS THE TIMING THAT IS DONE IN THESE CASES. AND IF THERE'S OBJECTIONS, THEY'RE ALWAYS RECEIVED BEFORE THE HEARING SO YOUR HONOR CAN PROCESS THEM.

THE COURT:  YES.  I'M AWARE OF THAT.

I WANTED TO LOOK AT THE TIMING.  WHERE IS THAT IN YOUR PLEADINGS?

MR. SAHAM:  I BELIEVE IT'S RIGHT AT THE END OF THE BRIEF WE HAVE THE TIMING SET OUT.

THE COURT:  LET'S LOOK AT THAT.

MR. SAHAM:  ON PAGE -- I'M SORRY.  THERE'S THE ADDENDUM TO THE BRIEF, WHICH IS REQUIRED BY THE DISTRICT, THE APPENDIX A.

THE COURT:  I'M LOOKING AT DOCKET 181, ECF, PAGE 39?

MR. SAHAM:  YES, THOSE ARE THE DATES, THE TRIGGER DATES.

THE COURT:  RIGHT.  AND DEADLINE FOR REPLIES IN SUPPORT 7 DAYS PRIOR TO THE SETTLEMENT CONFERENCE AND OBJECTIONS IS 21 DAYS BEFORE THE SETTLEMENT HEARING, FINAL APPROVAL HEARING.

MR. SAHAM:  YEAH.  SO THAT WOULD GIVE ESSENTIALLY 80, 80 DAYS FROM WHEN THE COURT ENTERS PRELIMINARY APPROVAL.

THE COURT:  RIGHT.  OKAY.

MS. O'CONNOR, WHAT ELSE SHOULD I KNOW FROM YOUR TEAM?

MS. O'CONNOR:  NOTHING FROM ME.  IT'S PLAINTIFFS' MOTION.  WE OBVIOUSLY DENY THE ALLEGATIONS AND TAKE NO POSITION ON THE SETTLEMENT.  I JUST REALLY DIDN'T WANT MR. SAHAM TO FEEL LONELY UP HERE.

THE COURT:  OKAY.  WELL, THANK YOU.

ANYTHING ELSE?

MR. SAHAM:  NO, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

I HAVE REVIEWED THE BRIEFINGS ON THIS.  I DO FIND THAT IT IS A REASONABLE SETTLEMENT.  IT'S THE RESULT OF HARD WORK BOTH SIDES.  THERE WAS LITIGATION.  YOU DID MEET WITH     JUDGE PHILLIPS AND ACCEPTED HIS MEDIATOR'S PROPOSAL IN THIS MATTER.  THIS WAS AN ARMS LENGTH DEALING AND SETTLEMENT.

YOU BOTH WEIGHED THE STRENGTHS OF YOUR CASES AND THE RISKS OF THE CASES AND OVERALL THIS LOOKS LIKE A REASONABLE SETTLEMENT, AND THE COURT WILL FIND THAT THE RULE 23 FACTORS HAVE BEEN SATISFIED AND THE HANLON FACTORS HAVE BEEN SATISFIED.  AND I WILL GRANT PRELIMINARY APPROVAL OF THIS MATTER.

LET'S GET A FINAL SETTLEMENT DATE AND THEN WE CAN TRIGGER EVERYTHING OFF OF THAT.

AND WHAT LOOKS --

MR. SAHAM:  WOULD MARCH 20TH WORK?

THE COURT:  EXCUSE ME?

MR. SAHAM:  WOULD MARCH 20TH WORK, YOUR HONOR?  I HAVE A SUMMARY JUDGMENT OPPOSITION DUE ON MARCH 14TH, SO ANYTHING AFTER THAT WOULD BE BENEFICIAL.

THE COURT:  LET'S SEE.  DOES THAT WORK FOR US?

THE CLERK:  YEAH.  THAT'S FINE.

THE COURT:  LET'S DO THAT.  DOES THAT WORK FOR YOU, MS. O'CONNOR?

MS. O'CONNOR:  UNFORTUNATELY, I'M SORRY, IT DOES NOT.  AND IT MAY ALSO NOT WORK FOR MY OTHER PARTNER ON THE MATTER BECAUSE THAT HAPPENS -- I THINK THOSE LAST TWO WEEKS OF MARCH ARE THE SPRING BREAK OF NEW YORK CITY HIGH SCHOOLS.  SO IF IT'S POSSIBLE TO AVOID THAT, THAT WOULD BE PREFERRED.

