# EXHIBIT A

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
THEODORE J. PINTAR (131372)
LAURIE L. LARGENT (153493)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, <br><br>                                  Plaintiff, <br><br>     vs. <br><br>VMWARE, INC., et al., <br><br>                             Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br>CLASS ACTION<br><br>DECLARATION OF PETE TONIA |

I, PETE TONIA, declare as follows:

1.     I am the Executive Fund Director for the Eastern Atlantic States Carpenters Pension Fund (the "Fund"), the Court-appointed Lead Plaintiff and class representative in the above-captioned securities class action (the "Action").[1]  I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

2.     The Fund is a multi-employer Taft-Hartley defined benefit pension plan that provides retirement benefits for Union Carpenters and their beneficiaries in New Jersey, Pennsylvania, Delaware, Maryland, Virginia, West Virginia, and Puerto Rico.  The Fund is jointly administered by a Board of Trustees comprised of an equal number of labor and management representation.

3.     As Executive Fund Director, I am aware of the process in place by which the Fund vets and, when appropriate, approves the Fund's participation in securities litigation such as this case.  As part of that process, I have been delegated to oversee this litigation and have in fact monitored outside legal counsel in this case.

4.     I submit this Declaration in support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, Class Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Lead Plaintiff's Request for an Award Pursuant to 15 U.S.C. §78u-4(a)(4).  I have personal knowledge of the matters related to the Fund's application, and of the other matters set forth in this Declaration, as I, or others working alongside me or under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action on the Fund's and the Class's behalf, and I could and would testify competently thereto.

**I.     WORK PERFORMED BY THE FUND ON BEHALF OF THE CLASS**

5.     The Fund understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors to manage and direct securities class

---

[1]     Unless otherwise indicated herein, capitalized terms have those meanings contained in the Stipulation of Settlement, dated October 4, 2024.

DECLARATION OF PETE TONIA - 5:20-cv-02182-EJD (VKD)                                    - 1 -

actions.  The Fund is a large, sophisticated institutional investor which committed itself to vigorously prosecuting this litigation, including through trial and appeal if necessary.  In seeking appointment as a Lead Plaintiff and class representative in this Action, the Fund understood its fiduciary duties to serve in the interests of the class by participating in the management and prosecution of the Action.

6.      Along with Ian Ruegg, the former Finance & Compliance Director for the Fund, we have monitored the progress of this litigation on behalf of the Fund.  We have: (a) received and reviewed periodic updates and other correspondence from Lead Counsel (Robbins Geller Rudman & Dowd LLP) concerning the progress of the Action; (b) reviewed pleadings and other documents in this case including motion papers filed in the Action; (c) participated in discussions with counsel regarding significant developments in the litigation; (d) identified, collected, and produced documents for discovery; and (e) communicated with Lead Counsel regarding settlement negotiations and documentation.

7.      We were the primary points of contact between the Fund and Lead Counsel.  We monitored the litigation, communicated with counsel on major developments in the case, including Lead Counsel's negotiation and approval of the Settlement and participated in telephonic conferences with attorneys from Robbins Geller during the course of the Litigation.

## II.    THE FUND ENDORSES THE COURT'S APPROVAL OF THE SETTLEMENT

8.      After seriously considering the grounds for the settlement, as well as the risks and uncertainties associated with continued litigation, including through summary judgment, trial and appeal (if Lead Plaintiff prevailed at trial), the Fund's Board of Trustees authorized Lead Counsel to settle this Action for $102,500,000.  Based on its involvement during the prosecution and resolution of the Action, the Fund believes that the Settlement represents a very good recovery that would not have been possible without the diligent efforts of Lead Counsel.

9.      In agreeing to the Settlement, the Fund considered the real possibility that its remaining claims would not have ultimately succeeded, or that a jury could significantly limit the Class's damages.  We also understood that even if Lead Plaintiff prevailed at trial, Defendants

DECLARATION OF PETE TONIA - 5:20-cv-02182-EJD (VKD)                    - 2 -

would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class.  Weighing these substantial risks against the immediacy and noteworthy amount of the recovery, the Fund believes that the $102,500,000 Settlement is a very good result for the Class, and that its approval is in the best interest of each Class Member.

**III.    THE FUND SUPPORTS LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES AND REQUESTS AN AWARD PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

10.    Recognizing that any determination of fees and expenses is ultimately left to the Court, the Fund endorses Lead Counsel's request for a 25% attorneys' fee award plus up to $950,000 of expenses incurred by Lead Counsel in litigating this case.  The Fund believes that Lead Counsel's request is fair and reasonable in light of the extensive, high-quality work they performed on behalf of Lead Plaintiff and the Class.

11.    The Fund has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained for the Class, which would not have been possible without the tremendous efforts of Lead Counsel; the complexities, challenges, and novel legal arguments that counsel faced and overcame; and the customary fees in similar cases.  The Fund further believes that the litigation expenses requested by Lead Counsel are reasonable, and represent expenses necessary for the prosecution and resolution of this complex securities action.  Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, the Fund supports Lead Counsel's motion for an award of attorneys' fees and litigation expenses.

12.    In addition, the Fund requests an award pursuant to 15 U.S.C. §78u-4(a)(4), based on its representation of the Class.  Ian Ruegg, as the Fund's Finance & Compliance Director, spent 25 hours discussing litigation strategy, case developments, and settlement negotiations with Lead Counsel and collecting and reviewing materials for discovery.  Based on his overall level of compensation, I believe an hourly rate of $175 for this time is reasonable and appropriate and therefore the Fund respectfully requests an award in the amount of $4,375.

DECLARATION OF PETE TONIA - 5:20-cv-02182-EJD (VKD)                                                    - 3 -

## IV.    CONCLUSION

13.    The Fund was closely involved in the prosecution and settlement of the claims in this Action, and based on its experience representing the Class, respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and the Fund's application for an award of $4,375.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of the Fund.  Executed this 31 day of January, 2025.

PETE TONIA
EXECUTIVE FUND DIRECTOR
EASTERN ATLANTIC STATES CARPENTERS
PENSION FUND

DECLARATION OF PETE TONIA - 5:20-cv-02182-EJD (VKD)                                                    - 4 -