# EXHIBIT B

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
THEODORE J. PINTAR (131372)
LAURA ANDRACCHIO (187773)
SCOTT H. SAHAM (188355)
ASHLEY M. KELLY (281597)
TING H. LIU (307747)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
tedp@rgrdlaw.com
llargent@rgrdlaw.com
landracchio@rgrdlaw.com
scotts@rgrdlaw.com
ashleyk@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VMWARE, INC., et al., <br><br> Defendants. | Case No. 5:20-cv-02182-EJD (VKD) <br><br> CLASS ACTION <br><br> DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE <br><br> DATE:      March 31, 2025 <br> TIME:      9:00 a.m. <br> JUDGE:    Honorable Edward J. Davila <br> CTRM:     4, 5th Floor |

- 1 -

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by others and if called to testify I could and would do so competently.

2.      Pursuant to this Court's November 26, 2024 Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") (ECF 188), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned action (the "Action").[1]  I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.      I submit this declaration in order to provide the Court and the parties to the Action with information regarding: (i) mailing and emailing of the Court-approved Postcard Notice (attached hereto as Exhibit A) and, if requested by potential Class Members, mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit B); (ii) publication of the Summary Notice; (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Class received to date by Gilardi.

**DISSEMINATION OF NOTICE**

4.      Pursuant to the Notice Order, Gilardi is responsible for disseminating notice to potential Class Members.  The Class consists of all persons who purchased the publicly traded Class A common stock of VMware, Inc. ("VMware") during the period from August 24, 2018 through February 27, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are Individual Defendants and their immediate family members.  Also excluded

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated October 4, 2024 (the "Stipulation") (ECF 181-2), which is available on the website established for the Settlement at www.VMwareSecuritiesLitigation.com.

- 2 -

from the Class are those persons and entities who timely and validly request exclusion from the Class.

5.    Gilardi received a file via email from VMware's transfer agent, which contained the names and addresses of potential Class Members.  The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 18 unique names and addresses.  Gilardi had the unique name and address data printed on to Postcard Notices, posted the Postcard Notices for First-Class Mail, postage prepaid, and delivered 18 Postcard Notices on December 16, 2024, to the United States Post Office for mailing.

6.    On December 16, 2024, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Postcard Notices and cover letters to 260 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case.  These Nominee Holders are included in a proprietary database created and maintained by Gilardi.  In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Postcard Notices advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Postcard Notices to potential Class Members.  In the more than four decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.  Due to the Canadian postal strike, mailing to an additional 22 Nominee Holders with Canadian addresses was delayed until December 19, 2024.

7.    On December 16, 2024, Gilardi also mailed Postcard Notices and cover letters to 4,322 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.  Due to the Canadian postal strike, mailing to an

additional 97 institutions on the SEC list with Canadian addresses was delayed until December 19, 2024.

8. A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit C.

9. On December 16, 2024, Gilardi also delivered electronic copies of the Postcard Notice to 326 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

10. As part of the notice program for this Settlement, on December 16, 2024, Gilardi also delivered electronic copies of the Claim Package and Postcard Notice via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and Postcard Notice and contact Gilardi for copies of the Postcard Notice for their beneficial holders.

11. Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Gilardi has forwarded the Postcard Notice on request to nominees who purchased VMware Class A common stock for the beneficial interest of other persons. Gilardi has also forwarded the Postcard Notice directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

12. Following the initial mailing, Gilardi received 14 responses to the outreach efforts described above, which included computer files containing a total of 31,504 names and addresses and 90 email addresses of potential Class Members. In addition, 33 institutions requested that Gilardi send them a total of 101,220 Postcard Notices for forwarding directly to their clients. Gilardi also received 44 requests for Claim Packages from potential Class Members. Gilardi has also mailed 63 Postcard Notices as a result of returned mail for which new addresses were identified for re-mailing to those potential Class Members. Each of these requests has been completed in a timely manner.

- 4 -

13.     As of February 20, 2025, Gilardi has mailed or emailed a total of 137,925 Postcard Notices and 49 Claim Packages to potential Class Members and nominees.  In addition, one institution reported that they anticipated sending Postcard Notices via email to 65,801 potential Class Members.

## PUBLICATION OF THE SUMMARY NOTICE

14.     In accordance with the Notice Order, on December 23, 2024, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit D.

## TELEPHONE HELPLINE AND WEBSITE

15.     On December 16, 2024, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-888-298-5840, to accommodate potential Class Member inquiries.  The toll-free number was set forth in the Postcard Notice, Notice, Summary Notice, and on the case website.  Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

16.     On December 16, 2024, Gilardi established and continues to maintain a website dedicated to this Settlement (www.VMwareSecuritiesLitigation.com) to provide additional information to Class Members and to provide answers to frequently asked questions.  The web address was set forth in the Postcard Notice, Notice, Proof of Claim, and Summary Notice.  The website includes information regarding the Action and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing.  Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  Class Members can also complete and submit a Proof of Claim through the website.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

17.     The Notice informs potential Class Members that written requests for exclusion from the Class must be mailed to *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims

Administrator, EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are received no later than March 10, 2025.

18.     The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address. As of the date of this declaration, Gilardi has received one request for exclusion, a redacted version of which is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 20th day of February, 2025, at San Rafael, California.

ROSS D. MURRAY

- 6 -

# EXHIBIT A

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 301170
Los Angeles, CA 90030-1170

# LEGAL NOTICE

www.VMwareSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.
This notice may affect your legal rights.

Please read the notice carefully.

# VMWS



Postal Service: Please Do Not Mark Barcode

VMWS - «Claim8»-«CkDig»

«FirstNAME» «LastNAME»
«Name1»
«Name2»
«Name3»
«Name4»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»



*Lamartina v. VMware, Inc., et al.*
No. 5:20-cv-02182-EJD (N.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.VMWARESECURITIESLITIGATION.COM OR CALL 1-888-298-5840 FOR MORE INFORMATION.

