UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>VMWARE, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 5:20-cv-02182-EJD (VKD)<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>**ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL** |

　　　The Parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than **January 12, 2026**.

　　　The Court sets a compliance deadline hearing on **January 22, 2026 at 9:00 a.m.** to verify timely filing of the post-distribution accounting.

　　　Separate Judgment to follow.

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 26, 2024, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 4, 2024 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class includes all persons who purchased the publicly traded Class A common stock of VMware during the period from August 24, 2018 through February 27, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are Individual Defendants and their immediate family members.  Also excluded from the Class are any persons or entities who excluded themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate;

    (b) there was no collusion in connection with the Stipulation;

    (c) Lead Plaintiff and Lead Counsel have adequately represented the Class;

    (d) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

    (e) the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff and the other Class Members, and as against each and all of the Released Defendants Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

6. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7. Upon the Effective Date, Lead Plaintiff, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendants Parties with prejudice on the merits, whether or not the Lead

1  Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the
2  Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the
3  Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

4        8.    Upon the Effective Date, Defendants shall be deemed to have, and by operation of
5  this Order shall have, fully, finally, and forever waived, released, discharged, and dismissed the
6  Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation,
7  Unknown Claims). For the avoidance of doubt, the releases, relinquishments, and discharges
8  provided by the Released Defendants Parties in the Stipulation do not include the release,
9  relinquishment, or discharge of any claim or cause of action that any of the Released Defendants
10 Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage
11 for, arising out of or related to the Action or any related matter or proceeding, including any
12 derivative action based on similar allegations. Claims to enforce the terms of the Stipulation are not
13 released.

14       9.    Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not
15 opted out of the Class), and their successors, assigns, executors, administrators, representatives,
16 attorneys, and agents in their capacities as such shall be permanently barred and enjoined from the
17 institution, maintenance, prosecution, or enforcement against any Released Defendants Parties, in
18 any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all
19 Released Claims (including, without limitation, Unknown Claims).

20       10.    The distribution of the Postcard Notice by email and mail (where no email was
21 available), online posting of the Notice and Proof of Claim and Release Form, and publication of the
22 Summary Notice as provided for in the Preliminary Approval Order constituted the best notice
23 practicable under the circumstances, including individual notice to Class Members who could be
24 identified through reasonable effort. The notice provided was the best notice practicable under the
25 circumstances of those proceedings and of the matters set forth therein, including the proposed
26 Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully
27 satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other
28 applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is

relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Class are bound by this Order except those persons listed on Exhibit A to this Order

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and shall be considered separate from this Order.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

12. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Action and the uncertainty and risks inherent in any litigation.  Neither the Stipulation nor the Settlement contained therein, nor this Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be:

(a) offered or received against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any of the allegations in the Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by the Released Parties;

(b) offered or received against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concessions, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

(c) offered or received against the Released Parties, Lead Plaintiff, or any Member of the Class as evidence of, any presumption, concession, or admission by any of the Released Parties, Lead Plaintiff, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, Lead Plaintiff, or any Member of the Class in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order and Final Judgment; provided, however, that the Released Parties, Lead Plaintiff, and any Member of the Class may refer to them to effectuate the liability protection granted them hereunder;

(d) offered or received against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties that the Settlement Amount represents the amount which could or would have been recovered after trial; or

(e) offered or received against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

13. The Released Defendants Parties may file the Stipulation and/or this Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court finds that Defendants' financial obligations under the Stipulation have been satisfied through the payment of $102,500,000.00 to the Settlement Fund, in accordance with the Stipulation.

15. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Order.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

~~20.  The Court directs immediate entry of this Order by the Clerk of the Court.~~

20. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement pursuant to the Stipulated Protective Order entered in this Action (ECF 100).

IT IS SO ORDERED.

DATED: March 31, 2025

_____
THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Wilmington February 7th 2025

VMware Securities Litigation
c/o Gilardi & CO ,LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

Sir,

We hereby ask you to permanently exclude us from the legal action VMware Securities Litigation.

Sincerely yours,

Gilbert DLUGY TTEE

Monique DLUGY TTEE

U/A DTD 01/16/2006 by Gilbert DLUGY et AL