THE COURT:  WELL, THAT'S A BETTER RESPONSE THAN I'M GOING TO MARCH MADNESS FINAL FOUR.

MS. O'CONNOR:  NO.  WE JUST HAVE CHILDREN WHO WANT TO BE TAKEN ON VACATIONS AND WILL MISS THEIR PARENTS.  WE'LL BE HERE IF WE NEED TO BE, BUT IF WE DON'T NEED TO BE, WE APPRECIATE IT.

THE COURT:  SURE.  HOW ABOUT A WEEK LATER?

MR. SAHAM:  MARCH 27TH WOULD BE FINE.

THE COURT:  DOES THAT WORK?  WILL YOU STILL BE ON HOLIDAY THEN?

MS. O'CONNOR:  UNFORTUNATELY, IT'S THOSE TWO WEEKS. I THINK THE 27TH IS FINE.  I THINK THE 27TH IS FINE.  THANK YOU VERY MUCH.

THE COURT:  WELL, I DON'T WANT TO PULL YOU AWAY FROM SOMETHING.  WE CAN SPECIALLY SET SOMETHING.

MS. O'CONNOR:  I'M JUST TRYING TO FIGURE IF SOMEONE ELSE CAN BE -- I DON'T WANT TO BE A, YOU KNOW, A SQUEAKY WHEEL HERE.

THE COURT:  AFTER THE 27TH, WHAT IS YOUR AVAILABILITY?

MS. O'CONNOR:  PRETTY FREE, SO THEREAFTER.

THE COURT:  DOES THAT MEAN FRIDAY THE 28TH?

MS. O'CONNOR:  I DON'T WANT TO BE DIFFICULT.  I THINK WE CAN MAKE THAT WORK.  THE 27TH, 28TH, WE CAN MAKE THAT WORK.  LET'S GO TO THE 27TH, AND IF IT'S A CHALLENGE FOR ME, I CAN HAVE A COLLEAGUE COVER IT.  IT WILL BE FINE.

THE COURT:  WELL, SPENDING TIME WITH YOUR CHILDREN IS IMPORTANT.

WHAT ABOUT THE FOLLOWING WEEK?

THE CLERK:  APRIL 3RD, APRIL 3RD IS A THURSDAY.  WE HAVE ONE FAIRNESS HEARING ON CALENDAR.

THE COURT:  ON THAT SAME DAY?

THE CLERK:  OKAY.

THE COURT:  CAN WE SPECIAL SET ANY DAY BEFORE THAT?

THE CLERK:  WELL, WE WILL BE IN A JURY TRIAL.  MAYBE MONDAY MORNING.

THE COURT:  CAN WE DO A MONDAY MORNING?  WOULD THAT WORK FOR THE PARTIES?  WHAT DAY IS THAT?

MS. O'CONNOR:  IS THAT THE 31ST?

THE CLERK:  WELL, THE 31ST OR THE 7TH, YOUR HONOR. THE 31ST WE COULD DO.

MR. SAHAM:  THAT WORKS.

THE COURT:  SHOULD WE DO THAT?

MS. O'CONNOR:  THAT WOULD BE TERRIFIC.  THANK YOU VERY MUCH.

THE COURT:  LET'S DO THAT.

MR. SAHAM:  AND, YOUR HONOR, WE CAN -- IF IT'S HELPFUL TO THE COURT, WE CAN TAKE THAT AND FILL IN ALL OF THE DATES AND SUBMIT IT TO YOUR HONOR.

THE COURT:  YES, YOU'RE PRESCIENT.  THAT'S WHAT I WAS GOING TO TASK YOU WITH.  GREAT.

THE CLERK:  WOULD YOU LIKE THAT AT 9:00 OR 10:00 A.M.?

THE COURT:  YES, LET'S DO 9:00 O'CLOCK, LET'S DO 9:00 O'CLOCK THAT MORNING.

THE CLERK:  GREAT.

THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

MR. SAHAM:  THANK YOU.

MS. O'CONNOR:  THANK YOU, YOUR HONOR.

THE COURT:  BEST OF THE HOLIDAYS TO YOU.  THANK YOU.

MR. SAHAM:  YOU AS WELL.

THE COURT:  THANK YOU.

(COURT CONCLUDED AT 9:20 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
IRENE RODRIGUEZ, CSR, RMR, CRR
CERTIFICATE NUMBER 8074


DATED:  DECEMBER 5, 2024