If you purchased VMware, Inc. (n/k/a VMware LLC) ("VMware" or the "Company") Class A common stock from August 24, 2018 through February 27, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on March 31, 2025, at 9:00 a.m. before the Honorable Edward J. Davila at the United States District Court for the Northern District of California, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113 to determine whether the proposed settlement of the Action against Defendants VMware, Patrick P. Gelsinger, and Zane Rowe for $102.5 million and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, plus interest, and expenses not to exceed $950,000.00, plus interest, and award to Lead Plaintiff, should be granted.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. federal laws, Defendants purportedly made material misrepresentations and omissions, with scienter, in connection with the Company's statements with respect to sales backlog. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased VMware Class A common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.VMwareSecuritiesLitigation.com ("Website") or you may request copies from the Claims Administrator by: (i) mail: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170; or (ii) call toll-free: 1-888-298-5840.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, received no later than March 17, 2025. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you do not exclude yourself and stay in the Class, you may object to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and expenses and award to Lead Plaintiff no later than March 10, 2025. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiff and the Class are represented by Lead Counsel: Scott H. Saham, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:20-cv-02182-EJD (VKD) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| VMWARE, INC., et al., | |
| Defendants. | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

*A Federal Court Authorized This Notice. This Is Not a Solicitation from a Lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased Class A common stock of VMware, Inc. (n/k/a VMware LLC) ("VMware" or the "Company") from August 24, 2018 through February 27, 2020, inclusive (the "Class Period").**

**NOTICE OF SETTLEMENT: Please also be advised that lead plaintiff Eastern Atlantic States Carpenters Pension Fund ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $102.5 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully.**

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: VMware, Patrick P. Gelsinger, and Zane Rowe ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties" or "Parties"). The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive, and were damaged thereby. Excluded from the Class are Individual Defendants and their immediate family members. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with this Notice that is accepted by the Court.[1]

2. **Statement of Class Recovery:** Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶51 below) against Defendants and other Released Defendants Parties (as defined in ¶53 below) in exchange for a settlement payment of $102.5 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated October 4, 2024 ("Stipulation"), which is available on the website www.VMwareSecuritiesLitigation.com.

1

3.    **Statement of Average Distribution Per Share:** The Settlement Fund consists of the $102.5 million Settlement Amount plus interest earned. Assuming all potential Class Members elect to participate, the estimated average recovery is $1.87 per damaged share before fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Proof of Claim and Release forms (the "Claim Form" or "Proof of Claim") as explained in the Plan of Allocation; when their shares were purchased and the price at the time of purchase; whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.    **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class, and that Lead Plaintiff or other members of the Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff was to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false, or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Counsel's litigation expenses (reasonable expenses or charges of Lead Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $950,000.00, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.48. In addition, Lead Counsel will apply for an award to Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund in an amount not to exceed $7,500.00 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.    **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel"). Any questions regarding the Settlement should be directed to Scott H. Saham at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment. Remain a Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM THAT IS **RECEIVED²** **OR SUBMITTED ONLINE** NO LATER THAN MARCH 17, 2025 | This is the only way to be **potentially** eligible to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to submit a Claim Form such that it is received or submitted online no later than March 17, 2025. |
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS **RECEIVED** NO LATER THAN MARCH 10, 2025 | Get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendants Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendants Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS **FILED OR RECEIVED** NO LATER THAN MARCH 10, 2025 | Write to the Court about your view on the Settlement, or why you do not think the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses is fair to the Class. You will still be a Class Member. You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. If you submit a written objection, you may (but do not have to) attend the hearing. |
| GO TO THE HEARING ON MARCH 31, 2025, AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS **RECEIVED** NO LATER THAN MARCH 10, 2025 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About? What Has Happened So Far? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? | Page 6 |
| What Are Lead Plaintiff's Reasons For The Settlement? | Page 6 |
| What Might Happen If There Were No Settlement? | Page 6 |
| How Much Will My Payment Be? | Page 7 |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page 12 |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page 13 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 13 |
| How Do I Get Out Of The Proposed Settlement? | Page 14 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page 14 |
| What If I Bought Shares On Someone Else's Behalf? | Page 15 |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page 16 |

---

² Claims, objections, requests for exclusion, and other correspondence that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

**WHY DID I GET THIS NOTICE?**

7.    The purpose of this Notice is to inform you about: (i) this Action; (ii) the terms of the proposed Settlement; and (iii) your rights in connection with a hearing to be held before the United States District Court for the Northern District of California (the "Court"), on March 31, 2025, at 9:00 a.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.    A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the Class Members with both consistency and efficiency. In a class action lawsuit, one or more people, known as class representatives, sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class. In this Action, the Court has certified the Class and appointed Lead Plaintiff Eastern Atlantic States Carpenters Pension Fund as the representative of the Class and Lead Counsel as Class Counsel.

9.    The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.). The judge presiding over this case is the Honorable Edward J. Davila, United States District Judge. The entity who is suing is called Lead Plaintiff, and those who are being sued are called defendants. In this case, the Defendants are VMware, Patrick P. Gelsinger, and Zane Rowe.

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected. It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.    The Settlement Hearing will be held on March 31, 2025, at 9:00 a.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4—5th Floor, 280 South 1st Street, San Jose, CA 95113, for the following purposes:

(a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)    to determine whether the Judgment as provided for under the Stipulation should be entered;

(c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)    to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses and an award to Lead Plaintiff should be approved; and

(e)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

**WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

13.    Lead Plaintiff alleges that during the period between August 23, 2018 and February 27, 2020, inclusive, Defendants purportedly made materially false or misleading statements in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b 5 promulgated thereunder, which caused the price of VMware Class A common stock to trade at allegedly inflated prices. Specifically, Lead Plaintiff alleges that Defendants purportedly made material misrepresentations and omissions, with scienter, in connection with the Company's statements with respect to its sales backlog. Lead Plaintiff alleges that persons who purchased VMware Class A common stock during the Class Period allegedly suffered economic losses when the price of VMware Class A common stock declined after the

Company reported decreases in sales backlog on certain dates in 2019 and 2020. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased VMware Class A common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants.

14.     The initial complaint in this Action was filed in this Court on March 31, 2020. Lead Plaintiff filed a Consolidated Complaint for Violations of the Federal Securities Laws on September 18, 2020, alleging violations of §§10(b) and 20(a) of the Exchange Act against all Defendants, and alleging a violation of §20A against Defendant Gelsinger. Following briefing on Defendants' motion to dismiss, the Court granted in part and denied in part Defendants' motion and granted Lead Plaintiff leave to amend the complaint.

15.     On October 8, 2021, Lead Plaintiff filed the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), and again, Defendants moved for dismissal. Lead Plaintiff filed its opposition to that motion to dismiss on December 3, 2021.

16.     On September 12, 2022, while Defendants' motion to dismiss the Second Amended Complaint was pending, the U.S. Securities and Exchange Commission issued an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (the "SEC Order") against Defendant VMware. The Court thereafter permitted the Parties to provide additional briefing in light of the SEC Order.

17.     On March 14, 2023, Lead Plaintiff filed a Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss to address the effect of the SEC Order on Lead Plaintiff's allegations. Defendants filed a response on March 21, 2023. Following the supplemental briefing, the Court held that Lead Plaintiff adequately pled its §§20(a) and 20A claims, as well as certain of its §10(b) and Rule 10b-5 claims. Pursuant to the Court's order, Lead Plaintiff filed the Third Amended Complaint on April 6, 2024, alleging misrepresentations and omissions concerning the Company's backlog and revenue. On April 20, 2023, Defendants filed their Answer and therein pleaded fourteen (14) affirmative defenses and other defenses to Lead Plaintiff's claims.

18.     The Parties thereafter began formal fact discovery, which culminated in the exchange and review of more than 100,000 documents (encompassing nearly 650,000 pages) from over a dozen custodians associated with VMware and the production of nearly 25,000 documents (over 175,000 pages) from 30 third parties subpoenaed to produce documents. Lead Plaintiff took ten (10) fact witness depositions, and propounded dozens of Requests for Production of Documents, Requests for Admission, and Interrogatories on Defendants. Lead Plaintiff also produced documents in response to Defendants' requests.

19.     On January 16, 2024, Lead Plaintiff moved to certify the Class. Defendants did not oppose the motion. Following its June 27, 2024 hearing, on July 2, 2024, the Court certified the Class, appointed Lead Plaintiff as Class Representative, and appointed Robbins Geller as Class Counsel. At the time the Settlement was achieved, the Parties were in the process of preparing to exchange expert reports on various issues, including loss causation, damages, and insider trading, ahead of motions for summary judgment and motions to exclude expert testimony. A trial setting conference was scheduled to occur on October 31, 2024.

20.     During the course of the Action, the Parties engaged a neutral, third-party mediator, the Hon. Layn R. Phillips (Ret.) of Phillips ADR, to aid in settlement negotiations. Judge Phillips has extensive experience mediating complex class action litigations such as this Action. The Parties engaged in two in-person mediation sessions and numerous teleconferences with Judge Phillips in an effort to resolve the Action. The Parties also exchanged mediation briefs ahead of their first in-person mediation session, setting forth their respective arguments concerning liability and damages and respective views of the merits of the Action. Though the Parties' initial mediation session on March 1, 2024 was unsuccessful in resolving the Action, the Parties continued to have telephonic and email exchanges with Judge Phillips regarding a potential resolution. The Parties and the Court thereafter agreed to a 30-day stay of the Action to allow settlement discussions to continue in a good-faith attempt to resolve the Action.

21.     On July 19, 2024, the Parties attended a remote mediation session with Judge Phillips. That mediation session paved the way for additional discussions that day between the Parties, resulting in an agreement in principle to settle the Action for $102,500,000.00. The Settlement is pursuant to the terms set forth herein.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive, and were damaged thereby. Excluded from the Class are Individual Defendants and their immediate family members. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with this Notice that is accepted by the Court.

RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE CLAIM FORM TO BE RECEIVED NO LATER THAN MARCH 17, 2025. YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.VMWARESECURITIESLITIGATION.COM BY MARCH 17, 2025.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

23.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, in particular, the risk that the anticipated motion(s) for summary judgment and challenges to Lead Plaintiff's experts could be granted and the risk, among others, that Lead Plaintiff could be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

24.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $102.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after resolution of Defendants' anticipated summary judgment motion(s), trial and appeals, possibly years in the future.

25.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, and that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

6

| HOW MUCH WILL MY PAYMENT BE? |
|---|

27.    Defendants have agreed to cause to be paid $102,500,000.00 in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement. Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proofs of Claim. The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the case-specific website, www.VMwareSecuritiesLitigation.com.

28.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendants Parties (defined below), or any person or entity designated by Lead Counsel. All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

29.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

30.    The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

31.    Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, with respect to their, his, her, or its Claim Form.

32.    Persons and entities that request to exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit a Claim Form.

| PLAN OF ALLOCATION |
|---|

33.    The Settlement Amount of $102.5 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, approved attorneys' fees and expenses, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

34.    The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and its counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.VMwareSecuritiesLitigation.com.

35.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (August 24, 2018 through February 27, 2020). To design this Plan, Lead Counsel has conferred with its damages expert. In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered the market and industry adjusted price changes in VMware's Class A common stock price following certain corrective disclosures regarding VMware and the allegations in the complaint. The Plan of Allocation, however, is not a formal damages analysis. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory 90-day look-back amount of $124.12 per share of VMware Class A common stock pursuant to the Private Securities Litigation Reform Act.[3]

36.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the Recognized Claim formula under the Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

37.    In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of the decline in the price of VMware Class A common stock. In this case, Lead Plaintiff alleges that corrective information was released to the market after the close of trading on May 30, 2019, August 22, 2019, and February 27, 2020.

38.    In order to have a "Recognized Claim" under the Plan of Allocation, shares of VMware Class A common stock must have been purchased during the Class Period and held through the issuance of at least one of the corrective disclosures.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

39.    Based on the formula stated below, a Recognized Claim will be calculated for each purchase of VMware Class A common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Claim calculates to a negative number or zero under the formula below, that Recognized Claim will be zero.

40.    For each share of VMware publicly traded Class A common stock purchased from August 24, 2018 through February 27, 2020, and:

(a)    sold prior to May 31, 2019, the Recognized Loss Amount will be $0.00;

(b)    sold from May 31, 2019 through February 27, 2020, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below); and (ii) the purchase price minus the sale price;

(c)    sold from February 28, 2020 through and including the close of trading on May 27, 2020, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between February 28, 2020 and the date of sale as stated in Table 2 below; or

---

[3]    Under Section 29(D)(e)(1) of the Exchange Act, "in any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for VMware stock are reduced to an appropriate extent by taking into account the closing prices of VMware stock during the 90-day look-back period. The mean (average) closing price for VMware stock during this 90-day look-back period was $124.12 per share as shown in Table 2.

(d)    held as of the close of trading on May 27, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below); or (ii) the purchase price minus $124.12, the average closing price for VMware stock between February 28, 2020 and May 27, 2020 (the last entry in Table 2 below).

**ADDITIONAL PROVISIONS**

41.    A claimant's Recognized Claim under the Plan of Allocation shall be the sum of their, his, her, or its Recognized Loss Amounts.

42.    For Class Members who held VMware Class A common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of VMware stock during the Class Period will be matched, in chronological order, first against VMware stock held at the beginning of the Class Period. The remaining sales of VMware stock during the Class Period will then be matched, in chronological order, against VMware stock purchased during the Class Period.

43.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in VMware stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of VMware Class A common stock that have been matched against VMware Class A common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

44.    If a claimant suffered an overall market loss with respect to their overall transactions in VMware Class A common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of VMware Class A common stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

45.    A purchase or sale of VMware stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of VMware stock during the Class Period shall not be deemed a purchase or sale of VMware stock for the calculation of a claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such share unless specifically provided in the instrument of gift or assignment. The receipt of VMware stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of VMware stock.

---

[4]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for VMware stock purchased during the Class Period.

[5]    The Claims Administrator will match any sales of VMware Class A common stock from the start of the Class Period through and including the close of trading on February 27, 2020 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of VMware Class A common stock sold from the start of the Class Period through and including the close of trading on February 27, 2020 will be the "Total Sales Proceeds."

[6]    The Claims Administrator will ascribe a "Holding Value" equal to $120.52 for each share of VMware stock purchased during the Class Period and still held as of the close of trading February 27, 2020.

46.     The date of covering a "short sale" is deemed to be the date of purchase of the VMware Class A common stock. The date of a "short sale" is deemed to be the date of sale of VMware stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in VMware Class A common stock, their earliest Class Period purchases of VMware stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

47.     Option contracts are not securities eligible to participate in the Settlement. With respect to VMware Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

48.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Council of Institutional Investors.

49.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendants Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 8/24/2018 - 5/30/2019 | 5/31/2019 - 8/22/2019 | 8/23/2019 - 2/27/2020 | Sold on or Retained Beyond 2/28/2020 |
| 8/24/2018 - 5/30/2019 | $0.00 | $11.35 | $21.80 | $36.73 |
| 5/31/2019 - 8/22/2019 | | $0.00 | $10.45 | $25.38 |
| 8/23/2019 - 2/27/2020 | | | $0.00 | $14.93 |
| Purchased on or Beyond 2/28/2020 | | | | $0.00 |

**TABLE 2**

**VMware Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between February 28, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between February 28, 2020 and Date Shown |
|---|---|---|---|---|---|
| 2/28/2020 | $120.52 | $120.52 | 4/14/2020 | $136.06 | $115.48 |
| 3/2/2020 | $121.74 | $121.13 | 4/15/2020 | $133.54 | $116.02 |
| 3/3/2020 | $120.59 | $120.95 | 4/16/2020 | $135.30 | $116.59 |
| 3/4/2020 | $125.57 | $122.11 | 4/17/2020 | $136.48 | $117.16 |
| 3/5/2020 | $121.88 | $122.06 | 4/20/2020 | $132.62 | $117.59 |
| 3/6/2020 | $117.13 | $121.24 | 4/21/2020 | $124.97 | $117.79 |
| 3/9/2020 | $109.45 | $119.55 | 4/22/2020 | $128.00 | $118.06 |
| 3/10/2020 | $113.84 | $118.84 | 4/23/2020 | $126.42 | $118.27 |
| 3/11/2020 | $106.01 | $117.41 | 4/24/2020 | $128.17 | $118.52 |
| 3/12/2020 | $97.85 | $115.46 | 4/27/2020 | $129.95 | $118.80 |
| 3/13/2020 | $107.88 | $114.77 | 4/28/2020 | $129.63 | $119.06 |
| 3/16/2020 | $95.94 | $113.20 | 4/29/2020 | $134.97 | $119.43 |
| 3/17/2020 | $95.84 | $111.86 | 4/30/2020 | $131.52 | $119.70 |
| 3/18/2020 | $93.01 | $110.52 | 5/1/2020 | $125.34 | $119.83 |
| 3/19/2020 | $100.19 | $109.83 | 5/4/2020 | $126.34 | $119.97 |
| 3/20/2020 | $105.72 | $109.57 | 5/5/2020 | $126.78 | $120.11 |
| 3/23/2020 | $105.74 | $109.35 | 5/6/2020 | $126.87 | $120.25 |
| 3/24/2020 | $112.53 | $109.52 | 5/7/2020 | $133.30 | $120.52 |
| 3/25/2020 | $116.20 | $109.88 | 5/8/2020 | $140.31 | $120.92 |
| 3/26/2020 | $124.72 | $110.62 | 5/11/2020 | $141.12 | $121.31 |
| 3/27/2020 | $115.74 | $110.86 | 5/12/2020 | $138.05 | $121.63 |
| 3/30/2020 | $120.52 | $111.30 | 5/13/2020 | $134.86 | $121.88 |
| 3/31/2020 | $121.10 | $111.73 | 5/14/2020 | $133.82 | $122.10 |
| 4/1/2020 | $116.00 | $111.90 | 5/15/2020 | $134.48 | $122.33 |
| 4/2/2020 | $118.20 | $112.16 | 5/18/2020 | $139.03 | $122.63 |
| 4/3/2020 | $116.97 | $112.34 | 5/19/2020 | $139.31 | $122.92 |
| 4/6/2020 | $122.94 | $112.73 | 5/20/2020 | $140.07 | $123.22 |
| 4/7/2020 | $123.55 | $113.12 | 5/21/2020 | $136.56 | $123.44 |
| 4/8/2020 | $130.46 | $113.72 | 5/22/2020 | $134.60 | $123.63 |
| 4/9/2020 | $131.43 | $114.31 | 5/26/2020 | $137.93 | $123.86 |
| 4/13/2020 | $129.93 | $114.81 | 5/27/2020 | $139.66 | $124.12 |

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
|---|

50.    If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff, and all other Released Plaintiff Parties (as defined in ¶54 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶51 below), including Unknown Claims (as defined in ¶55 below), against each and every one of the Released Defendants Parties (as defined in ¶53 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendants Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

51.    "Released Claims" means all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common or foreign law, by Lead Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly or indirectly against any of the Released Defendants Parties, which arise out of, are based on, or relate in any way to, directly or indirectly: (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action; and (ii) the purchase, acquisition, transfer, holding, ownership, disposition or sale of VMware common stock, by any members of the Class during the Class Period. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

52.    "Released Defendants' Claims" means all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants Parties or any of them against any of the Released Plaintiff Parties, which arise out or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the Settlement).

53.    "Released Defendants Parties" means: (i) each and all of the Defendants and Broadcom, Inc.; (ii) each of their respective family members (for individuals) and past, present, and future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in parts (i) and (ii), their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

54.    "Released Plaintiff Parties" means: (i) each and all of the plaintiffs, consisting of Lead Plaintiff and members of the Class; (ii) each of their respective family members, and their respective past, present, and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (iii) Lead Counsel and other counsel representing Lead Plaintiff and the Class.

55.    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendants Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her, or it, might have affected his, her, or its decision(s) to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision(s) not to object to this Settlement or not exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the

12

Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but such person or entity shall expressly settle and release, and each member of the Class, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the members of the Class by operation of the Judgment shall be deemed to have acknowledged, that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, were separately bargained for and are material elements of the Settlement.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

56.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest. At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $950,000.00, plus interest. The Court will determine the amount of the award of fees and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

57.    If you fall within the definition of the Class as described above and you are not excluded by the definition of the Class, and you do not submit a valid and timely request to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form. The website is www.VMwareSecuritiesLitigation.com. You may also request a Claim Form by calling toll-free 1-888-298-5840. Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

58.    As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

13

59.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you submit a request to exclude yourself from the Class, you are not entitled to submit an objection.

**HOW DO I GET OUT OF THE PROPOSED SETTLEMENT?**

60.     To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *VMware Securities Litigation*." To be valid, your letter must include the number of shares of VMware Class A common stock purchased during the Class Period and the date of each purchase. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **received no later than March 10, 2025** to:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

61.     If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. If you exclude yourself, you may not send in a Claim Form to ask for any money. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendants Parties about the Released Claims in the future.

62.     Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendants Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendants Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is March 10, 2025.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

63.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

64.     The Settlement Hearing will be held on March 31, 2025, at 9:00 a.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4—5th Floor, 280 South 1st Street, San Jose, CA 95113. The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.     Any Class Member who has not submitted a request for exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

---

[7]     Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before February 24, 2025.

66.     Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or received on or before March 10, 2025.

67.     The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of VMware Class A common stock that the objecting Person: (i) owned as of the opening of trading on August 24, 2018; and (ii) purchased and/or sold during the Class Period, as well as the dates and prices for each such purchase and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all other class action settlements to which the objector and his, her, or its counsel have previously objected. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.     You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

69.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before March 10, 2025.

71.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.VMwareSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.     Nominees who purchased VMware Class A common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail via First Class Mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims

Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

73.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.VMwareSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.VMwareSecuritiesLitigation.com, or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. All inquiries concerning this Notice or the Claim Form should be directed to:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 301170
Los Angeles, CA 90030-1170
1-888-298-5840

**-or-**

Scott H. Saham, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'**
**COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: November 26, 2024

By Order of the Court
United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

VMWARE, INC., et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:20-cv-02182-EJD (VKD)

CLASS ACTION

***VMware Securities Litigation***
**c/o Gilardi & Co. LLC**
**Claims Administrator**
**P.O. Box 301170**
**Los Angeles, CA 90030-1170**
**Toll-Free Number: 1-888-298-5840**
**Email: info@VMwareSecuritiesLitigation.com**
**Website: www.VMwareSecuritiesLitigation.com**

### PROOF OF CLAIM AND RELEASE

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release form ("Claim Form") and mail it by first-class mail to the above address, ***received* no later than March 17, 2025 or submit it online at the above website on or before March 17, 2025**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

### PART I – INSTRUCTIONS

### A.    GENERAL INSTRUCTIONS

1.    This Claim Form is directed to all persons who purchased the publicly traded Class A common stock of VMware, Inc. (n/k/a VMware LLC) ("VMware") during the period from August 24, 2018 through February 27, 2020, inclusive (the "Class Period").[1] To recover as a member of the Class based on your claims in the action entitled *Lamartina v. VMware, Inc., et al.*, No. 5:20-cv-02182-EJD (N.D. Cal.) (the "Action"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

---

[1]    Excluded from the Class are Individual Defendants and their immediate family members. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

3.      THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE MUST RECEIVE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, AT THE FOLLOWING ADDRESS OR WEBSITE:

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 301170
Los Angeles, CA 90030-1170
www.VMwareSecuritiesLitigation.com

YOUR CLAIM FORM MUST BE SUBMITTED ONLINE OR RECEIVED BY MAIL NO LATER THAN MARCH 17, 2025.[2] Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a member of the Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that can be found on the Settlement website, www.VMwareSecuritiesLitigation.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## B.      CLAIMANT IDENTIFICATION

1.      If you purchased VMware Class A common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of VMware Class A common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible VMware Class A common stock in your own name, you are the beneficial owner as well as the record owner. If, however, your shares of eligible VMware Class A common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF VMWARE CLASS A COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[2]      Claim Forms that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

4.      **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the VMware Class A common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned the VMware Class A common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

### C.      CLAIM FORM

1.      Use Part III of this form entitled "Schedule of Transactions in VMware Class A Common Stock" to supply all required details of your transaction(s) in VMware Class A common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of VMware Class A common stock that took place at any time on or between and including August 24, 2018 through May 27, 2020, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of shares of VMware Class A common stock held at the close of trading on August 23, 2018, February 27, 2020, and May 27, 2020.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of VMware Class A common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in VMware Class A common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

3

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recovery. In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

7.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund, provided any such share is $10.00 or more. If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@VMwareSecuritiesLitigation.com, or by toll-free phone at 1-888-298-5840, or you can visit the website, www.VMwareSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at edata@gilardi.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above). Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third-party filer shall not be the payee of any distribution payment check or electronic distribution payment. **No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.**

**Official Office Use Only**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*Lamartina v. VMware, Inc., et al.*
No. 5:20-cv-02182-EJD (N.D. Cal.)
**PROOF OF CLAIM AND RELEASE**

**Must Be Received or Submitted Online No Later Than March 17, 2025**

# VWMS

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim may be deemed deficient.

## PART II. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



5

## PART II: SCHEDULE OF TRANSACTIONS IN VMWARE CLASS A COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions. Do not include information regarding securities other than VMware Class A common stock.

**A.** Number of shares of VMware Class A common stock held at the close of trading on August 23, 2018 (must be documented). If none, write "zero":

Proof Enclosed? ○ Y  ○ N

**B.** Purchases of VMware Class A common stock (August 24, 2018 through May 27, 2020, inclusive). (Must be documented.):

PURCHASES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased | Total Purchase Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

**C.** Sales of VMware Class A common stock (August 24, 2018 through May 27, 2020, inclusive). (Must be documented.):

SALES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

**D.** Number of shares of VMware Class A common stock held at the close of trading on February 27, 2020 (must be documented). If none, write "zero":

Proof Enclosed? ○ Y  ○ N

**E.** Number of shares of VMware Class A common stock held at the close of trading on May 27, 2020 (must be documented). If none, write "zero":

Proof Enclosed? ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your Social Security/taxpayer identification number on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



**PART IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated October 4, 2024 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of VMware Class A common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V. RELEASE**

1.　　I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendants Parties, all as defined herein and in the Notice and Stipulation.

2.　　This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.　　I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of VMware Class A common stock and know of no other person having done so on my (our) behalf.

4.　　I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases of VMware Class A common stock during the Class Period, as well as the number of shares held at the close of trading on August 23, 2018, February 27, 2020, and May 27, 2020.

5.　　The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.　　I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.　　I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of _____ in _____
　　　　　　　　　　　　　　　　　　　　　　　　(Month/Year)　　　　　　　　　　　　(City/State/Country)

_____　　_____
(Sign your name here)　　　　　　　　　　　　　　　　(Sign your name here)

_____　　_____
(Type or print your name here)　　　　　　　　　　　　(Type or print your name here)

_____　　_____
(Capacity of person(s) signing, *e.g.*,　　　　　　　　(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)　　　Beneficial Purchaser, Executor or Administrator)



Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. Do not send original stock certificates. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form and all supporting documentation for your records.

5. If you move, please send your new address to the address below.

6. If you have any questions or concerns regarding your claim, contact the Claims Administrator at *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170, by email at info@VMwareSecuritiesLitigation.com, or by toll-free phone at 1-888-298-5840, or you may visit www.VMwareSecuritiesLitigation.com. DO NOT call VMware, the other Defendants, or their counsel with questions regarding your claim.

7. **Do not use red pen or highlighter** on the Claim Form or supporting documentation. Must use Black or Blue Ink or your claim may be deemed deficient.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR RECEIVED NO LATER THAN MARCH 17, 2025, ADDRESSED AS FOLLOWS:**

*VMware Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 301170
Los Angeles, CA 90030-1170
Online Submissions: www.VMwareSecuritiesLitigation.com



# EXHIBIT C



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

December 16, 2024

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **VMware Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the postcard Notice for the above referenced litigation. Please note the Class Period and the designated eligible securities described in the Notice, specifically the inclusion of all persons who purchased Class A common stock of VMware, Inc. (n/k/a VMware LLC) ("VMware" or the "Company") from August 24, 2018 through February 27, 2020, inclusive (the "Class Period"). In addition, **the Notice provides that the Exclusion Deadline is March 10, 2025 and the Claim Filing Deadline is March 17, 2025.**

Please pay particular attention to the "What If I Bought Shares On Someone Else's Behalf?" on page fifteen of the full Notice, which states, in part: Nominees who purchased VMware Class A common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail via First Class Mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats: ASCII Fixed Length file, ASCII Tab Delimited file, or Microsoft Excel spreadsheet. Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission.

If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi and Company, LLC

EXHIBIT D

## TECHNOLOGY & MEDIA

WSJ.com/Tech

# Scammers Turn to AI for Holidays

**Fake licenses and passports are being made to fraudulently verify identities**

BY ANGEL AU-YEUNG

The holidays are a bonanza for scammers preying on people eager for deals. Now artificial intelligence is creating more-sophisticated traps and targeting vastly more victims.

**Visa** said the number of charges on its credit-card network blocked for potential fraud on Black Friday and Cyber Monday surged 200% globally from last year. The increase was driven by scammers using AI. **Mastercard** said it blocked nine times the amount of fraud attempts between Thanksgiving and Cyber Monday from a year ago.

"It is absolutely a golden age for fraud and fraudsters," said Michael Jabbara, global head of fraud services at Visa. U.S. shoppers have lost $8.7 billion to fraud overall through this year's third quarter, a 14.5% increase from the same period a year ago, according to the Federal Trade Commission.

Fraudsters are deploying AI to more efficiently perform a variety of tasks, according to Katalin Parti, a cybercrime researcher at Virginia Tech. That includes blasting out text messages to bait victims and writing programming to test huge volumes of stolen credit card information, she said.

AI also is helping scammers generate more fake online ads and shopping sites that entice people to share credit-card information. Michael Maestranzi was duped by such a scam after clicking on an ad for an advent calendar based on a children's game his 10-year-old son loves.

"It's Christmastime so I'm constantly thinking about my three kids and what to get them," said Maestranzi, a 46-year-old resident of Nutley, N.J.

The ad took him to what looked like a **Macy's** webpage, where the calender was listed for half its normal price at $39.97. A countdown showed they were rapidly selling out. It was only after his second attempt at the purchase went through that he realized he was never asked for an email address for shipping confirmation. "Then I knew I got scammed," he said.

Scammers also are using AI to impersonate account holders. The technology was used in 25% of cases of scammers trying to falsely verify identities and gain access to accounts, according to Plaid, a fintech startup that lets customers give companies permission to connect with their banking accounts.

AI is being used to generate fake driver's licenses or passports—or even deepfake videos in cases when account holders are asked to send selfie videos to verify identities, according to Plaid. Companies that use the so-called liveness checks include crypto exchange **Coinbase** and trading platform **Robinhood**.

Banks have ramped up efforts to educate consumers on spotting scams. **JPMorgan Chase** also has started using AI to validate payments and prevent fraud. Visa said in 2022 it had invested $500 million in AI and other technology for fraud detection over the past five years. But people are still falling victim.

"The biggest thing I've heard from financial institutions over and over again is that the current tools that they have for fraud prevention are not matching the tools that fraudsters are able to bring," said John Pitts, head of policy at Plaid.

# Liberty Media's MotoGP Bid Faces In-Depth EU Probe

BY EDITH HANCOCK

Formula One owner **Liberty Media**'s planned bid for **Dorna Sports** faces an in-depth investigation by the European Commission over concerns the $3.6 billion deal could hurt competition in broadcasting and streaming markets.

The European Union's antitrust enforcer said Thursday that the deal, which would see U.S.-headquartered Liberty Media take 86% ownership of Madrid-based Dorna Sports, the parent company of worldwide motorcycle racing league MotoGP, could lead to higher prices for the licensing of broadcasting rights for motor sports events.

It said it would look into whether Liberty Media's largest shareholder, John Malone, can exert decisive influence over both companies, saying it is concerned that Liberty Media might have the ability and incentive to foreclose rival broadcasters where its parent company Liberty Global is active.

The commission said Formula One and MotoGP compete closely and that the transaction raises concerns because it might remove important competitive constraints between both parties for the licensing of broadcasting rights for sports content. The EU merger regulator set a deadline of May 14 to end its investigation.

"By acquiring Dorna Sports, Liberty Media would hold the commercial rights to two of the most popular motor sports in Europe: Formula One and MotoGP," Teresa Ribera, the commission's new head of competition enforcement, said Thursday. The probe marks the first time the EU executive has escalated a merger review under Ribera, who succeeded former competition chief Margrethe Vestager earlier this month.

"We need to make carefully assess whether this acquisition could negatively affect European broadcasters, for example in terms of increased license fees, and ultimately European consumers and motor sports fans through higher prices," she said. The regulator also will consider substantiated arguments from the companies about potential benefits for consumers if the deal is allowed to go ahead, Ribera said.

Companies can offer the commission remedies to ease competition concerns and end an in-depth probe, which typically takes about 90 days but can last longer if the regulator needs more time to look at evidence. That can lead to companies scrapping their plans due to the increased uncertainty.

Liberty Media agreed to acquire Dorna Sports in April in a deal valued at roughly €3.5 billion, or $3.62 billion, including a termination agreement that would see it pay 126 million euros if it walks away.

The U.S. company now expects the deal to close at the end of June to account for the commission's probe, it said Thursday.



The EU's antitrust enforcer is concerned that the $3.6 billion deal for Dorna Sports could hurt competition in broadcasting and streaming markets. Above, a MotoGP race.

# EU Clears Nvidia's Takeover Of Run:ai

BY EDITH HANCOCK

BRUSSELS—The European Commission approved artificial-intelligence behemoth **Nvidia**'s takeover of Israeli streamlining provider **Run:ai** Friday, clearing a key regulatory hurdle for the deal.

The Commission cleared the deal without conditions, saying it didn't raise competition concerns. Nvidia wouldn't have the ability or incentive to hamper the compatibility of its coveted graphic processing units with rivals' software, it said.

The European Union's merger watchdog had set a Dec. 20 deadline to decide whether to give the companies a green light or launch a full investigation.

Chip maker Nvidia has come under increased scrutiny this year from antitrust enforcers worldwide that are eager to prevent a handful of incumbent tech giants dominating the nascent technology and squeezing out future rivals.

The EU regulator said it looked into whether the deal would have an impact on the supply of so-called discrete GPUs used in data centers and the market for GPU orchestration software. It said Run:ai doesn't currently have a significant position in orchestration software. Customers can still have access to the company's competitors that provide similar services, it said, or could build their own software in-house.

Nvidia's Run:ai deal, announced in April, came onto the EU's radar after Italian regulators referred it to the commission under a legal tool that European regulators are using to look at so-called killer acquisitions that fall below typical merger probe thresholds. The commission's use of that tool, so-called Article 22, has faced criticism from lawyers and company executives in the past who say it adds to regulatory uncertainty. The watchdog also lost a high-profile court battle over its decision to investigate—and later veto—biotech firm **Illumina**'s reacquisition of startup **Grail** in September this year by using the provision.

Nvidia said on Friday that it looks forward to welcoming the Run:ai team to the fold.

# News Corp Sheds Australia Pay-TV Unit in Sale to DAZN

BY JEFFREY A. TRACHTENBERG
AND RHIANNON HOYLE

**News Corp** and Australian telecom company **Telstra** agreed to sell jointly owned Foxtel to sports streaming service **DAZN Group**, a deal that values the pay-television company at more than $2.1 billion.

News Corp on Sunday evening said the sale of Foxtel, in which it holds a 65% stake, will allow the company to narrow its focus on key growth areas—digital real-estate services, book publishing and Dow Jones, publisher of The Wall Street Journal.

As part of the deal, News Corp will receive a 6% minority equity stake in DAZN, and a seat on its board. In addition, $362 million in shareholder loans owed to News Corp will be repaid in full; Foxtel's current debt will be refinanced when the deal closes and transfer with the company.

No cash, other than the loan repayment, is changing hands.

Some investors in recent years have argued that News Corp needs to do more to maximize shareholder value.

The Journal reported in 2023 that activist investor firm Starboard Value had built a stake in the company and planned to push for strategic and governance changes. News Corp investors in November rejected an effort to end the company's dual-class share structure that had been backed by Starboard.

News Corp Class A shares are up 13.5% in 2024.

"DAZN is the right owner to take the business to the next level with their technological capabilities, global footprint and compelling sports rights," News Corp Chief Executive Robert Thomson said.

---

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

---

**CLASS ACTION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,    ) Case No. 5:20-cv-02182-EJD (VKD)
                              )
            Plaintiff,        ) CLASS ACTION
                              )
    vs.                       ) SUMMARY NOTICE
                              )
VMWARE, INC., et al.,         )
                              )
            Defendants.       )

*IF YOU PURCHASED VMWARE, INC. (N/K/A VMWARE LLC) ("VMWARE") CLASS A COMMON STOCK DURING THE PERIOD FROM AUGUST 24, 2018 THROUGH FEBRUARY 27, 2020, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $102,500,000.00 in cash. A hearing will be held on March 31, 2025, at 9:00 a.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and award to Lead Plaintiff should be granted.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND. You may obtain a copy of the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release form ("Proof of Claim") at www.VMwareSecuritiesLitigation.com or by contacting the Claims Administrator: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170; 1-888-298-5840.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail received no later than March 17, 2025, or submit it online by that date.[1] If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Class, you must mail a written request for exclusion such that it is **received by March 10, 2025**, in the manner and form explained in the Notice. If you are a Class Member and have not excluded yourself from the Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submitted a valid request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense application must be filed with the Court no later than March 10, 2025.

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE. If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling 1-800-449-4900:

ROBBINS GELLER RUDMAN
   & DOWD LLP
SCOTT H. SAHAM
655 West Broadway, Suite 1900
San Diego, CA 92101
settlementinfo@rgrdlaw.com

DATED: November 26, 2024

                    BY ORDER OF THE COURT
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

[1] Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

---

**CLASS ACTION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*In re Talis Biomedical Corporation Securities Litigation*        Case No. 22-cv-00105-SI

SUMMARY NOTICE OF CLASS SETTLEMENT

**To:** All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.[1]

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") that a hearing will be held on March 14, 2025, at 10:00 a.m., before the Honorable Susan Illston, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court, for the purpose of determining: (1) whether the proposed settlement of the above-captioned litigation (the "Litigation") for the sum of $32,500,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class) (the "Fee and Expense Application"). The Court may change the date of this hearing, or hold it remotely, without providing another notice. You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been certified as a class action on behalf of a Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby, except for certain persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below. If the Settlement is approved, it will resolve all claims in the Litigation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.TalisSecuritiesLitigation.com or by contacting the Claims Administrator at: *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd., P.O. Box 173064, Milwaukee, WI 53217, or (877) 331-0411.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.TalisSecuritiesLitigation.com or by mail postmarked no later than March 13, 2025. Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by February 21, 2025, in the manner and form explained in the detailed Long-Form Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation should be sent only to the Court and must be mailed or delivered to the Clerk of Court at the address below such that it is received no later than February 21, 2025:

Class Action Clerk
United States District Court for the Northern District of California
United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email: talissettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.TalisSecuritiesLitigation.com.

DATED: NOVEMBER 22, 2024

                    BY ORDER OF THE COURT:
                    Judge Susan Illston
                    United States District Judge
                    United States District Court for the
                    Northern District of California

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.TalisSecuritiesLitigation.com.

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on December 23, 2024:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of December 2024, at Sellersville, Pennsylvania.

Carla Peak



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the VMware Securities Litigation

December 23, 2024 08:00 AM Eastern Standard Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the VMware Securities Litigation:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VMWARE, INC., et al.,<br><br>Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br>CLASS ACTION<br><br>SUMMARY NOTICE |

*IF YOU PURCHASED VMWARE, INC. (N/K/A VMWARE LLC) ("VMWARE") CLASS A COMMON STOCK DURING THE PERIOD FROM AUGUST 24, 2018 THROUGH FEBRUARY 27, 2020, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $102,500,000.00 in cash. A hearing will be held on March 31, 2025, at 9:00 a.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and award to Lead Plaintiff should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** You may obtain a copy of the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release form ("Proof of Claim") at www.VMwareSecuritiesLitigation.com or by contacting the Claims Administrator: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170; 1-888-298-5840.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail received no later than March 17, 2025, or submit it online by that date.[1] If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Class, you must mail a written request for exclusion such that it is **received by March 10, 2025**, in the manner and form explained in the Notice. If you are a Class Member and have not excluded yourself from the Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submitted a valid request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense application must be filed with the Court no later than March 10, 2025.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling 1-800-449-4900:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> SCOTT H. SAHAM
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
> settlementinfo@rgrdlaw.com

DATED: November 26, 2024                BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA

[1] Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

## Contacts
Media Contact:
Robbins Geller Rudman & Dowd LLP
Shareholder Relations Department
Greg Wood
(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire
Address: 101 California Street 20th Floor
City, ST Zip: San Francisco, CA 94111
Phone #: 415-986-4422
State of: California

The press release was distributed on December 23, 2024 to the following media circuits offered by the above-referenced wire service:

1.  National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of December 2024, at Sellersville, Pennsylvania.


Carla Peak

EXHIBIT E



*VMWS-EXCL00001*

RECEIVED
February 13, 2025
Claims Center

# Exclusion Cover Page

Case Name: VMware Securities Litigation

Case Code: VMWS

Exclusion Deadline: March 10, 2025 (Receive no later than)

Name of Person Filing Exclusion: Gilbert and Monique Dlugy TTEE
U/A DTD 01/16/2006

Wilmington February 7th 2025

VMware Securities Litigation
c/o Gilardi & CO ,LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

Sir,

We hereby ask you to permanently exclude us from the legal action VMware Securities Litigation.

Sincerely yours,

Gilbert DLUGY TTEE

Monique DLUGY TTEE

U/A DTD 01/16/2006 by Gilbert DLUGY et AL



Mr. Gilbert Dluov

7 FEB 2025    PM 5   L

VMware Securities Litigation
c/o GILARDI & CO. LLC
P.O. Box 301170
LOS ANGELES, CA 90030-1170

**RECEIVED**

FEB 13 2025

**VERITA GLOBAL**

90030-117070